# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | 4:26-md-03176-ALM<br>MDL 3176 |
| **ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas corporation,**<br><br>      **Plaintiffs,**<br><br>      **v.**<br><br>**AS DESIGNS, LLC, a North Carolina limited liability company, and MATTHEW S. KARLOVIC, an individual, and CALVIN OLSON, an individual, and JOHN DOE, an individual using the alias "s3igu2" and/or "Seagoo Threetwo,"**<br><br>      **Defendants.** | Civil Action No. 4:26-cv-00370-ALM<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

## I.      INTRODUCTION

Rare Breed[1] seeks leave to conduct limited, expedited discovery before a preliminary injunction hearing.  Good cause exists to allow this discovery.  Rare Breed's proposed discovery will aid the parties and the Court by developing the record on key issues raised in Rare Breed's pending Motion for Preliminary Injunction.  Rare Breed's requested discovery is narrowly tailored to critical preliminary injunction issues.  Because the discovery is limited to issues on which the parties will present briefing and evidence to the Court, any added burden on Defendants to comply is minimal.

Rare Breed seeks to serve narrowly tailored interrogatories and requests for production (attached as Exhibits 1 and 2) on Defendants and conduct depositions of Matthew Karlovic and an AS Designs, LLC 30(b)(6) representative.  Rare Breed requests that the Court order this discovery on an expedited basis: Defendants should respond to interrogatories and requests for production (including full production of requested documents) within 20 days, and the requested depositions should occur within 30 days.  Defendants do not oppose Plaintiffs' request for limited, expedited discovery, provided Defendants are given leave to conduct reciprocal expedited discovery.

## II.     STATEMENT OF FACTS

The relevant factual background of this case is set forth in detail in Rare Breed's Motion for Preliminary Injunction.  Rare Breed therefore limits its statement of facts to those relevant only to its Motion for Expedited Discovery.

Rare Breed filed this Motion the same day as its Motion for Preliminary Injunction.  Rare Breed filed both motions on April 24, 2026, one month after its March 24, 2026 Motion for Leave

---

[1] This Motion refers to Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc. collectively as "Rare Breed."

to Amend the Complaint, Dkt. 20,[2] and shortly after this case was transferred to this Court for consolidated pretrial proceedings, *In re: Rare Breed Triggers Pat. Litig.*, MDL No. 3176, Dkt. 56 (J.P.M.L. Apr. 13, 2026).

## III.    ARGUMENT

### A.    Legal Standard

Discovery ordinarily cannot begin before the parties confer under Rule 26(f).  Fed. R. Civ. P. 26(d).  But a court may, in its discretion, permit discovery before the Rule 26(f) conference.  *Id.*

Courts in this District apply a "good cause" standard, examining the request "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances."[3]  *OrthoAccel Techs, Inc. v. Propel Orthodontics*, No. 16-cv-350, 2016 WL 3747222, at *2 (E.D. Tex. July 13, 2016).  This "good cause" test considers five factors: (1) whether a motion for preliminary injunction is pending, (2) breadth of the requested discovery, (3) purpose for requested expedited discovery, (4) the burden on the defendant to comply with the requested discovery, and (5) how far in advance of the typical discovery process the request is made.  *St. Louis Grp. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 n.4 (S.D. Tex. 2011).

---

[2] Before this case was transferred to this Court, Plaintiffs filed a Motion for Leave to Amend Complaint, Dkt. 20, requesting leave to file a Second Amended Complaint and assert the '159 and '538 patents.  This motion was mooted by the transfer to this Court.  *See* L.R. CV-7(j).  Plaintiffs have filed a Motion to Re-Urge their Motion for Leave to Amend Complaint, requesting that the Court render a decision on the Motion for Leave to Amend Complaint.  Dkt. 24.

[3] An MDL transferee court decides questions of federal law using the law of the circuit in which the transferee court sits rather than the law of the transferor court's circuit.  *In re Whole Foods Mkt., Inc., Greek Yogurt Mktg. & Sales Pracs. Litig.*, No. 14-MC-2588, 2015 WL 5737692, at *3 (W.D. Tex. Sep. 30, 2015) (citing *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993); *In re Korean Air Lines Disaster*, 829 F.2d 1171, 1175 (D.C. Cir. 1987); *In re Temporomandibular Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996)).

**B.    Rare Breed Establishes Good Cause for Expedited Discovery.**

**1.    Factor 1: Rare Breed's Pending Preliminary Injunction Motion Supports Granting Expedited Discovery.**

Factor 1 supports a determination of good cause because Rare Breed has a currently-pending Motion for Preliminary Injunction.  This factor (the pending nature of a preliminary injunction) supports good cause when a preliminary injunction is at issue.  *See, e.g., OrthoAccel*, 2016 WL 3747222, at *4 (finding factor weighed towards expedited discovery when preliminary injunction was pending); *see also N. Am. Deer Registry, Inc. v. DNA Sols., Inc.*, No. 17-cv-62, 2017 WL 1426753, at *2 (E.D. Tex. Apr. 21, 2017) ("[E]xpedited discovery is appropriate in cases involving preliminary injunctions.").

Here, Rare Breed filed this Motion on the same day that it filed its Motion for a Preliminary Injunction.  *See* Dkt. 28.  Rare Breed's Motion is reasonably timed so that the parties can conduct discovery before any hearing on the Motion for a Preliminary Injunction.  Targeted discovery will inform the parties and the Court as to the propriety and scope of a preliminary injunction. Accordingly, this factor supports good cause supporting expedited discovery.

**2.    Factors 2 and 4: Rare Breed's Requested Discovery Is Narrowly Tailored to Issues Relevant to Its Preliminary Injunction Motion and Does Not Impose an Undue Burden.**

Factors 2 and 4 support good cause because Rare Breed only requests discovery on key issues raised in its Motion for Preliminary Injunction.  Rare Breed addresses factors 2 (breadth of requested discovery) and 4 (burden on the defendant to comply) together because the analysis overlaps.  *Cf. OrthoAccel*, 2016 WL 3747222, at *4 (considering factors 2 and 4 together).  Factor 2 considers whether the requested discovery is narrowly tailored in scope.  *Id.*  Factor 4 weighs in favor of granting expedited discovery where the requested discovery is properly scoped and the relevant information is within the defendant's control.  *See Amos v. Taylor*, No. 20-cv-7,

3

2020 WL 618824, at *7 (N.D. Miss. Feb. 10, 2020) (explaining the burden on the party complying with discovery was "minimal" where the requested discovery was "narrow" and "all documents are in the [party's] possession"). Rare Breed's requests are narrowly tailored to issues relevant to its pending Motion for Preliminary Injunction, and the requested discovery does not pose an undue burden because the requested information is within Defendants' possession.

Rare Breed requests information relevant to irreparable harm. To succeed on its Motion for Preliminary Injunction, Rare Breed must show it is likely to suffer irreparable harm absent preliminary relief. *Natera, Inc. v. NeoGenomics Lab'ys, Inc.*, 106 F.4th 1369, 1375 (Fed. Cir. 2024). As detailed in Rare Breed's Motion for Preliminary Injunction, Defendants' ability to satisfy an eventual damages award is an important consideration in the irreparable harm analysis. Mot. for Prelim. Inj. at 13 (citing *Aspen Tech., Inc. v. M3 Tech., Inc.*, 569 F. App'x 259, 273 (5th Cir. 2014)). Rare Breed requests targeted discovery related to Defendants' assets and financial position, including information regarding AS Designs, LLC's sales of infringing products, planned product releases, sales data, and market share projections. This discovery is narrowly tailored to the irreparable injury Rare Breed will suffer absent a preliminary injunction and will aid the Cout in addressing critical factual questions. This discovery is also not unduly burdensome because Defendants are familiar with the relevant commercial activities and corporate information.

Rare Breed also seeks non-privileged information relevant to Defendants' communications with third parties regarding the accused products and related litigation, as well as information regarding the identity of Defendant John Doe. This information is relevant to the proper scope of a preliminary injunction under Rule 65(d)(2)(C). Fed. R. Civ. P. 65(d)(2) (preliminary injunction binds "the parties," their "officers, agents, servants, employees, and attorneys," and "other persons

who are in active concert or participation with" the parties and their officers, agents, servants, employees, and attorneys).

Exhibits 1 and 2 detail Rare Breed's requested written discovery.  This discovery includes 3 interrogatories and 5 requests for production.  For each request, Appendix B lists the preliminary injunction factor to which the requested discovery is relevant.  Appendix A details Rare Breed's requested depositions, their proposed scope, and topics to be covered.  Because each discovery request is targeted to a key factor in the preliminary injunction analysis, factors 2 and 4 weigh in favor of good cause for expedited discovery.

### 3. Factor 3: Rare Breed Seeks Discovery for a Proper Purpose

Factor 3 supports good cause because developing the relevant factual record will aid the parties in arguing and the Court and adjudicating preliminary injunction issues.  Factor 3 (purpose of the requested discovery) weighs in favor of granting expedited discovery when the requested discovery is sought for a proper purpose and seeks information within the defendant's exclusive control.  *See OrthoAccel*, 2016 WL 3747222, at *5 (noting factor 3 might weigh in favor of expedited discovery where the requested information is "exclusively within Defendants' knowledge").

Here, as detailed above, the requested discovery is tailored to the issues raised in Plaintiffs' Preliminary Injunction Motion and is sought for the proper purpose of assisting the Court and the parties in clarifying factual issues for resolution.  *Tracfone Wireless, Inc. v. King Trading, Inc.*, No. 8-cv-398, 2008 WL 918243, at *1 (N.D. Tex. Mar. 13, 2008) (granting expedited discovery "to enable plaintiff to determine the nature and extent of defendants' alleged [conduct] so it can decide whether to seek preliminary injunctive relief").  The requested information, including sales and market share data and Defendants' relationship with Hoffman Tactical, is not publicly available.

      **4.**      **Factor 5: The Timing of the Request for Expedited Discovery is Appropriate.**

As to factor 5 (timing), the timing of Rare Breed's requested discovery aligns with other cases in which courts have granted expedited discovery with a pending preliminary injunction motion. *E.g.*, *N. Am. Deer Registry Inc. v. DNA Sols, Inc.*, 4:17-CV-00062, 2017 WL 2402579, at *9 (E.D. Tex. June 2, 2017) (holding expedited discovery was proper when requested the same day as a motion for preliminary injunction shortly after case was initiated). Here, Rare Breed requests discovery the same day it files its Motion for Preliminary Injunction and shortly after proceedings began in this Court. Dkt. 23 (transferring case on April 13, 2026), Dkt. 28 (motion for preliminary injunction). In light of the pending nature of the Motion for Preliminary Injunction, the requested discovery is appropriately timed to allow the parties time to conduct the relevant discovery before a hearing on the Motion for Preliminary Injunction.

## IV.    CONCLUSION

For the above reasons, Rare Breed asks the Court to grant its motion for limited, expedited discovery to support its Motion for Preliminary Injunction.

DATED: April 27, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
        bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy (pro hac vice forthcoming)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

7

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the Plaintiffs met and conferred with counsel for Defendants telephonically on April 22, 2026 and via email on April 24, 2026.  The parties discussed their positions on this motion.  Counsel for Defendants indicated that they do not oppose this motion, provided Defendants are granted leave to conduct reciprocal expedited discovery.

*/s/ Matthew A. Colvin*
Matthew A. Colvin

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 27, 2026 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*
Matthew A. Colvin

8