**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | Case #4:26-md-03176-ALM<br>MDL #3176 |
| **ABC IP, LLC,** *et al.***,**<br><br>        Plaintiffs,<br>v.<br><br>**AS DESIGNS, LLC,** *et al.***,**<br><br>        Defendants. | Civil Action #4:26-CV-00370-ALM |

**DEFENDANTS' MOTION FOR SCHEDULING ORDER ON
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Defendants AS Designs, LLC, Matthew S. Karlovic and Calvin Olson respectfully move

for entry of a scheduling order governing briefing and hearing on Plaintiffs ABC IP, LLC and Rare

Breed Triggers, Inc.'s Motion for Preliminary Injunction. Defendants request that the Court vacate

the default Local Rule briefing deadlines and enter the following schedule:

| Event | Proposed Deadline |
|---|---|
| Defendants' Opposition To Plaintiffs' Motion For Preliminary Injunction | July 27, 2026 |
| Plaintiffs' Reply In Support Of Motion For Preliminary Injunction | August 6, 2026 |
| Defendants' Sur-Reply | August 17, 2026 |
| Hearing Date (if the Court determines a hearing is necessary) | After August 17, 2026 |

Good cause supports the requested schedule. Plaintiffs seek extraordinary preliminary

injunctive relief in a multi-patent case involving four (4) asserted patents, two (2) accused

products, approximately twenty-six (26) asserted claims, disputed infringement and noninfringement issues, validity and unenforceability defenses, disputed inventorship of U.S. Patent #12,529,538, expert declarations, expedited written discovery, multiple depositions, and issues concerning (a) likelihood of success, (b) irreparable harm, (c) balance of equities, (d) public interest, and (e) bond. The existing default schedule would require Defendants to oppose Plaintiffs' preliminary-injunction motion by May 11, 2026—only fourteen days after filing—despite Plaintiffs' simultaneous request for expedited discovery from Defendants and despite Defendants' need for reciprocal discovery.

The requested schedule is reasonable, proportional, and consistent with this Court's Local Rules and Patent Rules. Local Rule CV-7(e) permits a party to move for an order lengthening or shortening the response period. Local Rule CV-7(f) permits reply and sur-reply briefing unless otherwise directed by the presiding judge. Local Rule CV-7(g) leaves oral hearings to the Court's discretion. The Eastern District of Texas Patent Rules further recognize that patent disputes require a structured exchange of infringement, invalidity, claim-construction, and expert-related information. Patent Rule 1-2 expressly permits the Court to accelerate, extend, eliminate, or modify Patent Rule obligations and deadlines based on the circumstances of a particular case, including "the complexity of the case or the number of patents, claims, products, or parties involved." (P.R. 1-2).

Plaintiffs waited nearly five months after filing suit against AS Designs before moving for a preliminary injunction. Plaintiffs therefore cannot credibly claim that a short, orderly schedule allowing Defendants to take discovery, retain experts, and present a meaningful opposition will cause unfair prejudice. Defendants respectfully request that the Court enter the proposed schedule.

## I.    BACKGROUND

Plaintiffs filed this action against AS Designs in the Middle District of North Carolina on December 30, 2025. (Dkt. #1). The case was later transferred to this MDL proceeding in the Eastern District of Texas. (Dkt. #'s 21-23).

Plaintiffs' operative pleadings and proposed amended pleadings assert U.S. Patent Nos. 12,038,247, 12,031,784, 12,529,538, and 12,578,159[1]. (Dkt. #'s 4 and 24). Plaintiffs accuse two primary AS Designs products—the Super Safety and ARC-Fire—as well as related lower receivers, slip-trip components, kits, and parts. (Id). Plaintiffs' current operative Complaint asserts the '247 and '784 Patents. (Dkt. #4). Before transfer, Plaintiffs moved for leave to amend to add the '538 and '159 Patents, and after transfer Plaintiffs re-urged that request. (Dkt. #'s 20 and 24).

On April 27, 2026, Plaintiffs filed their Motion for Preliminary Injunction. (Dkt. #28). The motion seeks to enjoin AS Designs and the individual defendants from making, using, selling, offering for sale, importing, advertising, promoting, distributing, or otherwise commercializing the accused products. (Id., at p. 15). Plaintiffs' motion places at issue all four preliminary-injunction factors: likelihood of success on the merits, irreparable harm, balance of equities, and public interest.

Plaintiffs also filed a Motion for Expedited Discovery. (Dkt. #30). Plaintiffs seek written discovery and document production from Defendants within twenty days and depositions of AS Designs and Matthew Karlovic within thirty days. (Plaintiff's Motion for Expedited Discovery, Dkt. #30, Exhibits 1 and 2). Plaintiffs' proposed expedited discovery includes sales, revenue,

---

[1] U.S. Patent Nos. 12,529,538 and 12,578,159 are the subject of the proposed Second Amended Complaint (Dkt. #24), which is not a part of the case yet.

pricing, inventory, forecasts, financial condition, third-party communications, and communications with Hoffman Tactical. (*Id*).

Defendants did not oppose Plaintiffs' request for reasonable, limited expedited discovery provided Defendants received reciprocal expedited discovery necessary to oppose Plaintiffs' Motion for Preliminary Injunction, which Plaintiffs agreed to. Defendants intend to oppose the Motion for Preliminary Injunction based on, among other things, noninfringement and invalidity of the asserted patents. Defendants further contend that U.S. Patent #12,529,538 is invalid and/or unenforceable because Timothy Hoffman, not Cameron Smith, is the true inventor of the claimed subject matter. Defendants will need discovery from Plaintiffs and potentially third parties, including Hoffman Tactical/Tim Hoffman and DOJ/ATF-related discovery since Plaintiffs relied on government communications, settlement obligations, and public-interest assertions.

Absent a scheduling order, Defendants' opposition would be due May 11, 2026, fourteen days after Plaintiffs filed their Motion for Preliminary Injunction. Plaintiffs' reply would be due May 18, 2026. Those dates precede the requested production deadline for Defendants' documents to Plaintiffs and the requested deposition deadline for Plaintiffs' depositions of AS Designs and Mr. Karlovic. They also provide no meaningful opportunity for Defendants to obtain reciprocal discovery, retain and prepare experts, or develop the factual record necessary to oppose the requested injunction.

## II.    LEGAL STANDARD

A court has broad authority to manage its docket and enter scheduling orders. Fed. R. Civ. P. 16(b), 16(c). Rule 16 permits the Court to control and schedule discovery, identify witnesses and documents, set dates for briefing and hearings, adopt special procedures for complex cases, and facilitate the just, speedy, and inexpensive disposition of the action. Fed. R. Civ. P. 16(c)(2).

Rule 6(b) further permits the Court, for good cause, to extend time before the original time expires. Fed. R. Civ. P. 6(b)(1)(A).

Local Rule CV-7(e) provides that a party opposing a motion generally has fourteen days to respond, but further states that "(a)ny party may separately move for an order of this court lengthening or shortening the response period." Local Rule CV-7(f) permits reply and sur-reply briefing unless otherwise directed by the presiding judge, and Local Rule CV-7(g) leaves oral hearings within the Court's discretion.

The Eastern District of Texas Patent Rules independently support a case-specific schedule. Patent Rule 1-2 provides that the Court "may accelerate, extend, eliminate, or modify the obligations or deadlines set forth in these Patent Rules based on the circumstances of any particular case, including, without limitation, the complexity of the case or the number of patents, claims, products, or parties involved." P.R. 1-2. Patent Rule 1-2 further provides that, if a motion filed before claim construction raises claim-construction issues, the Court may, for good cause shown, defer the motion until after completion of the disclosures, filings, or ruling following the claim-construction hearing. (Id).

Preliminary injunctive relief is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). In a patent case, a patentee seeking a preliminary injunction must show that it is likely to prove infringement and that its infringement claim will likely withstand challenges to validity and enforceability. *Natera, Inc. v. NeoGenomics Lab'ys, Inc.*, 106 F.4th 1369, 1375 (Fed. Cir. 2024); *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1377–79 (Fed. Cir. 2009). A preliminary injunction should not issue if the accused infringer raises a substantial question concerning validity or enforceability. *Titan Tire*, 566 F.3d at 1377–79.

A movant's delay in seeking preliminary injunctive relief is also relevant to urgency and irreparable harm. *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995) ("Absent a good explanation, not offered or found here, 17 months is a substantial period of delay that militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief."). Although delay is not always dispositive, it is an equitable consideration that undercuts claims of urgency and supports an orderly schedule.

III.    **ARGUMENT**

   A.    **The Existing Default Schedule Is Inadequate For A Four-Patent Preliminary-Injunction Motion.**

The current default briefing schedule would require Defendants to oppose Plaintiffs' Motion for Preliminary Injunction by May 11, 2026—fourteen days after filing. That schedule is not reasonable for the relief Plaintiffs seek or the issues Plaintiffs have placed before the Court.

Plaintiffs' Motion for Preliminary Injunction is not a narrow motion involving one patent, one accused product, one asserted claim, and a limited factual record. Plaintiffs rely on four patents: the '247 Patent, the '784 Patent, the '538 Patent, and the '159 Patent. Two of those patents—the '538 and '159 Patents—were not part of the operative complaint when Plaintiffs moved to amend before transfer and re-urged their motion after transfer. Plaintiffs accuse at least two different AS Designs products, the Super Safety and the ARC-Fire, plus related lower receivers, slip-trip components, kits, and parts. Plaintiffs assert approximately twenty-six patent claims.

The requested injunction will require Defendants to address claim scope, noninfringement, invalidity, enforceability, inventorship, induced infringement, contributory infringement, irreparable harm, causal nexus, market definition, alleged lost sales, alleged price erosion, alleged

reputational harm, alleged loss of goodwill, alleged encouragement of other infringers, balance of equities, public interest, and bond. Plaintiffs also rely on expert evidence concerning technical infringement and alleged commercial or damages-related issues. Defendants will need technical and damages or commercial experts of their own to respond meaningfully. A fourteen-day opposition deadline does not provide a fair opportunity to develop that record in this case.

**B.      The Eastern District's Patent Rules Confirm That Defendants Need More Than Fourteen Days.**

The Eastern District of Texas Patent Rules recognize that patent cases require structured, staged disclosures. Patent Rule 3-1 requires detailed infringement contentions identifying each asserted claim, each accused instrumentality, where each claim element is allegedly found in each accused instrumentality, whether each element is alleged literally or under the doctrine of equivalents, the priority date for each asserted claim, and any product the patentee contends practices the asserted claims. (P.R. 3-1).

Patent Rule 3-3 then gives the accused infringer forty-five (45) days after service of infringement contentions to serve invalidity contentions. Those contentions must identify prior art, whether each prior-art reference anticipates or renders obvious each asserted claim, specific prior-art combinations and motivations to combine, claim charts identifying where each element is found, and any grounds based on indefiniteness, enablement, or written description. (P.R. 3-3).

This case is more complex than the ordinary patent case contemplated by those baseline rules. Plaintiffs' preliminary-injunction motion involves four patents, two principal accused devices, related components, and approximately twenty-six asserted claims. Defendants' invalidity and unenforceability defenses include not only conventional prior-art invalidity, but also inventorship and derivation issues concerning the '538 Patent. Those issues require discovery into conception, reduction to practice, communications with or about Hoffman Tactical, the

relationship between the Hoffman Tactical Super Safety and the '538 Patent, and the basis for naming Cameron Smith rather than Timothy Hoffman as inventor.

The Patent Rules also expressly account for this kind of complexity. Patent Rule 1-2 authorizes the Court to modify deadlines based on the complexity of the case and the number of patents, claims, products, or parties. The requested schedule is consistent with that rule. Defendants are not seeking to delay this case indefinitely. They seek an orderly schedule that gives them until July 27, 2026 to oppose extraordinary injunctive relief in a case that substantially exceeds the complexity of the ordinary patent dispute.

## C.   Defendants Need Reciprocal Expedited Discovery Before Opposing The Injunction.

Plaintiffs cannot seek expedited discovery for their preliminary-injunction motion while requiring Defendants to oppose the injunction before obtaining reciprocal discovery.

Plaintiffs moved for expedited discovery seeking document production within twenty days and depositions within thirty days. Plaintiffs' expedited discovery seeks, among other things, sales, revenue, pricing, inventory, forecasts, financial condition, commercial relationships, third-party communications, communications with Hoffman Tactical, and deposition testimony from AS Designs and Matthew Karlovic.

Defendants are entitled to discovery on the same preliminary-injunction issues. Defendants need discovery concerning Plaintiffs' infringement analyses, claim charts, testing, renderings, technical evidence, claim-construction positions, conception and reduction-to-practice evidence, inventorship of the '538 Patent, communications with or concerning Hoffman Tactical and/or Timothy Hoffman, prior art, prosecution, validity, enforceability, alleged irreparable harm, alleged lost market share, alleged price erosion, alleged reputational harm, alleged goodwill harm,

8

licenses, settlements, enforcement history, DOJ/ATF communications, public-interest assertions, and bond.

Courts in this District apply a good-cause standard to expedited discovery requests. *OrthoAccel Techs., Inc. v. Propel Orthodontics*, 2016 WL 3747222, at *2 (E.D. Tex. July 13, 2016). Relevant factors include whether a preliminary-injunction motion is pending, the breadth of the requested discovery, the purpose for the discovery, the burden of compliance, and how far in advance of ordinary discovery the request is made. *Id.*; *St. Louis Grp. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 n.4 (S.D. Tex. 2011). Plaintiffs themselves rely on those principles in seeking expedited discovery. The same principles support a schedule giving Defendants a meaningful opportunity to obtain reciprocal discovery and use it in their opposition.

Without the requested schedule, the PI briefing would close before Defendants could receive documents, take depositions, consult experts, or prepare evidence responding to Plaintiffs' claims. That would create a one-sided record and prejudice Defendants' ability to oppose the injunction.

### D.      Defendants Need Expert Evidence To Respond To Plaintiffs' Expert-Supported Motion.

Plaintiffs support their Motion for Preliminary Injunction with expert evidence. Plaintiffs' technical expert addresses infringement and claim limitations. Plaintiffs also rely on evidence concerning alleged economic harm, market harm, price erosion, reputational harm, and Defendants' alleged inability to satisfy a judgment.

Defendants must be permitted a fair opportunity to respond with expert evidence. Technical expert analysis is necessary to address noninfringement of the Super Safety and ARC-Fire, including Defendants' position that no asserted patent is infringed except that Defendants' defenses as to the '538 Patent differ between the Super Safety and ARC-Fire. Defendants contend

9

that the ARC-Fire does not infringe the '538 Patent and that the Super Safety presents separate issues concerning invalidity and/or unenforceability based on incorrect inventorship.

Defendants also need expert or commercial analysis to respond to Plaintiffs' alleged irreparable harm. Plaintiffs allege lost market share, competitive displacement, loss of technical lead time, price erosion, reputational harm, loss of goodwill, encouragement of other infringers, and inability to collect money damages. Those issues require sales data, market data, pricing information, license and settlement history, enforcement history, financial information, and expert review. Defendants cannot meaningfully address these issues in fourteen days.

### E.    The '538 Patent Inventorship Issue Requires Discovery.

The '538 Patent presents a distinct and fact-intensive issue. Defendants contend that the '538 Patent is invalid and/or unenforceable because the true inventor of the claimed subject matter is Timothy Hoffman, not Cameron Smith. Inventorship is a question of law based on underlying facts, and incorrect inventorship can render a patent invalid unless corrected under 35 U.S.C. § 256. *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1349–51 (Fed. Cir. 1998); *see also Vanderbilt Univ. v. ICOS Corp.*, 601 F.3d 1297, 1302–03 (Fed. Cir. 2010).

That defense cannot be developed without discovery. Defendants need documents and testimony concerning conception, reduction to practice, collaboration, public disclosures, communications with or about Hoffman Tactical, the Hoffman Tactical Super Safety design files, Plaintiffs' knowledge of those files, communications between Plaintiffs and Hoffman Tactical, and Plaintiffs' basis for naming Cameron Smith rather than Timothy Hoffman as inventor. Defendants also may need third-party discovery from Hoffman Tactical and Timothy Hoffman.

Because the '538 Patent is part of Plaintiffs' requested preliminary injunction, Defendants must be allowed to develop this issue before their opposition is due.

**F.      Plaintiffs' Delay Supports An Orderly Schedule And Undermines Any Claim Of Prejudice.**

Plaintiffs filed suit against AS Designs on December 30, 2025. (Dkt. #1). Plaintiffs did not file their Motion for Preliminary Injunction until April 27, 2026—nearly five months later. (Dkt. #28). During that period, Plaintiffs did not seek emergency relief, did not request an immediate preliminary-injunction hearing, and did not otherwise proceed as if a fourteen-day opposition schedule was necessary to avoid imminent harm.

Delay does not automatically defeat a preliminary-injunction motion in every case, but delay is relevant to urgency and irreparable harm. *High Tech Med. Instrumentation*, 49 F.3d at 1557. Plaintiffs' delay weighs strongly against any argument that Defendants must oppose a four-patent, expert-supported preliminary-injunction motion on a two-week schedule without reciprocal discovery.

The requested schedule does not prejudice Plaintiffs. Plaintiffs chose when to file their motion. Plaintiffs waited nearly five months after suing AS Designs to seek a preliminary injunction. A schedule allowing Defendants until July 27, 2026 to oppose the motion is reasonable given the case's complexity, Plaintiffs' requested expedited discovery, Defendants' need for reciprocal discovery, and the expert issues presented.

**G.      The Requested Sur-Reply And Hearing Schedule Are Appropriate.**

Defendants request a sur-reply because Plaintiffs' reply is likely to include new evidence and expert responses after Defendants submit their opposition. Local Rule CV-7(f) contemplates sur-reply briefing unless otherwise directed by the Court. Given the complexity of the motion, the number of asserted patents and claims, and the likelihood of expert reply evidence, a sur-reply will assist the Court and avoid prejudice.

Defendants also request that any hearing occur after completion of briefing and after August 17, 2026, or as soon thereafter as the Court's calendar permits. A hearing before completion of briefing would not allow the Court or the parties to address the full record. A hearing after briefing will permit the Court to consider the parties' evidence, expert submissions, discovery record, and any issues concerning claim scope, infringement, invalidity, inventorship, irreparable harm, public interest, and bond.

## IV.    **PROPOSED SCHEDULE**

Defendants respectfully request the following schedule:

| Event | Current/Default Date | Proposed Date |
|---|---|---|
| Defendants' Opposition To Motion For Preliminary Injunction | May 11 | July 27 |
| Plaintiffs' Reply in Support of Motion For Preliminary Injunction | May 18 | August 6 |
| Defendants' Sur-Reply | Not currently set | August 17 |
| Hearing, If Any | Not currently set | After August 17 |

The requested schedule is tailored to allow the parties to complete expedited discovery, allow Defendants to obtain reciprocal discovery, permit expert analysis, and provide the Court a complete record before ruling on Plaintiffs' extraordinary request for preliminary injunctive relief.

### **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and enter a scheduling order setting the following deadlines:

1. Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction due July 27, 2026;

2. Plaintiffs' Reply due August 6, 2026;

3. Defendants' Sur-Reply due August 17, 2026; and

4. Any hearing on Plaintiffs' Motion for Preliminary Injunction to occur after August 17, 2026, or as soon thereafter as the Court's calendar permits.

DATED: May 6, 2026                 Respectfully submitted,

*/s/ John M. Skeriotis*
John M. Skeriotis
Ohio Bar No. 0069263
Sergey Vernyuk
Ohio Bar No. 0089101
**EMERSON, THOMSON & BENNETT, LLC**
1914 Akron-Peninsula Road
Akron, Ohio 44313
Tel: (330) 434-9999
Fax: (330) 434-8888
E-mail: jms@etblaw.com
         sv@etblaw.com

*Attorneys for Defendants*
*AS Designs, LLC, Matthew S. Karlovic, Calvin Olson*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 6, 2026, 2026, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.


*/s/ John M. Skeriotis*
Counsel for Defendants

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for Defendants conferred with counsel for Plaintiffs on May 5, 2026, by videoconference regarding the relief requested in this Motion. Plaintiffs oppose the requested relief.

The parties were unable to reach agreement. The parties' discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve. Defendants submit that a scheduling order is necessary because Plaintiffs seek extraordinary preliminary injunctive relief on a four-patent, two-product, expert-supported record while Defendants require reciprocal discovery, expert analysis, and a reasonable opportunity to oppose the requested injunction.


*/s/ John M. Skeriotis*
Counsel for Defendants