IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| In Re: Rare Breed Triggers Patent Litigation | 4:26-md-03176-ALM<br>MDL 3176 |
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>AS DESIGNS, LLC, a North Carolina limited liability company, and MATTHEW S. KARLOVIC, an individual, and CALVIN OLSON, an individual, and JOHN DOE, an individual using the alias "s3igu2" and/or "Seagoo Threetwo,"<br><br>    Defendants. | Civil Action No. 4:26-cv-00370-ALM<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SCHEDULING ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

**Page**

I.      BACKGROUND ............................................................................................................... 3

      A.      Rare Breed's Diligence in Bringing Its Preliminary Injunction
            Motion ...................................................................................................................... 3

      B.      Previous Preliminary Injunction Against the Super Safety ..................................... 4

II.     ARGUMENT ..................................................................................................................... 5

      A.      Rare Breed's Alternative Schedule Accommodates Expedited
            Discovery and Does Not Unduly Delay the Preliminary Injunction
            Proceedings. ............................................................................................................ 5

      B.      Defendants' Explanations Do Not Support Their Requested Delay ........................ 7

            1.      Rare Breed Acted Diligently ........................................................................... 7

            2.      Defendants Cannot Simultaneously Argue Rare Breed Waited Too Long
                and That Defendants Need More Time ............................................................ 8

      C.      Rare Breed Faces Substantial Prejudice From Defendants'
            Proposed Delay ...................................................................................................... 9

III.    CONCLUSION ............................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC IP, LLC, et al. v. Hoffman*,
  Case No. 1:25-cv-00389 (E.D. Tenn.) ..................................................................................4, 8, 9

*Aria Diagnostics, Inc. v. Sequenom, Inc.*,
  726 F.3d 1296 (Fed. Cir. 2013)............................................................................................10

*BlephEx, LLC v. Myco Indus., Inc.*,
  24 F.4th 1391 (Fed. Cir. 2022) .............................................................................................9

**Other Authorities**

Local Rule CV-7(e)..................................................................................................................5

Defendants ask this Court to delay briefing on ABC IP, LLC and Rare Breed Triggers, Inc.'s ("Rare Breed's") Motion for Preliminary Injunction by more than two months—from the default May 11 deadline to July 27—with a sur-reply pushing final submissions to August 17. Because no good cause exists for such a prolonged delay of a time-sensitive motion, the motion should be denied.

Rare Breed does not oppose a modest extension of the default briefing deadlines. But Defendants' proposed schedule is neither modest nor justified. Rare Breed's alternative schedule below provides Defendants twenty-three days to oppose, coordinates the opposition deadline with the Court's expedited discovery order, and allows for a reply, sur-reply, and hearing that can incorporate discovery. This schedule gives Defendants a fair opportunity to be heard while preserving the time-sensitivity of this motion.

| Event | Plaintiffs' Proposed Deadline |
|---|---|
| Deadline for Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction | May 20, 2026 |
| Deadline for Defendants' Document Production (already ordered) | May 21, 2026 |
| Deadline for Depositions (already ordered) | May 29, 2026 |
| Deadline for Plaintiffs' Reply Brief | June 12, 2026 |
| Deadline for Defendants' Sur-reply Brief | June 22, 2026 |
| Hearing | After June 22, 2026 |

Defendants' opposition to this schedule rests on two contradictory premises: that Rare Breed waited too long to seek injunctive relief, and that, despite having that time to formulate noninfringement theories, identify prior art, test invalidity theories, and retain experts, Defendants need far more time to respond to it.

1

Rare Breed did not delay. The interval between filing suit and moving for a preliminary injunction is fully accounted for by the pendency of the MDL transfer—a process that Rare Breed itself initiated, that the JPML endorsed as necessary to "eliminate duplicative discovery" and "prevent inconsistent pretrial rulings," (MDL 3176, Dkt. 44 at 1–2), and that Defendants did not oppose. (MDL 3176, Dkt. 56 at 2.) Within two weeks of this case arriving in this Court, Rare Breed moved for preliminary injunctive relief and expedited discovery.

Nor do Defendants lack the time they claim to need. Defendants have been on notice of Rare Breed's infringement claims since August 2025, when Rare Breed delivered its cease-and-desist letter. Defendants answered the Complaint and asserted their defenses—including the very invalidity and inventorship theories they now say require months to develop—on February 26, 2026. The period that Defendants call Rare Breed's "delay" was time equally available to Defendants to retain experts, investigate prior art, and prepare their defense. Worse still, Defendants could have known this motion was coming: Rare Breed previously succeeded in obtaining a preliminary injunction against the publisher of the Super Safety models and plans, Timothy Hoffman, who collaborated with AS Designs to produce the Super Safety devices accused in this case. And Rare Breed filed a Motion for Contempt against AS Designs for violating that injunction before withdrawing it to pursue an injunction directly against AS Designs. The Court should not reward Defendants' lack of diligence by granting Defendants a two-month extension at Rare Breed's expense.

Meanwhile, every day that passes without a ruling on Rare Breed's Motion is a day that AS Designs continues to sell infringing products, erode Rare Breed's market share, undercut its pricing, and damage its goodwill—harms that are irreparable by definition and that grow worse

with time. Defendants' proposed schedule would allow that harm to continue unchecked through the summer of 2026, undermining the effect of preliminary injunctive relief.

The Court should deny Defendants' Motion and enter Rare Breed's proposed schedule.

## I.      BACKGROUND

### A.      Rare Breed's Diligence in Bringing Its Preliminary Injunction Motion

Defendants have been aware of the nature of Rare Breed's claims long before Rare Breed moved for a preliminary injunction. Rare Breed first put AS Designs on notice of its infringement by delivering a cease-and-desist letter in August 2025. (Dkt. 28 ("P.I. Motion") at 5–6.) After AS Designs failed to cease its infringing activities, Rare Breed filed this action on December 30, 2025. (Dkt. 1.)

Rare Breed moved swiftly to bring this case before a single forum for efficient resolution. After defendants in related actions involving the same Super Safety devices at issue in this case moved the Judicial Panel on Multidistrict Litigation to consolidate their cases, (MDL 3176, Dkt. 1), Rare Breed sought consolidation of all related actions into the MDL. (MDL 3176, Dkt. 14.) This action was identified as a related action in the MDL just two weeks after the suit was filed. (MDL 3176, Dkt. 14-1 (filed Jan. 13, 2026).)

The JPML agreed with Rare Breed, granted transfer on April 2, 2026, (MDL 3176, Dkt. 44), and issued a Conditional Transfer Order for all related actions the following day. (MDL 3176, Dkt. 45.) Defendants did not oppose the conditional transfer, and this case was formally transferred into the MDL on April 13, 2026. (Dkt. 21.)

Rare Breed acted promptly following transfer. Within two weeks, on April 27, 2026, Rare Breed filed its Motion for Preliminary Injunction and an accompanying Motion for Expedited Discovery to ensure the Court would have a full evidentiary record on which to assess the need for injunctive relief. (Dkt. 28; Dkt. 30.) The Court granted Rare Breed's Motion for Expedited

3

Discovery on May 1, 2026, setting the expedited schedule that Defendants now seek to vacate. (Dkt. 31.)

B.    **Previous Preliminary Injunction Against the Super Safety**

This is not the first time Rare Breed has sought preliminary injunctive relief against the Super Safety product. In *ABC IP, LLC, et al. v. Hoffman*, Case No. 1:25-cv-00389 (E.D. Tenn.) ("Hoffman"), Rare Breed moved for—and obtained—a preliminary injunction against Timothy Hoffman and Hoffman Tactical LLC, whose publicly released design files form the basis for AS Designs' own Super Safety product. On January 9, 2026—ten days after Rare Breed initiated this action—Rare Breed moved for a temporary restraining order to halt Hoffman's infringing activity. The court granted that temporary restraining order on January 13, 2026, enjoining Hoffman Tactical from distributing infringing products and design files. (Hoffman, Dkt. 20.) After a three-day evidentiary hearing, the court then granted the preliminary injunction on February 11, largely adopting Plaintiffs' proposed findings of fact and conclusions of law. (Hoffman, Dkt. 45.)

AS Designs' connection to Hoffman Tactical is well documented: AS Designs' own website states that "[a]ll SS products are made following the Hoffman Tactical design and specs," the AS Designs Super Safety bears Hoffman Tactical's "HT" logo, and Hoffman personally assisted AS Designs in troubleshooting its products. (P.I. Motion at 6.) Indeed, Rare Breed previously filed a Motion for Contempt against AS Designs for violating that injunction before withdrawing it to pursue an injunction directly against AS Designs. (Hoffman, Dkt. 52.) Defendants have thus been on notice of Rare Breed's claims—not only from Rare Breed's cease-and-desist letter and this lawsuit, but from a federal court's entry of a preliminary injunction against the very design on which their products are based.

4

## II.     ARGUMENT

While Rare Breed acted quickly to bring its P.I. Motion, Defendants seek to draw out its resolution. Under Defendants' proposed schedule, Rare Breed won't know Defendants' theories for opposing the motion for months, forcing it to conduct its expedited discovery with blinders. And all the while, Defendants will continue to irreparably harm Rare Breed with their infringement.

### A.     Rare Breed's Alternative Schedule Accommodates Expedited Discovery and Does Not Unduly Delay the Preliminary Injunction Proceedings

Not being opposed to modest briefing extensions, Rare Breed proposed the following schedule to Defendants.

| Event | Plaintiffs' Proposed Deadline |
| --- | --- |
| Deadline for Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction | May 20, 2026 |
| Deadline for Defendants' Document Production (already ordered) | May 21, 2026 |
| Deadline for Depositions (already ordered) | May 29, 2026 |
| Deadline for Plaintiffs' Reply Brief | June 12, 2026 |
| Deadline for Defendants' Sur-reply Brief | June 22, 2026 |
| Hearing | After June 22, 2026 |

Under this schedule, Defendants would have twenty-three days from the filing of Plaintiffs' Motion for Preliminary Injunction—and nineteen days from the Court's May 1 Order granting expedited discovery—to file their opposition. That is nine days beyond the default fourteen-day response period under Local Rule CV-7(e), and a meaningful accommodation given the issues presented. It is also proportionate: Plaintiffs prepared their opening Motion for Preliminary Injunction—including expert declarations, detailed claim charts, and extensive evidentiary

5

exhibits—without the benefit of any discovery from Defendants. Defendants should not require months to respond to a record they have had since April 27.

The proposed schedule is also not merely a compromise—it affirmatively benefits both parties by coordinating the opposition deadline with the discovery schedule that Defendants did not oppose. (Dkt. 30 ("Defendants do not oppose Plaintiffs' request for limited, expedited discovery . . . .")) The Court granted that unopposed motion for expedited discovery on May 1, 2026, requiring Defendants to produce documents within twenty days and to make AS Designs and Matthew Karlovic available for deposition within thirty days. (Dkt. 31.) Under that timeline, Defendants' document production is due on May 21, and depositions must be completed by approximately May 31.

A May 20 opposition deadline ensures that Plaintiffs have the benefit of Defendants' stated theories, defenses, and legal positions *before* the close of expedited discovery. That sequencing is critical—and is fair. If Defendants intend to raise noninfringement, invalidity, inventorship, or unenforceability defenses—as they have signaled—Plaintiffs are entitled to explore those defenses through the discovery that Defendants did not oppose and that the Court has already authorized. A May 20 opposition gives Plaintiffs insight into the specific theories Defendants will press, allowing Plaintiffs to use the remaining discovery period—including depositions through the end of May— to test those theories and develop the evidentiary record for their Reply. Conversely, if the opposition is not due until July 27 as Defendants propose, the expedited discovery the Court ordered will have long since closed before Plaintiffs ever learn what defenses they need to address, rendering the discovery far less useful to both the parties and the Court.

### B.  Defendants' Explanations Do Not Support Their Requested Delay

Defendants' motion presents two main reasons for a stay: first, that Rare Breed delayed in bringing its preliminary injunction; second, that Defendants need more time to pursue discovery. The first argument is not true, and the second argument is irreconcilable with the first.

### 1.  Rare Breed Acted Diligently

Defendants' central premise—that Plaintiffs waited "nearly five months" before seeking a preliminary injunction—ignores what Plaintiffs were actually doing during that time and why. Defendants characterize the period between December 2025 and April 2026 as unexplained delay. It was nothing of the sort. During that entire period, the question of *where* this case would be litigated was actively before the Judicial Panel on Multidistrict Litigation.

Within two weeks of filing suit, Plaintiffs sought consolidation of all related actions— including this one—into the MDL, identifying this case as a related action. (Compare Dkt. 1 *with* MDL 3176, Dkt. 14-1 (filed Jan. 13, 2026).) The JPML agreed, finding that the cases "involve common questions of fact" and that centralization would "eliminate duplicative discovery, prevent inconsistent pretrial rulings—especially regarding claim construction, patent validity, and the appropriateness of injunctive relief—and conserve the resources of the parties, their counsel, and the judiciary." (MDL 3176, Dkt. 44 at 1–2.) The JPML issued the Conditional Transfer Order the following day. (MDL 3176, Dkt. 45.) AS Designs did not oppose the conditional transfer, and this case was formally transferred into the MDL on April 13, 2026. (Dkt. 21.) Two weeks later, on April 27, 2026, Plaintiffs filed their Motion for Preliminary Injunction and accompanying Motion for Expedited Discovery. (Dkt. 28; Dkt. 30.) Rather than showing delay, the record demonstrates Rare Breed's diligence.

### 2. Defendants Cannot Simultaneously Argue Rare Breed Waited Too Long and That Defendants Need More Time

Defendants' Motion rests on two arguments that cannot coexist. On one hand, Defendants fault Rare Breed for "wait[ing] nearly five months after filing suit" before moving for a preliminary injunction. (Dkt. 33 at 2, 11.) On the other hand, Defendants insist they need months of additional time to retain experts, investigate invalidity and inventorship defenses, take discovery, and develop the factual record necessary to oppose the injunction. (*Id.* at 6–10.) These positions are irreconcilable.

Defendants have been aware of the nature of Rare Breed's claims long before Rare Breed moved for a preliminary injunction. Rare Breed first put Defendants on notice of its infringement by delivering a cease-and-desist letter in August 2025. (P.I. Motion at 5.) Rare Breed filed suit on December 30, 2025. (Dkt. 1.) Defendants answered and asserted counterclaims on February 26, 2026. (Dkt. 17.) That answer affirmatively raised invalidity and unenforceability defenses that Defendants now say they need until late July to develop. (*Id.*, Affirmative Defenses ¶¶ 3–4.) In other words, Defendants identified their defenses months ago. The period that Defendants characterize as Plaintiffs' "delay" was time equally available to Defendants to retain experts, gather prior art, and investigate the inventorship of the '538 Patent.

And Defendants could have anticipated that Rare Breed would move for a preliminary injunction. Rare Breed previously obtained a temporary restraining order and preliminary injunction against Timothy Hoffman's Super Safety model. (Hoffman, Dkts. 20 & 45.) AS Designs manufactures the same Super Safety product based on Hoffman's model—its own website states that "[a]ll SS products are made following the Hoffman Tactical design and specs," the AS Designs Super Safety bears Hoffman Tactical's "HT" logo, and Hoffman personally assisted AS Designs in troubleshooting its products. (P.I. Motion at 5–6.) Having watched Rare Breed obtain injunctive

8

relief against the very design on which their products are based—and against the very individual with whom they were collaborating—Defendants had every reason to expect that they could be next. Indeed, Rare Breed initially sought to hold AS Designs in contempt under that preliminary injunction. (Hoffman, Dkt. 52.) Yet rather than use the months between the Hoffman injunction in February 2026 and Rare Breed's P.I. Motion in April 2026 to retain experts, investigate their defenses, and prepare to respond, Defendants waited. They now ask this Court to grant a further delay—until late July—to do the work they could and should have begun months ago. The Court should not reward that choice.

Defendants were served in January 2026, answered in February 2026, and have been on notice of the patents, accused products, and infringement theories for months. They knew since February that the publisher of one of the accused products had been enjoined from continuing to infringe. Defendants did not use that time to prepare, and they should not be rewarded for that choice by shifting the consequences of their own inaction onto Rare Breed and this Court's docket.

### C.    Rare Breed Faces Substantial Prejudice From Defendants' Proposed Delay

"Preliminary injunctions . . . serve to prevent ongoing trespasses during the pendency of an infringement case." *BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1404 (Fed. Cir. 2022). For all the reasons set out in the P.I. Motion, every day that Defendants continue to manufacture, sell, and distribute infringing products is a day that Rare Breed suffers harm that cannot be remedied by a later award of damages. Defendants' proposed schedule would ensure that this harm continues unchecked for at least two additional months.

AS Designs has not said it will stop selling the accused Super Safety, ARC-Fire, and related products. It has not offered to voluntarily cease sales pending resolution of the preliminary injunction motion. It has not proposed any interim measures to mitigate the harm to Rare Breed. Instead, Defendants ask this Court to delay briefing until mid-August 2026—nearly a full year

after Rare Breed's initial cease-and-desist letter and eight months after Rare Breed filed suit—while AS Designs continues to profit from the very conduct Rare Breed seeks to enjoin.

Rare Breed's Motion for Preliminary Injunction details the irreparable harm it is suffering, including lost market share, competitive displacement, price erosion, reputational harm, loss of goodwill, and the encouragement of other would-be infringers. (P.I. Motion at 10–14.) These are precisely the kinds of injuries that courts have long recognized as irreparable because they are difficult or impossible to quantify and cannot be fully remedied by monetary damages alone. *See Aria Diagnostics, Inc. v. Sequenom, Inc.*, 726 F.3d 1296, 1304 (Fed. Cir. 2013) ("Under [Federal Circuit] precedent, price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm.") (cleaned up).

These harms are not static—they accumulate. Every sale AS Designs makes to a customer who might otherwise have purchased a Rare Breed product is a customer relationship that may never be recovered. (P.I. Motion at 10–11.) Every day that competing products remain on the market at lower price points exerts downward pressure on Rare Breed's pricing. (P.I. Motion at 11–12.) Every week that the accused products are marketed alongside Rare Breed's patented products further erodes the market distinction that Rare Breed's patents are meant to protect. (P.I. Motion at 13.) And every month that passes without injunctive relief signals to other potential infringers that they, too, can enter the market with impunity. (P.I. Motion at 13.) Defendants' proposed schedule would allow all of this to continue for months after what the ordinary briefing schedule prescribes.

## III.    CONCLUSION

Because there is no good cause for Defendants' proposed schedule, because that schedule would perpetuate the ongoing harm to Rare Breed, and because Rare Breed has proposed a more

appropriate schedule, the Court should deny Defendants' motion and enter Rare Breed's proposed schedule instead.

DATED: May 11, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
        bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy (admitted *pro hac vice*)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

***Attorneys for Plaintiffs***
***ABC IP, LLC and Rare Breed Triggers, Inc.***

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 11, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*
Matthew A. Colvin