**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| In Re: Rare Breed Triggers Patent Litigation | Case #4:26-md-03176-ALM<br>MDL #3176 |
| RARE BREED TRIGGERS, INC., *et al.*, | |
| Plaintiffs,<br>v. | Civil Action #4:26-CV-00370-ALM |
| AS DESIGNS, LLC, *et al.*, | CHIEF JUDGE AMOS L. MAZZANT |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SCHEDULING ORDER ON
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Defendants AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson respectfully submit this Reply in support of their Motion for Scheduling Order on Plaintiffs' Motion for Preliminary Injunction (Dkt. #33). Plaintiffs' Opposition (Dkt. #34) confirms why a scheduling order is necessary. Plaintiffs ask the Court to force Defendants to answer an expert-heavy, four-patent, twenty-six-claim preliminary-injunction motion on a compressed schedule while Plaintiffs simultaneously seek broad expedited discovery and while two of the four patents are not even in the operative case.

Plaintiffs' Opposition rests on a materially incomplete timeline and an overstatement of what Defendants supposedly knew. Plaintiffs knew about AS Designs months before they sued, waited more than four months after their August 2025 cease-and-desist letter to file this action, then waited nearly another four months before moving for a preliminary injunction. During that same period, Plaintiffs moved for preliminary relief against other defendants, attempted to use

contempt proceedings against AS Designs in the *Hoffman* case, and withdrew that effort only after AS Designs served a Rule 11 safe-harbor motion. Plaintiffs' selective urgency does not justify denying Defendants a fair opportunity to obtain discovery, retain experts, and adequately respond.

Nor can Plaintiffs fairly claim that Defendants have long been aware of the full scope of the claims now pressed in the preliminary injunction motion (Dkt. #28). Plaintiffs' August 2025 letter identified only U.S. Patent No. 12,038,247 (the "'247 Patent"). (August 9, 2025 Letter from G. Bellamy to M. Karlovic ("the Cease-and-Desist Letter"), Dkt. #28-6). In fact, the Cease-and-Desist Letter could not have put Defendants on notice of U.S. Patent Nos. 12,529,538 (the "'538 Patent") or 12,578,159 (the "'159 Patent"), which did not issue until January 20, 2026 and March 17, 2026, respectively, and which are not part of the operative complaint. Plaintiffs' effort to treat proposed, unentered patent claims as if they have been in the case all along is wrong as a matter of procedure and misleading as a matter of fact.

Defendants seek a modest Scheduling Order given the numerous issues in the Motion for Preliminary Injunction.  Truth be told, Defendants probably should have sought more time than the amount they are seeking.

## ARGUMENT

### A.    **Plaintiffs' Delay And Selective Urgency Support, Rather Than Defeat, Defendants' Requested Schedule.**

Plaintiffs accuse Defendants of trying to delay, but Plaintiffs' own chronology tells the opposite story. If immediate injunctive relief against AS Designs were **truly urgent**, Plaintiffs could have sought it when they sent the August 2025 letter, when they filed suit on December 30, 2025, when they moved for emergency relief against Hoffman in January 2026, or when they moved for preliminary-injunction relief against Peak Tactical in January 2026. They did not. Plaintiffs instead waited until April 27, 2026 to file their Preliminary Injunction motion against

AS Designs.

### CONDENSED TIMELINE OF PLAINTIFFS' DELAY AND SELECTIVE PRELIMINARY-INJUNCTION PRACTICE

Defendants include this timeline to highlight why Plaintiffs' claimed urgency does not justify a one-sided response schedule.

| Date | Event | Why it matters |
|---|---|---|
| **December 2024** | AS Designs began selling the Super Safety. | Plaintiffs cannot plausibly claim sudden urgency in April 2026. |
| **August 2025** | AS Designs began selling the ARC-Fire. | Plaintiffs knew of both accused product well before suing. |
| **Aug. 9, 2025** | Plaintiffs sent AS Designs a cease-and-desist letter headed only "Infringement of U.S. Patent No. 12,038,247." | The Cease-and-Desist Letter did not accuse infringement of the '784, '538, or '159 Patents. |
| **June 6 up to December 29, 2025** | Plaintiffs filed 10 overlapping lawsuits against numerous other defendants.[1] | Plaintiffs were prioritizing other defendants before AS Designs. |
| **Dec. 30, 2025** | Plaintiffs filed this action against AS Designs. | Plaintiffs waited almost five months after their Cease-and-Desist Letter to sue. |
| **Jan. 7, 2026** | Plaintiffs sought emergency relief against Hoffman. (Dkt. #29-19 at p. 4[2]). | Plaintiffs knew how to move immediately when they chose to. |
| **Jan. 16, 2026** | Plaintiffs sought preliminary-injunction relief against Peak Tactical. | Plaintiffs again pursued emergency relief elsewhere before AS Designs. |
| **Mar. 13/27, 2026** | AS Designs served a Rule 11 safe-harbor motion regarding Plaintiffs' contempt filing in Hoffman; Plaintiffs later withdrew the contempt filing. | Plaintiffs' AS Designs strategy changed only after Defendants challenged their contempt theory. |
| **Apr. 27, 2026** | Plaintiffs finally moved for a preliminary injunction against AS Designs. | Plaintiffs waited nearly five months after suit and almost nine months after their Cease-and-Desist letter to seek Preliminary Injunction relief here. |

---

[1] See Listing of Cases Filed by Plaintiffs, attached herein as Exhibit 1.

[2] Page citations to the record in this case are to the page numbers in the ECF header.

The above timeline matters. Plaintiffs' Opposition tries to reframe the relevant period as the short interval between MDL transfer and the Preliminary Injunction motion. But the prejudice and urgency analysis should not ignore what Plaintiffs knew and did before transfer. Plaintiffs had already launched a broad enforcement campaign, had sued numerous other defendants before suing AS Designs, and had sought Preliminary Injunction relief selectively in other cases. Plaintiffs' own MDL filing described a broad, evolving litigation landscape involving many overlapping actions, patents, products, and defendants. (Plaintiffs' Response to Defendants' Motion to Transfer for Coordination or Consolidation Under 28 U.S.C. § 1407 (Dkt. #14 at p. 19-22), attached herein as Exhibit 2). That is precisely why Defendants need an orderly schedule here.

Plaintiffs' selective emergency practice is also relevant. Plaintiffs knew how to move immediately when they wanted to: they pursued emergency relief against Hoffman (*see* Dkt. #29-19) and preliminary injunctive relief against Peak Tactical, *ABC IP, LLC v. Peak Tactical, LLC*, No. 26-CV-18-R, 2026 WL 713000 (D. Wyo. Feb. 13, 2026), before seeking such relief against AS Designs. Plaintiffs also attempted to enforce the Hoffman injunction against AS Designs through contempt rather than ordinary direct preliminary injunction practice; but AS Designs served a Rule 11 safe-harbor motion challenging that contempt theory, and Plaintiffs withdrew the filing. (AS Designs' Rule 11 Mot. for Sanctions, attached herein as Exhibit 3; Notice of Withdrawal of Pls.' Mot. for Order to Show Cause, attached herein as Exhibit 4). Plaintiffs then waited until April 27, 2026 to file this instant Motion. (Dkt. #28). That history is incompatible with Plaintiffs' claim that Defendants' requested schedule will cause unfair prejudice. *See High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995) (delay in seeking preliminary relief may demonstrate lack of apparent urgency).

4

B.    **Plaintiffs' Notice Argument Is Materially Incomplete And Misleading.**

Plaintiffs repeatedly suggest that Defendants have been aware of "the nature" of Rare Breed's claims long before the Preliminary Injunction Motion. That statement is, at best, materially incomplete. The Cease-and-Desist Letter was headed "Infringement of U.S. Patent No. 12,038,247." (*See* Dkt. #28-6 at p. 2). It demanded that AS Designs cease sales of products allegedly covered by or inducing infringement of the '247 Patent. (*Id.* at 3). It did not assert infringement of U.S. Patent No. 12,031,784 (the "'784 Patent"), the '538 Patent, or the '159 Patent.

That distinction is critical. Plaintiffs' Preliminary Injunction Motion relies on four patents, but two of them – the '538 and '159 Patents – are still not in the operative case. Plaintiffs' currently operative complaint asserts the '247 and '784 Patents. (Dkt. #4 at p. 1-2). Plaintiffs' proposed Second Amended Complaint seeks to add the '538 and '159 Patents, but that request remains pending. (Dkt. #20, #24).

The law is straightforward. After the time to amend as of right has passed, a pleading may be amended only with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). Proposed amended pleadings that have not been accepted by the Court are not operative pleadings. *See Wiggins v. Golden Corral Corp.*, 802 F. App'x 812, 814 n.1 (5th Cir. 2020) (identifying the operative complaint and noting that other proposed amended complaints were denied leave). Plaintiffs therefore cannot fault Defendants for not having already developed full invalidity, noninfringement, inventorship, and unenforceability positions on patents that Plaintiffs have not yet been permitted to add.

This is not a technicality. The '538 Patent is central to Defendants' inventorship and unenforceability defense: Defendants contend that *Timothy Hoffman*, not Cameron Smith, is the true inventor of the claimed subject matter. That defense requires discovery into conception,

reduction to practice, communications with or about Hoffman Tactical, design files, and Plaintiffs' prosecution and inventorship decisions. The '159 Patent also was not asserted in the operative pleading. Plaintiffs' Opposition does not address this problem. It simply assumes that two unentered U.S. patents should be treated as if they have been pending all along.

### C.       Plaintiffs Had Months To Prepare; Defendants Seek Only A Fair Opportunity To Respond To An Expedited Trial.

Plaintiffs had the benefit of their own pre-suit investigation, their own prosecution files, their own claimed patent-practice and market evidence, and their own experts before filing the Preliminary Injunction Motion. Plaintiffs were required to have a Rule 11-compliant basis before filing this patent case and before asking this Court for the extraordinary remedy of a preliminary injunction. In patent infringement actions, Rule 11 requires, at minimum, that counsel interpret the asserted patent claims and compare the accused products to those claims before filing an infringement claim. *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300–01 (Fed. Cir. 2004); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). Rule 11 also applies to "written motion[s]" and to positions later advocated to the Court. Fed. R. Civ. P. 11(b); *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1367–69 (Fed. Cir. 2012). Thus, Plaintiffs' assertion that Defendants should have been prepared to oppose a four-patent, expert-supported preliminary-injunction record on fourteen days' notice ignores that Plaintiffs necessarily had the benefit of their own pre-suit and pre-motion Rule 11 investigation before filing. By contrast, Defendants are being asked to respond in weeks to a motion that Plaintiffs built over nine months or more since before the Cease-and-Desist Letter.

The Preliminary Injunction Motion is not a conventional motion. It is an expedited trial. Plaintiffs seek relief based on four patents, two accused products, twenty-six asserted claims, two expert witnesses, multiple declarations, hundreds of pages of claim charts and exhibits, expedited

6

written discovery, depositions, and issues that include: (1) claim scope, (2) infringement *vel non*, (3) invalidity, (4) unenforceability, (5) inventorship, (6) irreparable harm, (7) price erosion, (8) market share, (9) goodwill, (10) public interest, (11) harm to Defendants and the balance of equities, (12) the public interest, and (13) bond. Plaintiffs' own submission includes a fifteen-page brief, a Colvin declaration with fifteen exhibits totaling approximately 251 pages, an eighteen-page Luettke technical declaration with seven claim charts totaling approximately 220 pages, and a thirty-five-page Eichmann report with approximately thirty additional pages of appendices. Plaintiffs nevertheless propose that Defendants file an opposition by May 20, 2026. That is not a meaningful (or realistic) opportunity to respond.

This District's Patent Rules confirm the reasonableness of Defendants' position. P. R. 1-2 permits the Court to modify deadlines based on the complexity of the case and the number of patents, claims, products, or parties involved. P. R. 3-3 ordinarily gives an accused infringer forty-five days after infringement contentions to serve invalidity contentions. Here, Plaintiffs effectively ask Defendants to prepare invalidity, noninfringement, unenforceability, and expert responses to four patents and twenty-six asserted claims on a shorter schedule, even though two of the patents are not yet operative. Defendants' requested July 27 opposition deadline is not delay for delay's sake; it is a proportional schedule for the Preliminary Injunction record Plaintiffs chose to create.

> **D.**     **Plaintiffs' Claimed Prejudice Is Self-Inflicted and Does Not Justify a One-Sided Record.**

Plaintiffs claim that every additional day causes irreparable harm, but their conduct undermines the claim. Plaintiffs waited after sending their August 2025 Cease-and-Desist Letter, waited after suing AS Designs on December 30, 2025, pursued emergency relief against other defendants first, pursued and then withdrew a contempt theory against AS Designs in *Hoffman*,

and then waited until April 27, 2026, to file the Preliminary Injunction Motion here. Plaintiffs' own choices created the timing they now complain about.

Defendants do not ask the Court to deny Plaintiffs a hearing or to postpone the case indefinitely. Defendants ask for an orderly schedule that permits reciprocal expedited discovery, expert analysis, and a fair opposition to extraordinary injunctive relief requested by Plaintiffs. Plaintiffs' Opposition offers no persuasive reason why their *months* of preparation should be met with just a couple of weeks of response time, particularly when Plaintiffs seek to enjoin products based in part on two patents that are not yet part of the operative pleading.

The Court should reject Plaintiffs' attempt to manufacture urgency from a record of delay and selective enforcement. The requested schedule preserves the Court's ability to decide the Preliminary Injunction Motion on a complete record and avoids the one-sided procedure Plaintiffs would create.

## CONCLUSION

For these reasons, and those stated in Defendants' Motion, Defendants respectfully request that the Court grant the Motion for Scheduling Order and set the following schedule:

- Defendants' opposition due July 27, 2026;

- Plaintiffs' reply due August 6, 2026;

- Defendants' sur-reply due August 17, 2026;

- and any hearing after August 17, 2026, or as soon thereafter as the Court's calendar permits.

Dated: May 14, 2026                                Respectfully submitted,

                                                   */s/ John M. Skeriotis*
                                                   John M. Skeriotis
                                                   Ohio Bar No. 0069263
                                                   Sergey Vernyuk

8

Ohio Bar No. 0089101
**EMERSON, THOMSON & BENNETT, LLC**
1914 Akron-Peninsula Road
Akron, Ohio 44313
Tel: (330) 434-9999
Fax: (330) 434-8888
E-mail: jms@etblaw.com
       sv@etblaw.com

*Attorneys for Defendants*
*AS Designs, LLC, Matthew S. Karlovic and*
*Calvin Olson*

9