**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | 4:26-md-03176-ALM<br>MDL 3176 |
| **ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas corporation,**<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**AS DESIGNS, LLC, a North Carolina limited liability company, and MATTHEW S. KARLOVIC, an individual, and CALVIN OLSON, an individual, and JOHN DOE, an individual using the alias "s3igu2" and/or "Seagoo Threetwo,"**<br><br>    **Defendants.** | Civil Action No. 4:26-cv-00370-ALM<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' SUR-REPLY TO DEFENDANTS' MOTION FOR SCHEDULING ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

## I.      INTRODUCTION

The time for Defendants to oppose Rare Breed's motion for a preliminary injunction has passed. Rather than use the 14 days allotted by the Local Rules to set forth their basis for opposition, Defendants elected to pursue a motion to change a deadline that expired May 11. Rare Breed proposed a schedule that gave Defendants until May 20—extending the ordinary briefing schedule by over 50%—but Defendants did not accept that offer. Now, Defendants have not filed an opposition, and the deadline has long passed.

1

Defendants continue to pursue a schedule that is unfair and unwarranted. First, Rare Breed's proposed schedule gave Defendants a fair opportunity to obtain discovery: it keyed the expedited discovery period, which Defendants themselves agreed not to oppose, off of the deadline for the Defendants' response to Rare Breed's preliminary injunction motion, giving both sides the ability to use discovery in their reply and sur-reply briefs. By contrast, Defendants' schedule unnecessarily gives Defendants (1) months to pursue discovery before having to disclose any theories, and (2) both an opposition brief and a sur-reply brief after the discovery period closes. Whereas Rare Breed's proposed schedule was efficient and fair, Defendants' needlessly delays and removes any urgency from resolving the preliminary injunction motion.

Second, the Local Rules that Defendants cite to support their protracted schedule only highlight the needless delay in Defendants' proposal. Under Local Patent Rules 3-1 and 3-3, a defendant typically has 45 days after receiving infringement contentions to provide invalidity contentions. Yet, Defendants here request twice that—**91** days—to prepare their opposition brief, with their sur-reply due **112** days after Rare Breed's preliminary injunction motion. Such a schedule does not respect the urgent nature of preliminary injunctive relief.

Third, Defendants feign surprise about Rare Breed's preliminary injunction motion. But they have known of Rare Breed's intent to pursue infringement claims since August 2025, when Rare Breed served its cease-and-desist letter; they have known that Rare Breed sought to enjoin their infringement since at least early March, when Rare Breed sought to hold Defendants in contempt of the preliminary injunction in the *Hoffman* case[1] against Defendants' collaborator, Timothy Hoffman; and they have known Rare Breed intended to add the '159 and '538 Patents to this case since mid-March, when the parties discussed Rare Breed's motion for leave to amend

---

[1] *ABC IP, LLC v. Hoffman*, 1:25-cv-00389 (E.D. Tenn.).

their Complaint. Defendants should not be heard to complain about their lack of preparedness for Rare Breed's preliminary injunction motion.

## II.   RARE BREED'S SCHEDULE FAIRLY PLACED DISCOVERY BETWEEN OPENING AND REPLY BRIEFING

Rare Breed's schedule fairly positioned the briefing and discovery so that each party could share its arguments, gather evidence, and then present that evidence in reply. Defendants characterize Rare Breed's schedule as "one-sided," but Rare Breed's proposed schedule was the only balanced option on the table. Under Rare Breed's proposed schedule, each side filed an initial brief laying out its theories without the benefit of discovery. Then, each side could use the documents obtained in discovery and depositions to support its respective reply or sur-reply brief. This structure treated the parties symmetrically. By contrast, under Defendants' proposed schedule, Defendants can use a two-month discovery window to prepare ***both*** their opposition brief and their sur-reply. Rare Breed, on the other hand, would be limited to using discovery for a ***single*** reply brief. Defendants' proposed schedule is therefore uneven and unfair.

Moreover, while Defendants contend that they lack sufficient time to respond, they have not explained why they now seek to draw out the discovery process when they previously ***agreed*** to it. Defendants did not oppose Rare Breed's expedited discovery schedule, going so far as to state that they would agree to it "provided Defendants are given leave to conduct reciprocal expedited discovery." Dkt. 30. Defendants were presumably aware of the default 14-day deadline for oppositions in this District, which is not a secret. *See* Local Rule CV-7(e). So Defendants should have contested the discovery schedule upfront, rather than agree to it only to oppose it as too fast once Rare Breed filed its preliminary injunction motion.

### III.    THE LOCAL PATENT RULES ILLUSTRATE THE PROTRACTED NATURE OF DEFENDANTS' PROPOSED SCHEDULE.

Defendants seek a schedule that moves *slower* than that prescribed for a typical case under the Local Rules. That makes no sense, especially given the urgency of the current preliminary injunction question looming and that market competition between the parties is ongoing. Defendants point to the 45-day gap between initial infringement contentions and invalidity contentions under Local Patent Rules 3-1 and 3-3 as evidence that their schedule is reasonable. But their proposed schedule does not track the Patent Rules—it greatly exceeds them. Defendants seek a *91*-day gap between the opening brief and their responsive filing, and their proposed schedule would push final briefing to *mid-August 2026*, nearly four months after Rare Breed filed its preliminary injunction motion. To the extent the timing of contentions under the Local Rules has any bearing on the deadlines at issue, this schedule extends the ordinary timeline of a patent case. Defendants' proposed 91-day response period for an expedited preliminary injunction motion would give them more than double the time that even the default Patent Rule schedule provides in a case not seeking emergency relief.

Rare Breed's proposed schedule, by contrast, provided Defendants with 23 days from the filing of the Motion for Preliminary Injunction—and 19 days from the Court's Order granting expedited discovery—to file their opposition. That was nine days beyond the default 14-day response period under Local Rule CV-7(e), and a meaningful accommodation given the issues presented.

### IV.    RARE BREED'S PROPOSED SCHEDULE WOULD NOT UNDULY PREJUDICE THE DEFENDANTS

While Defendants argue that they could not have anticipated the scope of Rare Breed's claims, the record tells a different story. Defendants have been on notice of Rare Breed's intent to enforce its patent rights since August 2025, when Rare Breed delivered its cease-and-desist letter.

Dkt. 28-6. While Defendants emphasize that the letter identified only the '247 Patent, this framing ignores the broader context that Defendants have had for months.

First, Defendants had clear notice that Rare Breed sought to enjoin their infringing activities. To the extent that Defendants did not take notice of Rare Breed's injunctive relief against their own collaborator, Timothy Hoffman, Rare Breed's Motion for Contempt in the *Hoffman* case filed on March 5, 2026, unquestionably put Defendants on notice that Rare Breed considered AS Designs' conduct to violate existing injunctive relief. *Hoffman*, Dkt. 52. Defendants' suggestion is incredible that they were subject to a contempt proceeding on a preliminary injunction in a related matter and yet could not have anticipated Rare Breed's preliminary injunction motion here. Dkt. 35 at 7-8 (acknowledging the contempt motion, yet claiming that Defendants only had "weeks" to develop their  response).

Second, Defendants knew that Rare Breed intended to add the '159 and '538 Patents to this case. Rare Breed's motion for leave to amend its Complaint, Dkt. 20, was filed over a month before its preliminary injunction motion, Dkt. 28. While Defendants note that these patents are not yet part of the operative complaint while the motion to amend remains pending, Defendants cannot somehow claim surprise that they are being asserted and that Defendants have not had substantial opportunity to prepare defenses.

Third, contrary to Defendants' position in reply, the '159, '538, and '784 Patents are not wholly unrelated to the '247 Patent. The '159 Patent is a continuation of the '247 Patent. '159 Patent, cover. And the '538 and '784 Patents relate to the same technology—forced reset triggers. The suggestion that the assertion of new patents required Defendants to restart their investigations from scratch overstates Defendants' burden.

## V. CONCLUSION

For all the reasons stated above and in Rare Breed's Opposition, Rare Breed respectfully requests that the Court deny Defendants' Motion for Scheduling Order.

DATED: May 21, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
        bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
FISH & RICHARDSON P.C.
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy (admitted pro hac vice)
Wood Herron & Evans LLP
600 Vine Street, Suite 2800
Cincinnati OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 21, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Matthew A. Colvin
Matthew A. Colvin

8