# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | 4:26-md-03176-ALM<br>MDL 3176 |
| **ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas corporation,**<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**AS DESIGNS, AS DESIGNS, LLC, a North Carolina limited liability company, and MATTHEW S. KARLOVIC, an individual, and CALVIN OLSON, an individual, and JOHN DOE, an individual using the alias "s3igu2" and/or "Seagoo Threetwo,"**<br><br>    **Defendants.** | Civil Action No. 4:26-cv-00370-ALM<br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE <u>THIRD AMENDED COMPLAINT</u>

Defendants' brief responds to a different motion in a different action.  It names 80Mills LLC and Pearson Gardner, opposes a "Fourth Amended Complaint" Plaintiffs never moved to file here, and rests its good-cause argument on a "scheduling order set on November 20, 2025 (Dkt. #22)" that does not exist in this case.  No scheduling order has issued in the AS Designs action; Rule 16 therefore has no application, Rule 15's liberal standard governs, and on the motion Plaintiffs actually filed Defendants offer no response at all.  Leave should be granted for that reason alone.  Plaintiffs nonetheless address the arguments raised below.[1]

## INTRODUCTION

Rule 15 directs that leave to amend be "freely give[n]," and this motion seeks a routine amendment: adding a patent that issued after the operative complaint and reads on the same or similar accused products already at the center of the case.  Defendants do not contend that any added claim is futile.  They identify no real prejudice and no bad faith.  Their opposition reduces to a single theme—that Plaintiffs have amended before and may do so again—recast as undue delay, prejudice, and a want of good cause.  None of it meets the standard for denying leave.

## ARGUMENT

**I.    Leave Should Be Freely Given, and Defendants Identify No Reason to Deny It.**

Rule 15(a)(2) instructs that courts "should freely give leave when justice so requires," and the Fifth Circuit applies that command with a "bias in favor of granting leave to amend." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002).  Leave is the rule; denial is the exception, reserved for a "substantial reason" such as undue delay, bad faith, repeated failure to cure, or futility.  Defendants invoke that vocabulary but satisfy none of it.

---

[1] Because Defendants' opposition appears to be the brief filed in the 80Mills action (No. 4:26-cv-00380-ALM) rather than a response to the motion filed here, Plaintiffs address its arguments only to the extent they could bear on this action, and do not concede that the brief reflects the record in this case.

Most tellingly, they do not argue that any added claim fails to state a claim—futility is not in dispute.  Defendants have not identified any instance in any of the consolidated cases where a court has denied one of Plaintiffs' motions to amend—as would be expected given that these motions are granted as a matter of course.  What remains is a complaint about the number of amendments, which is not a ground for denial.

*Defendants' "serial amendment" theme mistakes the pace of patent issuance for dilatory tactics.*  Each amendment has tracked a patent that issued after the prior pleading; Plaintiffs did not withhold these patents, because they could not have asserted them sooner.  There is no rule that "the pleadings must close" against a patent that did not exist when the last complaint was filed, and the authorities Defendants cite do not hold that the number of amendments is itself a reason to deny leave—each addressed a different problem.  *Cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (reversing denial of leave; the "repeated failure to cure deficiencies" factor concerns repeated failed attempts to fix a defective pleading, not the addition of new, well-pleaded claims); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (affirming denial after plaintiffs repeatedly failed to cure deficiencies in their securities-fraud pleadings); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (affirming denial where the plaintiff sought to add a new claim on the second-to-last day of trial, after discovery closed); *Mayeaux v. Louisiana Health Service & Indemnity Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (affirming denial of an amendment that would add a new defendant and recast the case, while recognizing that amendments adding alternative theories generally should be permitted); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (reversing denial of leave absent a substantial reason such as undue prejudice).

In any event, Defendants fail to explain why Plaintiffs were not entitled to make their amendments to date.  The First Amended Complaint was filed as of right (Dkt. 4), and the Court granted leave to add the '159 and '538 Patents (Dkt. 20, 27).  Each step added a newly issued patent in due course—orderly progress, not a "moving target."  And as to the claim that "Defendants are entitled to know the case they must defend"—Defendants already know exactly the case they must defend: the same or very similar products, now measured against one more patent.

*Adding a patent does not "start the case over."*  The accused technology is the same or closely similar, and the infringement read overlaps substantially with the claims already asserted. Defendants' contrary logic—that every new patent demands an entirely fresh case—would bar continuation patents from ever being added to pending litigation, a result Rule 15 does not countenance.

*The case's early posture forecloses any real claim of prejudice.*  No discovery has occurred, and the amendment upends no completed work.  The added patent reads on the same accused product and underlying technology already at issue; it disturbs no claim-construction ruling and demands no fresh theory of the case.  To the extent there was a pre-transfer schedule, centralization has unsettled it, and the MDL's forthcoming initial-management order will set new deadlines that can accommodate the amendment.  Any suggestion that the absence of a set schedule makes amendment more prejudicial inverts the law: the earlier an amendment comes, the less disruptive it is.

*The preliminary-injunction motion supplies no basis to deny leave*, because the Consolidated Preliminary-Injunction Motion does not seek relief against these Defendants.  And in any event, Defendants do not allege subjective bad faith; that Plaintiffs sought to enforce a

3

newly issued patent promptly reflects the urgency of ongoing infringement, not an improper motive.

*Defendants' declaration about Plaintiffs' pending applications proves nothing.*  That Plaintiffs hold other applications in the same families shows only that Plaintiffs continue to obtain patents; it says nothing about whether this amendment, adding this issued patent, is proper.  Each amendment is judged when it is made, on its own facts.  The prospect that a future patent may issue is no reason to deny leave to assert one that already has.

## II.    Plaintiffs Have Shown Good Cause to Amend.

No scheduling order has been entered in this action, so there is no amendment deadline to modify and Rule 16(b)(4)'s good-cause requirement does not apply; Rule 15's liberal standard governs.  *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, N.A.*, 315 F.3d 533, 535–36 (5th Cir. 2003) (good cause governs only an amendment that would modify a deadline the scheduling order actually set).  Good cause is satisfied in any event: the '403 Patent did not issue until May 26, 2026, so Plaintiffs could not have asserted it earlier and moved within a day; the amendment is important, because it lets Plaintiffs enforce a newly issued patent in this case rather than in a duplicative suit; prejudice is minimal, because the added patent concerns the same technology already at issue; and any prejudice is curable through the MDL's forthcoming initial-management order.

## III.    The Requested Bar on Future Amendments Should Be Rejected.

Defendants' fallback—to condition any leave on an order barring Plaintiffs from adding further patents absent "extraordinary good cause"—should be declined.  The condition would rewrite the Federal Rules.  Rule 15(a)(2) and Rule 16(b)(4) already define when a party may amend; neither authorizes a standing order foreclosing amendments not yet sought, and Rule 16 requires only "good cause," not the heightened "extraordinary" cause Defendants would impose.

Tellingly, Defendants cite no authority for such a condition.  Any future motion will be judged on its own record under the same standard that governs this one.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file the Third Amended Complaint.

DATED: June 17, 2026                         Respectfully submitted,

*/s/ Matthew A. Colvin*
Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
        bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy *(admitted pro hac vice)*
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 17, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Matthew A. Colvin
Matthew A. Colvin

7