**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | Case #4:26-md-03176-ALM<br>MDL #3176 |
| **ABC IP, LLC, *et al.*,**<br><br>    Plaintiffs,<br><br>v.<br><br>**AS DESIGNS, LLC, *et al.*,**<br><br>    Defendants. | Civil Action #4:26-cv-00370-ALM |

**DEFENDANTS' MOTION FOR LEAVE TO EXCEED PAGE LIMITATION**

Defendants AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson (collectively, "Defendants") respectfully move for leave to file a 30-page Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt. #28). Plaintiffs oppose.

Good cause exists for Defendants' Opposition to exceed the standard 15-page limit for non-dispositive motions under Local Rule CV-7(a)(2). Plaintiffs seek extraordinary preliminary injunctive relief in a multi-patent case involving four (4) asserted patents, two (2) accused products, approximately twenty-six (26) asserted claims, disputed infringement and noninfringement issues, validity and unenforceability defenses, disputed inventorship of U.S. Patent No. 12,529,538, expert declarations, expedited written discovery, and issues concerning (a) likelihood of success, (b) irreparable harm, (c) balance of equities, (d) public interest, and (e) bond.

To respond meaningfully, Defendants' Opposition must address claim scope, noninfringement, invalidity, inventorship, induced infringement, contributory infringement, irreparable harm, causal nexus, market definition, alleged lost sales, alleged price erosion, alleged

reputational harm, alleged loss of goodwill, alleged encouragement of other infringers, balance of equities, public interest, and bond. Plaintiffs also rely on expert evidence concerning technical infringement and alleged commercial or damages-related issues. Defendants need technical and damages or commercial experts of their own.

Fifteen pages cannot fairly accommodate briefing of that scope. Plaintiffs themselves have recognized as much in this MDL: Plaintiffs moved for leave to file a 40-page consolidated Motion for Preliminary Injunction, on the ground that preliminary-injunction briefing addressing infringement, validity, and irreparable harm cannot be accomplished within the standard 15-page limit. (E.g., *ABC IP, LLC v. Z3 Productions, LLC*, No. 4:26-cv-00367 (E.D. Tex.), Dkt. #47). The same is true of Defendants' Opposition here, which must respond to a four-patent, multi-product, expert-supported motion asserting twenty-six claims. Local Rule CV-7(a)(2) permits exceeding the page limit with leave of court.

This is Defendants' first request to enlarge a page limit in this matter. The parties have conferred, and Plaintiffs oppose the requested relief. Defendants respectfully request that the Court enlarge the page limit for Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction from fifteen (15) to thirty (30) pages. A proposed order is submitted herewith.

DATED: July 9, 2026                    Respectfully submitted,

                                       */s/ John M. Skeriotis*
                                       John M. Skeriotis
                                       Ohio Bar No. 0069263
                                       Sergey Vernyuk
                                       Ohio Bar No. 0089101
                                       **EMERSON, THOMSON & BENNETT, LLC**
                                       1914 Akron-Peninsula Road
                                       Akron, Ohio 44313
                                       Tel: (330) 434-9999
                                       Fax: (330) 434-8888

E-mail: jms@etblaw.com
sv@etblaw.com

*Attorneys for Defendants*
*AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendants conferred with counsel for Plaintiffs on July 7, 2026, by videoconference regarding the relief requested in this Motion. By email of July 8, 2026 Plaintiffs stated they oppose the requested relief.  The counsel in the videoconference consisted of Ben Christoff, among other counsel for Plaintiffs. The email reply from Plaintiffs' counsel included Ben Christoff as the drafter, along with the following counsel cc'd: Glenn Bellamy and Warren Mabey, Jr.

The parties were unable to reach agreement as Plaintiffs were unwilling to agree to the page limit requested by Defendants. The parties' discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.


*/s/ John M. Skeriotis*
Counsel for Defendants