**Exhibit 4 - Claim Chart for U.S. Patent No. 12,038,247**

**Super Safety**

| Claim: | Response to Infringement Allegations: |
|---|---|
| 15. A firearm trigger mechanism comprising: | The proposed Second Amended Complaint (ECF No. 20-1) identifies a "Super Safety" as the "First Infringing Device" and states that it is sold in two variations (DLC Black version and Black Oxide version). *See also* Luettke Decl. & Ex. D (ECF Nos. 29-21, 29-25) (accusing Super Safety of infringement). Neither version is a complete firearm trigger mechanism, as each consists only of a lever, a cam, a detent, a trigger, and a centering block, omitting other required components, as noted below. Similarly, these components individually are also not a firearm trigger mechanism. |
| a hammer having a sear catch and a hook for engaging a disconnector and adapted to be mounted in a fire control mechanism pocket of a receiver to pivot on a transverse hammer pivot axis between set and released positions, said hammer adapted to be pivoted rearward by rearward movement of a bolt carrier, | Neither version of the Super Safety includes a hammer, a disconnector, a receiver, or a bolt carrier. |
| a trigger member having a sear and adapted to be mounted in the fire control mechanism pocket to pivot on a transverse trigger member pivot axis between set and released positions, | The Super Safety includes a trigger having a sear and adapted to be mounted in a fire control mechanism pocket (which is not included) to pivot on a transverse trigger member pivot axis between set and released positions. |
| wherein said sear and sear catch are in engagement in said set positions of said hammer and trigger member and are out of engagement in said released positions of said hammer and trigger member, | Since the Super Safety does not include a hammer (with the sear catch), the Super Safety's trigger sear is not in engagement with the missing hammer's sear catch. |
| said disconnector having a hook for engaging said hammer and adapted to be mounted in the fire control mechanism pocket to pivot on a transverse disconnector pivot axis, and | Neither version of the Super Safety includes a disconnector, a hammer, or a fire control mechanism pocket. |
| a cam having a cam lobe and adapted to be movably mounted in the fire control mechanism pocket, said cam being movable between a first position and a second position, in said second position | The Super Safety includes a cam having a lobe. |

1

| Claim: | Response to Infringement Allegations: |
|---|---|
| said cam lobe forces said trigger member towards said set position, |  cam    lobe    axis  The cam is designed to be mounted in a fire control mechanism pocket in such a way that it is slidable along the axis between safe, standard semi-automatic, and forced-reset semi-automatic modes, and may be rotatable on the axis (depending on what mode it is in).  The original Complaint (ECF No. 1), the Amended Complaint (ECF No. 4), and the proposed Second Amended Complaint viewed the rotation on the axis as meeting the first and second positions, while the Luettke Decl. Ex. D views the sliding along the axis between the various modes as meeting the first and second positions, thus rendering Plaintiffs' position on this limitation unclear.  If the first and second positions are determined by rotation, then moving/rotating the cam to the second position does not force the trigger toward the set position if the cam is in standard semi-automatic mode; instead, such rotation forces the trigger toward the set position only if the cam is in forced-reset mode.  Alternatively, if the sliding between modes results in the first and second positions, then having the cam slide to the forced-reset mode does not force the trigger toward the set position if the cam lever has not been moved backwards; instead, the cam lobe (in forced-reset mode) forces the trigger toward the set position only if the lever has moved backwards and rotated the cam. |
| whereupon in a standard semi-automatic mode, said cam is in said first position, rearward movement of the bolt carrier causes rearward pivoting of said hammer such that said disconnector hook catches | The Super Safety does not include a bolt carrier, a hammer, or a disconnector.  If the Super Safety cam is installed in a firearm that includes the missing components and set to |

2

| Claim: | Response to Infringement Allegations: |
|---|---|
| said hammer hook, and thereafter the bolt carrier moves forward into battery, at which time a user must manually release said trigger member to free said hammer from said disconnector to permit said hammer and trigger member to pivot to said set positions so that the user can pull said trigger member to fire the firearm, and | standard semi-automatic mode, rearward movement of a bolt carrier may cause rearward pivoting of the hammer such that the disconnect hook might catch the hammer hook (depending on the configuration and operation of the missing components).  When the bolt carrier thereafter moves forward into battery, the firearm user would normally need to manually release the trigger to free the hammer from the disconnector to permit the hammer and trigger to pivot to their set positions so the user can pull the trigger to fire the firearm.  However, as noted above, it is unclear what Plaintiffs view as determining the first position (the cam's rotation about or sliding along the axis).  In the standard semi-automatic mode, the cam is not limited to just the first rotational position (as claimed); instead, it may be in any position of rotation (first, second, or any other) due to the standard-fire groove. |
| whereupon in a forced reset semi-automatic mode, said cam is in said second position, rearward movement of the bolt carrier causes rearward pivoting of said hammer such that said disconnector hook is prevented from catching said hammer hook, and thereafter the bolt carrier moves forward into battery, at which time the user can pull said trigger member to fire the firearm. | The Super Safety does not include a bolt carrier, a hammer, or a disconnector.

As noted above, it is unclear what Plaintiffs view as determining the second position (the cam's rotation about or sliding along the axis).  If the Super Safety cam is installed in a firearm that includes the missing components and set to forced reset semi-automatic mode, it is not constrained to just be in the second rotational position (as claimed); indeed, the cam must be in the first position for the firearm to fire.  Instead, the cam rotates between the first position and the second position.  In this mode, rearward movement of the bolt carrier may cause rearward pivoting of the hammer (depending on the configuration and operation of the missing components).  However, the rearward bolt carrier movement does not prevent the disconnector hook from catching the hammer hook; indeed, the rearward pivoting of the hammer causes the disconnector hook to catch the hammer hook, and no further rearward pivoting of the hammer prevents the disconnector hook from catching the hammer |

3

| Claim: | Response to Infringement Allegations: |
|---|---|
|  | hook.  Continued rearward movement of the bolt carrier pushes the cam lever rearward, causing the cam to rotate, causing the disconnector hook to release the hammer hook.  Stated alternatively, when the cam is in the second rotational position (where the cam lobe forces the trigger toward the set position), there is no rearward pivoting of the hammer – by the time the cam reaches the second position, the hammer has finished its rearward pivoting.  Also, the Complaint image under this limitation shows the disconnector hook catching the hammer hook when the cam is in what the Complaint calls the second position, which is the opposite of what this limitation recites.  When the bolt carrier thereafter moves forward into battery, the firearm user can pull the trigger to fire the firearm. |

4

**ARC-Fire**

| Claim: | Response to Infringement Allegations: |
|---|---|
| 15. A firearm trigger mechanism comprising: | The proposed Second Amended Complaint (ECF No. 20-1) identifies an "ARC-Fire Trigger – AMBI Kit" as the "Second Infringing Device." *See also* Luettke Decl. & Ex. C (ECF Nos. 29-21, 29-24) (accusing ARC-Fire of infringement). The ARC-Fire is not a complete firearm trigger mechanism, as each consists only of a lever, a cam, a detent bar, a trigger, a primary selector, an ambi selector, and a safety detent, omitting other required components, as noted below. |
| a hammer having a sear catch and a hook for engaging a disconnector and adapted to be mounted in a fire control mechanism pocket of a receiver to pivot on a transverse hammer pivot axis between set and released positions, said hammer adapted to be pivoted rearward by rearward movement of a bolt carrier, | The ARC-Fire does not include a hammer, a disconnector, a receiver, or a bolt carrier. |
| a trigger member having a sear and adapted to be mounted in the fire control mechanism pocket to pivot on a transverse trigger member pivot axis between set and released positions, | The ARC-Fire includes a trigger having a sear and adapted to be mounted in a fire control mechanism pocket (which is not included) to pivot on a transverse trigger member pivot axis between set and released positions. |
| wherein said sear and sear catch are in engagement in said set positions of said hammer and trigger member and are out of engagement in said released positions of said hammer and trigger member, | Since the ARC-Fire does not include a hammer (with the sear catch), the ARC-Fire's trigger sear is not in engagement with the missing hammer's sear catch. |
| said disconnector having a hook for engaging said hammer and adapted to be mounted in the fire control mechanism pocket to pivot on a transverse disconnector pivot axis, and | The ARC-Fire does not include a disconnector, a hammer, or a fire control mechanism pocket. |
| a cam having a cam lobe and adapted to be movably mounted in the fire control mechanism pocket, said cam being movable between a first position and a second position, in said second position said cam lobe forces said trigger member towards said set position, | The ARC-Fire includes a cam having a lobe.<br><br><br><br>cam    lobe    axis |

5

| Claim: | Response to Infringement Allegations: |
|---|---|
|  | The cam is designed to be mounted in a fire control mechanism pocket in such a way that it may rotate on the axis (depending on what mode it is in) and may also slide along the axis. The original Complaint, the Amended Complaint, and the proposed Second Amended Complaint viewed the rotation on the axis as meeting the first and second positions, while the Luettke Decl. Ex. C views the sliding along the axis as meeting the first and second positions, thus rendering Plaintiffs' position on this limitation unclear.<br><br>If the first and second positions are determined by rotation, then moving/rotating the cam to the second position forces the trigger toward the set position (if the ARC-Fire is in forced-reset mode). Alternatively, if the first and second positions are due to sliding, then the Luettke Decl. Ex. C shows that it is the <u>lever</u> that slides, not the cam, which means that the cam is not movable between any first and second positions. Even if it did, having the cam and lever slide together does not force the trigger toward the set position if the lever has not been moved backwards; instead, the cam lobe forces the trigger toward the set position only if the lever has moved backwards and rotated the cam. |
| whereupon in a standard semi-automatic mode, said cam is in said first position, rearward movement of the bolt carrier causes rearward pivoting of said hammer such that said disconnector hook catches said hammer hook, and thereafter the bolt carrier moves forward into battery, at which time a user must manually release said trigger member to free said hammer from said disconnector to permit said hammer and trigger member to pivot to said set positions so that the user can pull said trigger member to fire the firearm, and | The ARC-Fire does not include a bolt carrier, a hammer, or a disconnector.<br><br>If the ARC-Fire cam is installed in a firearm that includes the missing components and set to standard semi-automatic mode, rearward movement of a bolt carrier may cause rearward pivoting of the hammer such that the disconnect hook might catch the hammer hook (depending on the configuration and operation of the missing components). When the bolt carrier thereafter moves forward into battery, the firearm user would normally need to manually release the trigger to free the hammer from the disconnector to permit the hammer and trigger to pivot to their set positions so the user can pull the trigger to fire the firearm. However, as |

6

| Claim: | Response to Infringement Allegations: |
|---|---|
| | noted above, it is unclear what Plaintiffs view as determining the first position (the cam's rotation about or sliding along the axis). The cam does not slide along the axis, and thus has no first and second positions from the perspective of sliding. From the perspective of rotation, the cam remains in the first position in the standard semi-automatic mode. |
| whereupon in a forced reset semi-automatic mode, said cam is in said second position, rearward movement of the bolt carrier causes rearward pivoting of said hammer such that said disconnector hook is prevented from catching said hammer hook, and thereafter the bolt carrier moves forward into battery, at which time the user can pull said trigger member to fire the firearm. | The ARC-Fire does not include a bolt carrier, a hammer, or a disconnector. As noted above, it is unclear what Plaintiffs view as determining the second position (the cam's rotation about or sliding along the axis). The cam does not slide along the axis, and thus has no first and second positions from the perspective of sliding. On rotation, if the ARC-Fire cam is installed in a firearm that includes the missing components and set to forced reset semi-automatic mode, it is not constrained to just be in the second rotational position (as claimed); indeed, the cam must be in the first position for the firearm to fire. Instead, the cam rotates between the first position and the second position. In this mode, rearward movement of the bolt carrier may cause rearward pivoting of the hammer (depending on the configuration and operation of the missing components). However, the rearward bolt carrier movement does not prevent the disconnector hook from catching the hammer hook; indeed, the rearward pivoting of the hammer <u>causes</u> the disconnector hook to <u>catch</u> the hammer hook, and no further rearward pivoting of the hammer <u>prevents</u> the disconnector hook from catching the hammer hook. Continued rearward movement of the bolt carrier pushes the cam lever rearward, causing the cam to rotate, causing the disconnector hook to release the hammer hook. Stated alternatively, when the cam is in the second rotational position (where the cam lobe forces the trigger toward the set position), there is no rearward pivoting of the hammer – by the time the cam reaches the second position, the hammer has finished its rearward pivoting. Also, the |

7

| Claim: | Response to Infringement Allegations: |
|---|---|
|  | Complaint image under this limitation shows the disconnector hook <u>catching</u> the hammer hook when the cam is in what the Complaint calls the second position, which is the opposite of what this limitation recites.  When the bolt carrier thereafter moves forward into battery, the firearm user can pull the trigger to fire the firearm. |

8