**<u>Exhibit 7 - Claim Chart for U.S. Patent No. 12,031,784</u>**

**U.S. Patent 10,514,223 ("Rounds"); U.S. Patent App. Pub. 2014/0338523 ("Daley")**

| Claim: | Comparison to Prior Art: |
|---|---|
| 1. In a forced rest [*sic*] trigger mechanism, an extended trigger member locking device, comprising: | As best understood, Rounds discloses a forced reset trigger mechanism 10 that has an extended trigger member locking device 62.  Abstract, Figs. 1-5. |
| a locking member that is movable between a first position in which it locks a trigger member against pulling movement and a second position where it does not restrict movement of the trigger member, | Rounds discloses a locking member 62 that is movable between a first position in which it locks a trigger member 26 against pulling movement (see Fig. 5) and a second position where it does not restrict movement of the trigger member 26 (see Figs. 3-4).  Abstract, 4:61-6:9.<br><br>Daley similarly discloses a locking member (called sear assembly) 10 that is movable between a first position (see Fig. 10A) in which it locks the hammer from falling and a second position (see Fig. 10B) where it does not restrict movement of the hammer.  Abstract, [0063]-[0064]. |
| the locking member configured to be movably supported by a frame and | Rounds discloses that the locking member 62 is configured to be movably supported by a frame 12.  Abstract, Figs. 1-2, 4:61-65, claim 1.<br><br>Similarly, Daley's locking member 10 is configured to be movably supported by a receiver frame.  [0057], [0060], Figs. 1A, 10A-B. |
| including a generally upward extension portion configured to make actuating contact with a surface of a bolt carrier, | Rounds discloses that the locking member 62 has a generally upward extension portion configured to make actuating contact with a surface 54 of a bolt carrier 52.  Figs. 3-5, 4:65-5:6.<br><br>Similarly, Daley's locking member 10 has a generally upward extension portion 200 configured to make actuating contact with a surface 922, 923a-b of a bolt carrier 920.  Figs. 10A-B, [0063]-[0064]. |
| such actuating contact causing the locking member to move from the first position to the second position, | Rounds discloses that the actuating contact (between the bolt carrier surface 54 and the extension portion of the locking member 62) |

1

| Claim: | Comparison to Prior Art: |
|---|---|
| | causes the locking member 62 to move from the first position (see Fig. 5) to the second position (see Figs. 3-4). 4:65-5:6.<br><br>Similarly, Daley discloses that the actuating contact (between the bolt carrier 920 and the extension portion 200) causes the locking member 10 to move from the first position (see Fig. 10A) to the second position (see Fig. 10B). [0064]. |
| the locking member having a body portion that is movably supported and | Rounds discloses that the locking member 62 has a body portion that is movably supported (by a frame 12). Abstract, Figs. 1-5, 4:61-65, claim 1.<br><br>Similarly, Daley discloses that the locking member 10 has a body portion 100 that is movably supported (by pin 600). Figs. 1A-B, 10A-B, [0035]-[0040], [0057], [0060]. |
| an upwardly extending deflectable portion that is separately movable relative to the body portion between an extended position and a deflected position. | As best understood, Rounds discloses that the locking member 62 has an upwardly extending portion. Figs. 3-5, 4:65-5:6.<br><br>Similarly, Daley discloses that the locking member 10 has an upwardly extending deflectable portion 200 that is separately movable relative to the body portion 100 between an extended position (see Fig. 10B) and a deflected position (see Fig. 10A). Abstract, Figs. 1A-B, 6A-B, [0025], [0050], [0063]-[0065].<br><br>Daley discloses the advantage of having a locking member with an upwardly extending deflectable portion that is separately movable (by the bolt carrier) relative to the body portion, namely, that it aids in preventing binding the firearm because of direct contact between the locking member body portion 100 and the bolt carrier 920, and that the length of the upwardly extending portion can be sized appropriately. [0031], [0046], [0065]. This teaching is also applicable to Rounds. |

2

| Claim: | Comparison to Prior Art: |
|---|---|
|  | As disclosed in Rounds, the upwardly extending portion of the locking member 62 must extend sufficiently above the housing to be engaged (and pivoted) by the surface 54 of the bolt carrier tail portion 56 (when moved forward, in the direction of firing, see Figs. 3-4), while simultaneously not interfering with the forward portion of the bolt carrier body 58 (with surface 76) as it travels rearwards (see Fig. 5), especially where the locking member 62 has a rearward extension 64 that limits how much the locking member's extending portion can pivot rearwards (5:6-9).  Given these conflicting requirements and the narrow tolerance regarding the extending portion's working length (and the clearance between the bolt carrier group and the fire control group), a POSA would be motivated, in light of Daley's teachings, to design the extending portion to have a sufficient length (i.e., extension above the housing) to be reliably pivoted by the tail portion's surface 54.  And to avoid the extending portion from obstructing the rearward-moving bolt carrier, a POSA would be motivated to have the extending portion bend/deflect out of the way.<br><br>Numerous prior art discloses similar techniques and components that deflect/bend/pivot when force is applied in one direction but that remain undeflected when force is applied in the opposite direction.  *See, e.g.*, U.S. Patent 441,547, Figs. 5-6, p. 2 left col. ll. 14-21; U.S. Patent App. Pub. 2010/0269302, Figs. 1-3A, [0010]; U.S. Patent 1,132,601, Figs. 2-5; U.S. Patent 4,449,627, Fig. 11, Abstract, 1:13-27, 49-68, 2:51-59; U.S. Patent App. Pub. 2012/0198809, Figs. 1B-C, Abstract, [0018]-[0019], [0022]; U.S. Patent App. Pub. 2013/0104344, Figs. 2-5, Abstract, [0001], [0017]-[0018], [0021]; U.S. Patent App. Pub. 2014/0329632, [0002]; U.S. Patent 5,463,984, Figs. 3-4, 2:13-20; U.S. Patent 9,945,083, Abstract, Figs. 2a, 2c, 2:1-23, 4:40-47. |

| Claim: | Comparison to Prior Art: |
|---|---|
|  | It would thus be obvious to a POSA to apply such teachings to Rounds' locking member 62, namely, having a sufficiently lengthy extending portion that pivots or deflects to a deflected position when force is applied by the bolt carrier moving backwards but not when the rear of the bolt carrier applies force to the extending member in the forward direction (in which case the extending portion is in the extended position). |
|  |  |
| 3. The device of claim 1, | See claim 1 above. |
| wherein the locking member body portion pivots between the first and second positions. | Rounds discloses that the locking member body portion 62 pivots (on pin 68) between the first position (see Fig. 5) and the second position (see Figs. 3-4).  Abstract,  Figs. 1-5, 4:61-5:6, claim 1. |
|  |  |
| 4. The device of claim 1, | See claim 1 above. |
| wherein the locking member deflectable portion pivots relative to the body portion. | As discussed above for claim 1, when Rounds' locking member is modified to allow deflection of the extending portion rearwards, the extending/deflectable portion pivots relative to the body portion. |