**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>AS DESIGNS, LLC, MATTHEW S. KARLOVIC, CALVIN OLSON and JOHN DOE, an individual using the alias "s3igu2" and/or "Seagoo Threetwo,"<br>Defendants. | Civil Action No. 4:26-cv-00370-ALM |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiffs ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc. ("Rare Breed") (collectively, "Plaintiffs") submit this Motion for leave to seal Plaintiffs' Motion for Temporary Restraining Order ("TRO Motion") and Supporting Declarations of Lawrence DeMonico (including Exhibits 35 and 78 thereto), Richard J. Eichmann, and Exhibits 7–11 and 13 of the Supporting Declaration of Matthew A. Colvin (collectively, the "Supporting Declarations"). Plaintiffs have met and conferred with counsel for AS Designs, LLC, Matthew S. Karlovic, Calvin Olson and John Doe (collectively, "Defendants"). Defendants do not oppose this Motion. Plaintiffs state the following:

1. The Supreme Court has recognized the existence of a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

*Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) ("The public has a common law right to inspect and copy judicial records.") (internal quotation marks omitted).

2. However, "'the right to inspect and copy judicial records is not absolute,' . . . and the presumption in favor of public access to court records can be overcome in certain instances. For example, courts have denied public access to . . . 'sources of business information that might harm a litigant's competitive standing.'" *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-cv-1202-WCB, 2017 WL 434207, at *1 (E.D. Tex. Feb. 1, 2017) (quoting *Nixon*, 435 U.S. at 598).

3. For instance, courts in this and other districts have granted motions to seal where the sealed information relates to a party's revenues, license agreements, and other information that would otherwise put the party at a "competitive disadvantage." *Id.* at *2 (granting motion to seal revenues and license agreements); *Mylan Institutional LLC v. Aurobindo Pharma Ltd.*, No. 2:16-cv-00491-RWS-RSP, Dkt. No. 22 (E.D. Tex. June 10, 2016) (granting motion to seal plaintiffs' preliminary injunction motion and accompanying declarations); *Boehringer Ingelheim Pharma GmbH & Co. KG v. Mylan Pharm., Inc.*, No. 14-cv-4727 NLH/KMW, 2015 WL 1816473, at *2 (D.N.J. Apr. 22, 2015) (granting motion to seal because "the information relating to MPI's and Mylan Inc.'s sales and revenue is confidential and proprietary, and MPI and Mylan Inc. would suffer serious commercial injury if such information became available to the public").

4. Plaintiffs' TRO Motion and the Supporting Declarations contain highly confidential information concerning Rare Breed's financial data, including sales data; financial information regarding revenue, costs, and product losses; and confidential information regarding Rare Breed's dealer relationships. If any of this information were to become

public, Rare Breed's competitors—and even Rare Breed's customers and contractual partners—could leverage this information to put Rare Breed at a competitive disadvantage. Additionally, Exhibit 78 to the DeMonico Declaration contains the personally identifiable information of third parties who have been subjected to death threats as a result of the present litigation. If this information were to become public, the safety of those third parties would be compromised.

5. The TRO Motion, the Eichmann Declaration, and Exhibits 7–11 and 13 of the Colvin Declaration contain information concerning the Defendants' financial and business data that they have designated confidential. In particular, Exhibits 7–11 and 13 of the Colvin Declaration contain the following confidential information of the Defendants produced pursuant to expedited discovery in this case: financial information regarding revenue, costs, and product losses. Plaintiffs' TRO Motion and the Eichmann Declaration incorporate the aforementioned categories of confidential information throughout.

6. As a Protective Order has not yet been entered, Plaintiffs respectfully move for leave to file their TRO Motion and the Supporting Declarations under seal.

DATED: September 2, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy (admitted *pro hac vice*)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), the undersigned certifies that counsel for Plaintiffs have complied with the meet and confer requirement of Local Rule CV-7(h). Counsel for Plaintiffs, including Jory Hoffman, conferred telephonically with counsel for Defendants, John Skeriotis and Sergey Vernyuk, on Monday, August 31. Defendants do not oppose this Motion, provided that Plaintiffs do not oppose Defendants' filing of a motion to file their response in opposition to this Motion under seal. Plaintiffs do not oppose that request. This Motion is therefore unopposed.

*/s/ Matthew A. Colvin*
Matthew A. Colvin

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 2, 2026, to all counsel of record via electronic mail.

*/s/ Matthew A. Colvin*
Matthew A. Colvin