# EXHIBIT 5

**From:** Matt Colvin
**To:** jms@etblaw.com
**Cc:** Sergey Vernyuk; [FR Service] ABC IP/Rare Breed; Gbellamy@whe-Law.com
**Subject:** RE: ARHK
**Date:** Tuesday, August 11, 2026 4:20:04 PM

John,

My email made no concession that Plaintiffs could not meet their burden without the requested information. You have made your position clear and we will note it in our motion.

Matt

**From:** John M. Skeriotis <jms@etblaw.com>
**Sent:** Friday, August 7, 2026 9:45 AM
**To:** Matt Colvin <colvin@fr.com>
**Cc:** Sergey Vernyuk <sv@etblaw.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Gbellamy@whe-Law.com
**Subject:** Re: ARHK

Matt,

Thank you for your email. AS Designs declines the request for a pre-release inspection of the ARHK product and its design drawings, for the reasons below — though I close with a practical path forward.

The ARHK product is not accused in any pleading in this case, and no served discovery request reaches it. Courts do not permit discovery into unaccused products absent a specific showing of reasonable similarity to the accused products or asserted claims, see, e.g., Invensas Corp. v. Renesas Elecs. Corp., 287 F.R.D. 273, 282–83 (D. Del. 2012), and your email makes no such showing — it candidly states that Plaintiffs seek the inspection to determine whether an accusation could be made. You know that analysis is Plaintiffs' Rule 11 obligation to perform on information legitimately available to them, not AS Designs' obligation to enable in advance. See View Eng'g, Inc. v. Robotic Vision Sys., Inc., 208 F.3d 981, 986 (Fed. Cir. 2000); Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1300–02 (Fed. Cir. 2004).

The threatened TRO would fare no better. First, it requires a meet and confer per LR CV-7(h). Second, Plaintiffs would bear the burden of a clear showing on each Winter factor, Winter v. NRDC, 555 U.S. 7, 20–22 (2008), beginning with a likelihood that the ARHK product infringes at least one valid claim of an asserted patent. Your email concedes Plaintiffs cannot make that showing. Irreparable harm from a product Plaintiffs have

never examined is speculative by definition, cannot be presumed after eBay, and cannot satisfy the causal-nexus requirement of the Apple v. Samsung line. AS Designs' declination of a voluntary inspection to which Plaintiffs have no entitlement is not evidence of anything, and a TRO motion resting on that inference would invite a fee application under Rule 11 and 35 U.S.C. § 285.

That said, Plaintiffs' stated concern is resolved by ordinary means: upon commercial release, the ARHK product will be publicly available, and Plaintiffs may obtain a unit and perform their analysis exactly as Rule 11 contemplates. If, at that time, Plaintiffs believe in good faith that a claim chart supports an accusation, we can meet and confer regarding whether and how the ARHK product should be addressed in this case, most likely by amending the operative complaint and pending preliminary Injunction motion. What AS Designs will not do is provide confidential pre-release design materials, or a pre-release sample, in the absence of any legal obligation to do so.

Very truly yours,

John M. Skeriotis
Emerson, Thomson & Bennett, LLC
1914 Akron Peninsula Road
Akron, Ohio 44313
330.434.9999 - O
330.434.8888 - F
330.352.4240 - C
www.etblaw.com

On Aug 5, 2026, at 11:32 AM, Matt Colvin <colvin@fr.com> wrote:

Our next step is to file a TRO.

We also understand that AS Designs is working on a product for an FN SCAR. We also request design information about that product so that we can conduct an evaluation to see if it infringes.

Matt

---

**From:** John M. Skeriotis <jms@etblaw.com>
**Sent:** Wednesday, August 5, 2026 10:12 AM

**To:** Matt Colvin <colvin@fr.com>
**Cc:** Sergey Vernyuk <sv@etblaw.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Gbellamy@whe-Law.com
**Subject:** Re: ARHK

[This email originated outside of F&R.]

Matt,
I was out of the office attending the deposition last week and playing catch up this week.

We need to know what you mean when you state "If, after such an inspection, we confirm whether the "ARHK" products are part of the present case against AS Designs, we will reach out regarding a meet and confer concerning next steps." Specifically, what do you consider the "next steps" assuming Plaintiffs assert infringement? I cannot provide adequate counsel to my client without knowing what Plaintiffs perceive as the next steps.

Very truly yours,

John M. Skeriotis
Emerson, Thomson & Bennett, LLC
1914 Akron Peninsula Road
Akron, Ohio 44313
330.434.9999 - O
330.434.8888 - F
330.352.4240 - C
www.etblaw.com

On Aug 4, 2026, at 3:21 PM, Matt Colvin <colvin@fr.com> wrote:

Hi John,

We haven't heard from you on this. If we haven't heard from you by tomorrow then we'll assume that you aren't going to respond

and we'll proceed on that basis.

Thanks,

Matt

---

**From:** Matt Colvin
**Sent:** Tuesday, July 28, 2026 4:19 PM
**To:** Sergey Vernyuk <sv@etblaw.com>; John M. Skeriotis <jms@etblaw.com>
**Cc:** [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Gbellamy@whe-Law.com
**Subject:** RE: ARHK

Resending to John's correct email address.

Matt

---

**From:** Matt Colvin
**Sent:** Tuesday, July 28, 2026 2:57 PM
**To:** John Skeriotis <jms@erblaw.com>; Sergey Vernyuk <sv@etblaw.com>
**Cc:** [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Gbellamy@whe-Law.com
**Subject:** ARHK

John,
Based on publicly available information, it appears that AS Designs recently started producing its "ARHK" and we understand that AS Designs plans to release its "ARHK" products in the coming weeks. *See* https://activesafetydesigns.com/mp5/arhk/.
Plaintiffs have no interest in accusing or seeking to restrain sales of or otherwise enjoin any products that are not infringing any of ABC's patents. To that end, and to the extent that AS Designs has completed its engineering and pre-production work as its website indicates (and does not anticipate any material changes in the product before sales begin), then Plaintiffs request an opportunity to inspect a sample and design drawings on an outside counsel eyes only basis in order to confirm whether the "ARHK" products will be accused under any of ABC's patents (and which one(s)).
If, after such an inspection, we confirm whether the "ARHK" products are part of the present case against AS Designs, we will reach out regarding a meet and confer concerning next steps.
If AS Designs refuses to allow an inspection of the "ARHK" products, Plaintiffs anticipate filing a TRO against the "ARHK" products based

on the publicly available information and will note in their request for a TRO that AS Designs refused to provide an inspection of the products and design documents.

Please let us know if you would like to discuss the matter.

Matt

**Matt Colvin**

Principal ■ Fish & Richardson P.C.

**T:** 214 292 4013 **|** colvin@fr.com

************************************************************
************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
************************************************************
************************************************************

**********************************************************************
**************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
**********************************************************************
**************************************************