IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: RARE BREED TRIGGERS PATENT LITIGATION | CASE NO. 4:26-md-03176-ALM |
| RARE BREED TRIGGERS, INC. et al.,<br>Plaintiffs,<br>vs.<br>AS DESIGNS, LLC et al.,<br>Defendants. | (CASE NO. 4:26-cv-00370-ALM)<br>CHIEF JUDGE AMOS L. MAZZANT |

**DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

Defendants AS Designs, LLC ("AS Designs"), Matthew Karlovic, and Calvin Olson respectfully move for an extension of time (until September 28, 2026) to respond to Plaintiffs' Motion for Temporary Restraining Order (Dkt. 74, "TRO Mot."). Plaintiffs do not oppose the requested extension.

## I. BACKGROUND

Plaintiffs have filed several motions for preliminary injunctions against various products in the cases centralized in this MDL, including in this case. (*See, e.g.,* Dkt. #28 (filed April 27, 2026, and in the process of being briefed).) Plaintiffs filed the instant TRO Motion against AS Designs' ARHK product.

Per Plaintiffs' own witness, AS Designs publicly announced the ARHK at the SHOT Show in January 2026, announced it on Instagram on February 5, 2026, and "posted full specifications on Instagram on April 4, 2026." (Dkt. #74-2 at ¶54; *see also* Dkt. #75-28; Dkt. #75-29; Dkt. #75-33 to #75-36; Dkt. #76-4.) Despite the ARHK being publicly announced through various channels

since the start of 2026, Plaintiffs waited until July 28, 2026, before first reaching out to Defendants about it. (*See* Dkt. #75-5 at 5.[1]) And Plaintiffs further took until September 2, 2026, to file the TRO Motion.[2]

The TRO Motion is 30 pages long – double this District's standard limit. *See* Local Rule CV-7(a)(2); Dkt. #78. As Plaintiffs' motion requesting those extra pages states, the TRO Motion asserts four patents against the ARHK. (Dkt. #72 at 2.) The TRO Motion and accompanying filings total almost a thousand pages. The TRO Motion is supported by three declarations, one of which is an 80-page declaration from a financial expert. (Dkt. #74-1; Dkt. #74-2; Dkt. #75.) The 43-page Demonico Declaration is accompanied by 78 exhibits. (Dkt. #74-2 at 38-43.) To say that the TRO Motion is a lot to digest is an understatement. Thus, Defendants respectfully ask for additional time to adequately respond to the motion.

## II. <u>APPLICABLE LAW</u>

The Court may, for good cause, extend Defendants' responsive deadline. *See* Fed. R. Civ. P. 6(b)(1)(A); Local Rule CV-7(e). Where an extension is sought prior to the expiration of the deadline, "a court may extend the period for any reason, upon a party's motion or even on its own initiative." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021); *see also Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995) (court has "broad discretion to expand filing deadlines"); *Devillier v. Texas*, No. 3:20-cv-00223, 2023 WL 2744398, at *1 (S.D. Tex. Mar. 31, 2023) (Rule 6's "good cause" standard is "far more lenient" than Rule 16's standard).

---

[1] Page citations to the record in this case are to the page numbers in the ECF header.

[2] Because the TRO Motion was filed under seal, Plaintiffs' counsel emailed a link to a compressed file that was supposed to have the sealed documents later that evening. *See* Local Rule CV-5(d). However, that file did not include the sealed, supporting Demonico Declaration and exhibits (Dkt. #74-2 to #74-4). After inquiry by Defendants' counsel, those documents were provided on September 4. (*See* Exhibit 1.) Thus, Defendants' response would be due September 18. *See* Local Rule CV-7(e).

Timely requests for extensions of time normally will be granted absent bad faith or undue prejudice. *Willis v. Aron*, No. 4:23-cv-732-ALM-KPJ, 2024 WL 778384, at *2 (E.D. Tex. Feb. 26, 2024); *see also Lizarazo v. Miami-Dade Corr. & Rehab. Dep't,* 878 F.3d 1008, 1012 (11th Cir. 2017) (timely Rule 6(b)(1)(A) motions should be liberally granted).

## III. <u>DISCUSSION</u>

Good cause exists to extend Defendants' response deadline. As noted above, the TRO Motion is voluminous, requiring extensive review of hundreds of pages of scores of exhibits. Defendants are diligently working on preparing a response to the motion, but they cannot adequately review all of this information and prepare a response within just fourteen days. The motion itself is double the standard length, which logically indicates that an extension of the response deadline is appropriate. The existence of an expert declaration requires coordinating with Defendants' expert for a response, and it is unreasonable to expect him to drop everything and work on the TRO Motion. Indeed, when other defendants requested extensions of time to respond to Plaintiffs' prior preliminary-injunction motions due to their voluminous nature, Plaintiffs agreed that the "ordinary remedy for a large record is more time to respond." *See ABC IP, LLC v. Z3 Prods.*, No. 4:26-cv-00367-ALM (E.D. Tex.), Dkt. #62 at 7, 14; *see also id*. at Dkt. #66 at 5 (repeating same). The extension will permit the Court to receive a complete adversarial presentation before deciding on relief that could immediately restrict Defendants' business activities.

As further explained above, Plaintiffs took over five weeks between notifying Defendants of the anticipated motion to actually filing it, which suggests that they needed that much time to prepare it. It would therefore be appropriate and reasonable for Defendants to have at least that much time to respond (especially given that Plaintiffs knew about the ARHK and thus could have,

and likely were, preparing their motion *much* earlier). Defendants, though, only ask for slightly over one extra week. That request is eminently fair and by no means sought in bad faith.

Neither do Defendants believe there is any undue prejudice on Plaintiffs. As they noted themselves, the ARHK was not a secret, with "full specifications" posted on Instagram *five months* before the TRO Motion, and initial public disclosure earlier still. Yet Plaintiffs took their time leisurely working on the TRO Motion. So having waited for months, Plaintiffs cannot now claim any undue prejudice from the requested modest extension.

## IV. CONCLUSION

For the above-discussed reasons, Defendants respectfully request that their deadline to respond to the TRO Motion be extended until September 28, 2026.

Respectfully submitted,

Dated: September 17, 2026

EMERSON, THOMSON & BENNETT, LLC
*/s/ Sergey Vernyuk*
John M. Skeriotis (Ohio Bar # 0069263)
jms@etblaw.com
Sergey Vernyuk (Ohio Bar # 0089101)
sv@etblaw.com
1914 Akron-Peninsula Rd.
Akron, Ohio 44313
(330) 434-9999 – Telephone
(330) 434-8888 – Facsimile
*Attorneys for Defendants AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendants has complied with the meet and confer requirement in Local Rule CV-7(h). This Motion is unopposed by Plaintiffs.

John Skeriotis and Sergey Vernyuk (counsel for Defendants) conferred with Jory Hoffman (counsel for Plaintiffs) on August 31, 2026, by telephone regarding the relief requested in this Motion. Sergey Vernyuk and Matt Colvin (counsel for Plaintiffs) further conferred regarding the requested relief by email on September 11 and 15, 2026. John Skeriotis and Matt Colvin further conferred regarding the requested relief in person and by email on September 16 and 17, 2026. Plaintiffs agreed to not oppose the requested relief if (1) Defendants would not oppose a request for one extra week to file Plaintiffs' reply to Defendants' opposition to the TRO Motion, and (2) the parties would agree to not oppose requests for five extra pages for Plaintiffs' reply and Defendants' sur-reply to the TRO Motion, which Defendants agree with.

*/s/ Sergey Vernyuk*
Counsel for Defendants