AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

EXHIBIT 7

| | | |
|---|---|---|
| ABC IP, LLC and RARE BREED TRIGGERS, INC., *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:26-cv-00370-ALM |
| AS DESIGNS LLC, MATT KARLOVIC, and CALVIN OLSON, *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Cameron Smith, 176 N Comstock St., Wabash, IN 46992

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Stewart Richardson, 1690 Broadway, Building 19, Suite 10, Office 182, Fort Wayne, IN 46802 | Date and Time: 09/23/2026 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographically and/or video; taken in person and/or Zoom

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants AS Designs LLC, Matt Karlovic, and Calvin Olson, who issues or requests this subpoena, are:

Sergey Vernyuk, 1914 Akron Peninsula Rd, Akron, OH 44313; (330)-434-9999; sv@etblaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:26-cv-00370-ALM

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________________________________
______________________________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

ABC IP, LLC and RARE BREED TRIGGERS, INC.,
*Plaintiff*
v.
AS DESIGNS, LLC, MATT KARLOVIC, and CALVIN OLSON,
*Defendant*

Civil Action No. 4:26-cv-00370-ALM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Cameron Smith, 176 N Comstock St., Wabash, IN 46992
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See attached Exhibit.

| Place: Stewart Richardson, 1 Indiana Square<br>211 North Pennsylvania Street, Suite 2425<br>Indianapolis, IN 46204 | Date and Time:<br>09/18/2026 4:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2026

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

[signature]
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants AS Designs LLC, Matt Karlovic, and Calvin Olson, who issues or requests this subpoena, are:
Sergey Vernyuk, 1914 Akron Peninsula Rd, Akron, OH 44313; (330)-434-9999; sv@etblaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:26-cv-00370-ALM

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________
______________________________________________
______________________________ on *(date)* ____________ ; or

❐ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS DIRECTED TO NON-PARTY CAMERON SMITH**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Cameron Smith ("You" or "Mr. Smith") shall produce the Documents and Things described below, in accordance with the Definitions and Instructions set forth herein, at the time and place stated in the accompanying subpoena.

## DEFINITIONS

1. "This Action" or "this Litigation" means *In Re: Rare Breed Triggers Patent Litigation*, MDL No. 3176, Case No. 4:26-md-03176-ALM (E.D. Tex.), including member case No. 4:26-cv-00370-ALM, and all claims, counterclaims, and defenses asserted or to be asserted therein.

2. "You" or "Your" means Cameron Smith and any Person acting or purporting to act on his behalf, including any agent, representative, employee, or attorney.

3. "ABC" means Plaintiff ABC IP, LLC. "Rare Breed" means Plaintiff Rare Breed Triggers, Inc.

4. "The '538 Patent" means U.S. Patent No. 12,529,538, including each claim thereof and each application from which it issued or to which it claims priority.

5. "Asserted Patents" means U.S. Patent No. 12,038,247; U.S. Patent No. 12,031,784; U.S. Patent No. 12,529,538; U.S. Patent No. 12,578,159; and any other patent properly added to this Action, collectively and individually. "Asserted Claims" means each claim of the Asserted Patents Plaintiffs contend is infringed.

6. “FRT” means forced reset trigger. “Super Safety” means the safety-selector-modified, cam-reset, or forced-reset trigger design known by that name, including the design publicly released by Hoffman Tactical and any product embodying that design.

7. “Hoffman Tactical” means Hoffman Tactical, LLC, Timothy Hoffman, and anyone working for or on behalf of either.

8. “Prior Art” has the meaning given by 35 U.S.C. §§ 102 and 103, and includes the Blakely patent(s), the ’223 Patent, and any patent, publication, public use, sale, or offer for sale predating the priority date of any Asserted Claim.

9. “Assignment” means the assignment of the ’538 Patent (or any application leading thereto) from Cameron Smith to ABC IP, LLC dated on or about October 30, 2025, and any related agreement.

10. “Communication,” “Document,” “Thing,” and “Person” have the meanings prescribed by Rules 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence; “Document” includes electronically stored information with metadata.

11. The terms “relate to,” “relating to,” “concern,” and “concerning” mean embodying, identifying, referring to, evidencing, discussing, or having any logical or factual connection with the subject matter in question. “And” and “or” shall be construed conjunctively or disjunctively as necessary to bring within the scope of a Request all Documents that might otherwise be construed to be outside its scope; “including” means “including without limitation”; and the singular includes the plural and vice versa.

## **INSTRUCTIONS**

1. Produce all responsive, non-privileged Documents and Things in Your possession, custody, or control after a diligent search, organized as they are kept in the ordinary course of business or labeled to correspond to these Requests.

2. Produce ESI in the form in which it is ordinarily maintained or in a reasonably usable form, with metadata intact; native files (including CAD, STL, and similar design files) shall be produced in native format. Fed. R. Civ. P. 45(e)(1)(B).

3. If You withhold any Document or information under a claim of privilege or protection, expressly make the claim and provide a log describing the nature of the withheld Documents in a manner that will enable the parties to assess the claim, as required by Fed. R. Civ. P. 45(e)(2)(A).

4. If no Document is responsive to a particular Request, so state expressly.

5. If any responsive Document was, but no longer is, in Your possession, custody, or control, identify the Document, its last known custodian, and the circumstances of its disposition.

6. Unless otherwise stated, the relevant time period is January 1, 2018 to the present; provided, however, that Documents concerning conception, design, development, reduction to practice, disclosure, or Prior Art shall not be limited in time.

## DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST NO. 1:**

All Documents and Things concerning the conception, design, development, and reduction to practice of the subject matter of each claim of the ’538 Patent, including notebooks, journals, sketches, drawings, CAD files, STL or other 3D-printing files, specifications, prototypes, test records, photographs, videos, and invention disclosures.

**REQUEST NO. 2:**

All Documents corroborating the date, place, and circumstances of Your alleged conception and reduction to practice of the subject matter of each claim of the ’538 Patent.

**REQUEST NO. 3:**

All Documents concerning the preparation, filing, and prosecution of the application(s) leading to the ’538 Patent, including drafts of the application or claims, inventor declarations, information disclosure statements and the materials considered in preparing them, and non-privileged Communications with any patent attorney or agent concerning inventorship or Prior Art.

**REQUEST NO. 4:**

All Communications between You and Timothy Hoffman or Hoffman Tactical, and all Documents concerning any such Communications, relating to FRTs, the Super Safety, safety-selector-modified or cam-reset trigger designs, or the ’538 Patent.

**REQUEST NO. 5:**

All Documents concerning the Hoffman Tactical Super Safety design, including any design files, specifications, drawings, STL or CAD files, instructions, or videos released or published by Hoffman Tactical, and Documents sufficient to show when and how You first obtained, downloaded, viewed, or became aware of each such item.

**REQUEST NO. 6:**

All Documents concerning whether Timothy Hoffman or Hoffman Tactical conceived of, designed, disclosed, published, or reduced to practice any subject matter claimed in the ’538 Patent, whether before or after Your alleged conception.

**REQUEST NO. 7:**

All Communications between You and any of ABC, Rare Breed, Brian A. Blakley, or Lawrence DeMonico, and all Documents concerning any such Communications, relating to the ’538 Patent, any other Asserted Patent, FRTs, the Super Safety, Hoffman Tactical, this Action, or any related litigation.

**REQUEST NO. 8:**

The Assignment, together with all Documents concerning the negotiation, consideration, compensation, execution, and recording of the Assignment.

**REQUEST NO. 9:**

All Documents concerning any relationship between You and any of ABC, Rare Breed, Brian A. Blakley, Lawrence DeMonico, or any of their affiliates, including any employment, consulting, independent-contractor, ownership, royalty, compensation, indemnification, defense-funding, or fee agreement.

**REQUEST NO. 10:**

All Documents concerning any payment, royalty, or other compensation or thing of value paid, promised, or offered to You relating to the ’538 Patent, the Assignment, this Action, or Your cooperation or testimony in any litigation.

**REQUEST NO. 11:**

All Documents concerning any Prior Art to any claim of the ’538 Patent known to You, including the ’223 Patent, any Blakley patent, and any third-party FRT, forced-reset, cam-reset, or trigger-reset design.

**REQUEST NO. 12:**

All Documents concerning any public disclosure, publication, public use, demonstration, offer for sale, or sale of any subject matter claimed in the ’538 Patent occurring before the priority date claimed for the ’538 Patent, by You or by any other Person.

**REQUEST NO. 13:**

Documents sufficient to identify each Person who conceived of, or contributed to the conception of, the subject matter of any claim of the ’538 Patent, and the specific contribution of each such Person.

**REQUEST NO. 14:**

All Documents concerning Your first awareness of the Super Safety, the ARC-Fire, or any FRT design or product accused of infringement in this Action.

**REQUEST NO. 15:**

All non-privileged Documents and Communications concerning any declaration, affidavit, statement, or testimony You have given, been asked to give, or may give in this Action or in any other litigation or proceeding concerning the ’538 Patent or any other Asserted Patent.

**REQUEST NO. 16:**

All Documents concerning any other patent application filed by You or on Your behalf relating to triggers, fire-control components, or firearms accessories, including any application claiming priority to or from the ’538 Patent.