**From:** John M. Skeriotis
**Sent:** Monday, August 17, 2026 3:35 PM
**To:** colvin
**Cc:** Glenn Bellamy; melissa; [FR Service] ABC IP/Rare Breed; Sergey Vernyuk
**Subject:** Re: Rare Breed Deposition
**Attachments:** 260817 Revised Clean Stipulated Motion to Extend Sur-Reply Deadline_MCC.docx; 260817 Revised Stipulated Motion to Extend Sur-Reply Deadline_MCC.docx

Report This Email

Matt,
We can chat about it but we are not going to file a sur-reply until we get the deposition and documents from Cameron Smith. Given Plaintiffs documents they provided during the reply, we need that information from him. Plaintiffs have stated that they will “probably” represent him. We have tried to serve him with 2 subpoenas and, per our process server, he is avoiding service. So, we can work this out in 2 ways. One, Plaintiffs agree to produce him and documents for his deposition or we can continue to try and serve him through the procedures the Court and the rules have in place. If the latter, it will only delay our sur-reply. We can discuss that later.

As for the motion that I need to file today, I have revised it and I think it accurately characterizes our agreement. I have attached 2 documents, one track changes and the other a clean version.

If for some reason you oppose, I have availability for a meet and confer from now until all night but for from 6-7:15 p.m. EST.

Let me know as I would like to get this filed ASAP.

Very truly yours,

John M. Skeriotis
Emerson, Thomson & Bennett, LLC
1914 Akron Peninsula Road
Akron, Ohio 44313
330.434.9999 - O
330.434.8888 - F
330.352.4240 - C
www.etblaw.com

On Aug 17, 2026, at 2:49 PM, Matt Colvin <colvin@fr.com> wrote:

EXHIBIT
12

John,

My edits are attached.

Matt

---

**From:** Matt Colvin
**Sent:** Monday, August 17, 2026 1:10 PM
**To:** John M. Skeriotis <jms@etblaw.com>; Gbellamy@whe-Law.com; melissa@gillamsmithlaw.com; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>
**Cc:** Sergey Vernyuk <sv@etblaw.com>
**Subject:** RE: Rare Breed Deposition

John,

We'll have a few edits to your motion and will get it back to you soon.

Matt

---

**From:** John M. Skeriotis <jms@etblaw.com>
**Sent:** Monday, August 17, 2026 8:58 AM
**To:** Matt Colvin <colvin@fr.com>; Gbellamy@whe-Law.com; melissa@gillamsmithlaw.com; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>
**Cc:** Sergey Vernyuk <sv@etblaw.com>
**Subject:** Fwd: Rare Breed Deposition

[This email originated outside of F&R.]

Counsel,
Today is the day that AS Designs' Sur-reply is due pursuant to the Court's Scheduling Order. Given that we are all still working out the details of the depositions, I need a stipulated motion to the Court to extend the Sur-reply until depositions take place. As such, I have drafted a stipulated motion to file today. Please review the attached and provide me with your approval to file.

Very truly yours,

John M. Skeriotis
Emerson, Thomson & Bennett, LLC
1914 Akron Peninsula Road
Akron, Ohio 44313
330.434.9999 - O
330.434.8888 - F
330.352.4240 - C
www.etblaw.com

> Begin forwarded message:
>
> **From:** Edward Chin <echin@McKoolSmith.com>
> **Subject: Re: Rare Breed Deposition**

**Date:** August 14, 2026 at 7:18:46 PM EDT
**To:** Matt Colvin <colvin@fr.com>
**Cc:** "jms@etblaw.com" <jms@etblaw.com>, Sergey Vernyuk <sv@etblaw.com>, "Timothy Getzoff" <tgetzoff@hollandhart.com>, Randy Roeser <jrroeser@hollandhart.com>, Jeffrey Pope <jspope@hollandhart.com>, Andrew Orr <acorr@hollandhart.com>, "jshull@bannerwitcoff.com" <jshull@bannerwitcoff.com>, gbeach <gbeach@bannerwitcoff.com>, SBurow <SBurow@bannerwitcoff.com>, "abruening@bannerwitcoff.com" <abruening@bannerwitcoff.com>, Paul Swanson <pdswanson@hollandhart.com>, Atrius-RareBreed <Atrius-RareBreed@mckoolsmith.com>, "afloyd@floydip.com" <afloyd@floydip.com>, "Gbellamy@whe-Law.com" <Gbellamy@whe-Law.com>, "melissa@gillamsmithlaw.com" <melissa@gillamsmithlaw.com>, "[FR Service] ABC IP/Rare Breed" <FRServiceABCIPRareBreed@fr.com>

Matt,

Thank you for the proposal. We need clarification regarding its intended scope and effect.

First, do Plaintiffs contend that either deposition would be deemed taken in, applicable to, or usable in connection with the cases implicated by Plaintiffs' Atrius Customer Defendants PI Motion ("ACD PI Motion"), Plaintiffs' Atrius PI Motion, or both?

Second, how does this proposal interact with the expedited discovery Plaintiffs request in their pending motion? Is the proposal intended to modify, narrow, supplement, or otherwise alter those requests? If defendants accept the proposal, what portions of the pending motion would remain for decision?

Third, are Plaintiffs proposing that these depositions proceed in cases where the court has not authorized preliminary-injunction discovery or otherwise opened discovery? If so, please explain the procedural basis for taking and using the depositions in those cases. Please also confirm whether participation would be deemed consent to discovery or a waiver of any objection concerning the scope or timing of preliminary-injunction or merits discovery.

Fourth, will a defendant that participates remain entitled to depose either witness during merits discovery? Conversely, if a defendant declines to participate—particularly because discovery has not been authorized in its case—will Plaintiffs later contend that the defendant waived, forfeited, or should be restricted in its ability to depose either witness? Please identify any limitation Plaintiffs contend would apply to either category of defendant, including limitations on:

- the availability, number, or duration of subsequent depositions;
- the subjects that may be examined;

- questions concerning subjects addressed during these depositions; or
- whether defendants would again be required to share a single examination.

Relatedly, do Plaintiffs contend that any testimony, topic, or area of inquiry addressed during these depositions would later be deemed exhausted, cumulative, waived, or otherwise unavailable to either a participating or nonparticipating defendant?

Fifth, please clarify what Plaintiffs mean by stating that “[t]his time will not count against general discovery limits later in the case.” Does that apply to the number of depositions, deposition time, any aggregate hour limit, or all of those? Does it mean these examinations will not diminish or restrict any defendant’s ability to take a full merits deposition of either witness later?

Finally, does the prohibition on returning to an attorney after that attorney passes the witness apply only to the sequencing among defense counsel? If Plaintiffs’ counsel examine the witness after Defendants’ questioning, will defense counsel be permitted appropriate follow-up concerning matters raised during that examination?

These questions are intended to clarify the proposal and should not be construed as agreement to the proposed depositions, dates, location, time limits, or allocation procedure. Atrius and the ACDs reserve all rights and objections.

Once we have Plaintiffs’ responses, we should be in a better position to determine whether a conference or counterproposal would be productive.

Thanks,

Ed

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distributio use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by th unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmi should be immediately destroyed.

On Aug 12, 2026, at 5:44 PM, Matt Colvin <colvin@fr.com> wrote:

Counsel,

Plaintiffs intend to make Lawrence DeMonico (for Rare Breed) and Cole Leleux (for ABC IP) available for their preliminary

injunction depositions in Dallas on August 25 and 26. We are only going to make them available once for all of the pending preliminary injunction motions that involve discovery. Defendants should work together to allocate time between themselves and coordinate as they wish. RB and ABC will permit questioning from multiple attorneys, but once an attorney passes the questioning to another attorney, the first attorney will no longer be able to ask additional questions.

Each witness will be made available for seven hours collectively in their corporate representative and personal capacities. This time will not count against general discovery limits later in the case.

Please let us know by Friday at 1pm CT if you do not agree with this plan, and provide any counterproposal by then so that we can productively confer about this matter as necessary. If there is not agreement, we will meet and confer on Friday afternoon.

Thanks,

Matt

**Matt Colvin**
Principal ■ Fish & Richardson P.C.

**T:** 214 292 4013 **|** colvin@fr.com

****************************************************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
****************************************************************************************************************************************

<image001.png>
<image002.png>

****************************************************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
****************************************************************************************

**************************************<260817 Stipulated Motion to Extend Sur-Reply Deadline_MCC.docx>