**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>AS DESIGNS, LLC, *et al.*<br><br>*Defendants*. | Civil Action No. 4:26-cv-00370-ALM<br><br>**REQUEST FOR EXPEDITED CONSIDERATION** |

**DEFENDANTS' MOTION TO STRIKE**
**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

Defendants AS Designs, LLC ("AS Designs"), Matthew S. Karlovic, and Calvin Olson (collectively, "Defendants") move to strike Plaintiffs' Motion for Temporary Restraining Order (Dkt. #74) (the "TRO Motion")—or, alternatively, to summarily deny it without reaching the merits. Because the TRO Motion seeks to enjoin a product that is not accused in this action, Defendants further request that the Court decide this Motion on an expedited basis and before it takes up the TRO Motion. In support, Defendants state as follows.

## INTRODUCTION

Plaintiffs' TRO Motion seeks to enjoin a product that is not pleaded in this case and therefore lies outside the issues before the Court. Each complaint—including the third Amended Complaint[1]—accuses AS Designs' ARC-Fire and Super Safety products. Dkt. #39 at ¶¶ 32, 38.

[1] On September 17, 2026, the Court granted leave to file a Third Amended Complaint (Dkt. #82). As of this filing, Plaintiffs have not filed it; Defendants proceed on the understanding that, once filed, it will be operative. Nothing in this Motion turns on the difference: neither the current complaint (Dkt. #4) nor the proposed third Amended Complaint (Dkt. #39) mentions the ARHK.

None mentions the "ARHK"—a forced reset trigger for an entirely different firearm platform that AS Designs first announced at the January 2026 SHOT Show, that has never been sold, and that Plaintiffs concede they have never inspected. Dkt. #74 at 9, 18. Plaintiffs have never sought leave to amend any complaint to accuse the ARHK of patent infringement. Instead, they filed a thirty-page motion for a temporary restraining order that asks the Court to adjudicate infringement, validity, irreparable harm, and the balance of equities as to a product on which no claim has been pleaded, no answer or counterclaim has been filed, and no discovery has been taken.

The Court has already resolved the question implicated by the TRO Motion. On September 17, 2026, in at least four other member actions in this MDL, the Court denied Plaintiffs' requests for leave to amend their complaints "to add claims related to newly discovered accused products." *ABC IP, LLC v. Nguyen*, No. 4:26-cv-00425-ALM, Dkt. #70 at 1 (E.D. Tex. Sep. 17, 2026); *ABC IP, LLC v. Harrison Gunworks LLC*, No. 4:26-cv-00379-ALM, Dkt. #74 at 1 (E.D. Tex. Sep. 17, 2026); *Rare Breed Triggers, Inc. v. DNT LLC*, No. 4:26-cv-00377-ALM, Dkt. #90 at 1 (E.D. Tex. Sep. 17, 2026); *ABC IP, LLC v. Optics Planet, Inc.*, No. 4:26-cv-00521-ALM, Dkt. #131 at 1 (E.D. Tex. Sep. 17, 2026). In those actions Plaintiffs at least followed Rule 15 and asked. Here they did not ask at all. If Plaintiffs may not add a newly discovered product to a member action through a motion for leave to amend, they should not be able to add one through a motion for a temporary restraining order.

Plaintiffs have also already conceded the rule that decides this Motion. When other defendants moved in June to hold Plaintiffs' consolidated preliminary-injunction motion in abeyance because it relied on patents not yet in the operative complaints, Plaintiffs did not dispute that injunctive relief must be tethered to the pleadings. They answered that they had already moved for leave to amend, that "Rare Breed agrees the leave motions should be decided first," and that

the defendant-cited cases were distinguishable because "[n]one involved a movant who, like Rare Breed, had a pending motion to amend its complaint to bring the relevant claims into the case." *ABC IP, LLC v. Mister Guns, LLC*, No. 2:26-cv-00056-ALM, Dkt. #56 at 1, 10 (E.D. Tex. June 18, 2026) ("Pls.' Abeyance Opp'n"). They also distinguished adding patents that "read on the same accused products" from an amendment that "would have changed the scope of the requested injunctive relief." *Id.* at 2, 10. The ARHK falls on the wrong side of each of those lines: no motion for leave is pending, the Court has since denied leave to add newly discovered products, and the TRO Motion does not merely add a patent to an accused product—it adds a product, for a different firearm platform, that no pleading in this case supports.

That conclusion follows from settled law as well. Because this TRO seeks to regulate conduct "lying wholly outside the issues in the suit," it fails at the threshold under *De Beers* and should be stricken—or summarily denied—without reaching Rule 65, *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945), and a motion that seeks relief on an unpleaded claim fails at the threshold—no matter how the four Rule 65 factors might otherwise come out. The TRO Motion is such a motion, and it should be stricken.

Finally, because the TRO Motion, if left on the docket, will require the Court and the parties to brief and decide a full preliminary-injunction record on a claim Plaintiffs never pleaded, Defendants respectfully ask the Court to decide the instant Motion first and on an expedited basis, and to suspend further proceedings on the TRO Motion until the instant Motion is resolved.

# I. BACKGROUND

## A. The Operative Pleadings Accuse Only Two Products—ARC-Fire and Super Safety—Not ARHK.

Plaintiffs' third Amended Complaint accuses two AS Designs products—the ARC-Fire and the Super Safety, both trigger products for AR-15-pattern rifles—of infringing the '247, '784,

’159, ‘538, and ’403 Patents. Dkt. #39 at ¶¶ 11, 32, 38. Plaintiffs moved for a preliminary injunction against those two products (Dkt. #28); that motion remains pending. Plaintiffs confirm the case’s scope: “AS Designs sells the Super Safety and ARC-Fire . . . . Those products are the subject of Plaintiffs’ pending PI Motion . . . . Dkts. 28, 50, 63.” Dkt. #74 at 10.

### B. <u>The ARHK Is a Different, Unreleased Product for a Different Firearm Platform.</u>

The ARHK is a trigger for Heckler & Koch MP5-pattern, roller-delayed firearms, which—per Plaintiffs—“use a different operating system from AR-15-pattern rifles.” Dkt. #74 at 4 n.1. Plaintiffs call it “a new infringing product” with which AS Designs is “weeks from entering the HK market.” *Id.* at 2. AS Designs announced the ARHK at the SHOT Show in January 2026. *Id.* at 9. It has never been sold: “[b]ecause the ARHK is unreleased, no physical unit is publicly available to inspect.” *Id.* at 18; *see also id.* at 28 (“The ARHK has not launched.”). Plaintiffs acknowledge that the ARHK differs from the ARC-Fire—at very least, it is “a scaled up version with larger cam surfaces, a thicker detent bar and transfer lever”—and concede that their infringement theory “rests on what AS Designs has said publicly.” *Id.* at 9, 17–18.

Plaintiffs first raised the ARHK with Defendants’ counsel by email on July 28, 2026, demanding a sample and design drawings and announcing their intent to seek a TRO if Defendants declined. *Id.* at 33. Defendants declined. *Id.* At no point—before or after that exchange—did Plaintiffs move for leave to amend their complaint to accuse the ARHK.

### C. <u>The TRO Motion.</u>

On September 2, 2026, Plaintiffs filed the TRO Motion, which asks the Court to enjoin Defendants “from making, using, offering to sell, selling, or importing any Accused ARHK until a preliminary injunction can be briefed and entered.” Dkt. #74 at 30. The TRO Motion asserts claims of four patents—the ’159, ’247, ’784, and ’403 Patents. *Id.* at vii, 8. The TRO Motion

devotes thirty pages and numerous declarations and exhibits to the ARHK's asserted infringement, the validity of the asserted patents, the harm Plaintiffs anticipate from the ARHK's launch, the balance of the equities, and the public interest—every element of a preliminary-injunction case on a product that appears nowhere in the pleadings. *See generally id.*

### D. Plaintiffs' Position on the June Abeyance Motions.

In June 2026, the defendant groups subject to Plaintiffs' first Consolidated Motion for Preliminary Injunction[2] moved to hold that motion in abeyance because it sought relief on patents not yet asserted in the operative complaints. *See, e.g.*, *ABC IP, LLC v. Mister Guns*, *LLC,* No. 2:26-cv-00056, Dkt. #45 (E.D. Tex. June 4, 2026). Plaintiffs opposed—not on the ground that a movant may obtain preliminary relief on an unpleaded claim, but on the grounds that they had already moved for leave to amend in every affected action; that "Rare Breed agrees the leave motions should be decided first"; that granting leave and then deciding the injunction on the amended pleadings is "the rules operating as designed"; and that defendant-cited authorities "each refused an injunction aimed at conduct not pleaded and for which no motion to amend was pending." Pls.' Abeyance Opp'n at 1, 8–10. Plaintiffs also described their pending requests to add "new accused products that Defendants recently began selling" as "run-of-the-mill" amendments. *Id.* at 8.

### E. The Court's September 17, 2026 Orders.

In various other member actions in this MDL, Plaintiffs moved for leave to amend their complaints to (i) assert additional patents, (ii) add claims related to "newly discovered accused products," (iii) add RBTM LLC as a plaintiff, and (iv) add trademark, false-designation, and unfair-competition claims. On September 17, 2026, the Court granted leave to assert additional patents but denied each of the remaining requests, including—in multiple actions—Plaintiffs'

[2] *In re Rare Breed Triggers Patent Litig.*, No. 4:26-md-03176, Dkt. #7 (E.D. Tex. May 29, 2026).

"request to add claims related to newly discovered accused products." *Nguyen*, No. 4:26-cv-00425, Dkt. #70 at 1–2; *Harrison Gunworks*, No. 4:26-cv-00379, Dkt. #74 at 1–2; *DNT*, No. 4:26-cv-00377, Dkt. #90 at 1-2; *Optics Planet*, No. 4:26-cv-00521, Dkt. #131 at 1-2. The Court thus granted the request Plaintiffs had described as adding patents that "read on the same accused products," and denied the requests to add the "new accused products" that Plaintiffs had called "run-of-the-mill." Pls.' Abeyance Opp'n at 2, 8. Plaintiffs have filed no motion for leave to amend this action to add the ARHK.

## II. ARGUMENT

### A. The Court Cannot Grant Preliminary Injunctive Relief on a Claim Plaintiffs Have Not Pleaded.

A temporary restraining order, like a preliminary injunction, is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Its purpose "is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits" of the claims before it. *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974). The Supreme Court has drawn the resulting boundary in unmistakable terms: "A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally." *De Beers*, 325 U.S. at 220. An order that "deals with a matter lying wholly outside the issues in the suit" is "not an injunction in the cause," and it lies beyond the court's equitable power. *Id.*; *see also Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 326-27 (1999) (quoting *De Beers*).

*De Beers* establishes that preliminary relief must track the claims before the court; the courts of appeals apply the same nexus requirement, refusing relief on claims the district court did not have before it. *E.g., Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). Conduct that differs from the conduct pleaded "cannot provide the basis for a preliminary

injunction in this lawsuit." *Id.* The Fifth Circuit applies the same principle. In *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Parish Gov't*, the court refused to consider claims the plaintiff added by amendment after the district court ruled on its preliminary-injunction motion, explaining that "there could be no abuse of discretion by the district court in denying relief based on claims that the court did not have before it," and that the plaintiff's remedy was to "raise these claims before the district court in the first instance in a motion for a new preliminary injunction" after the complaint was amended. 849 F.3d 615, 627 (5th Cir. 2017). Courts in this District and Circuit routinely deny TRO and preliminary-injunction motions that are untethered to the pleadings. *See, e.g.*, *Flores v. Sanders*, No. 6:21cv00145, 2022 WL 18276842, at *2 (E.D. Tex. May 12, 2022) (recommending denial where the "request for injunctive relief is entirely unrelated to the allegations of [the] complaint"); *Gill v. Neaves*, 657 F. Supp. 1394, 1399 (W.D. Tex. 1987) (denying TRO and preliminary injunction where "the grounds alleged in the motion ha[d] absolutely nothing to do with the underlying cause of action"); *Thomas v. Linthicum*, No. 2:22-cv-00162, 2023 WL 9058519, at *4 (S.D. Tex. Sept. 12, 2023) ("[A] request for a preliminary injunction must relate to the claims in the underlying complaint." (collecting cases)); *Walcott v. Terrebonne Parish Consol. Gov't*, No. 17-1125, 2017 WL 6371577, at *1 (E.D. La. Nov. 20, 2017) (denying injunctive relief "wholly unrelated to the claims in this lawsuit"), *adopted*, 2017 WL 6344149 (E.D. La. Dec. 12, 2017); *see also Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (requiring "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself"); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997).

The rule applies with particular force in patent cases, where the accused product defines the claim. Under Federal Circuit law—which governs likelihood of success, *see* Dkt. #74 at 15—"[a] plaintiff has the burden of showing that each product infringes at least one claim," and a court granting a preliminary injunction "must generally conduct a product-by-product infringement analysis." *ABC Corp. I v. P'ship & Unincorporated Ass'ns Identified on Schedule "A"*, 52 F.4th 934, 943-44 (Fed. Cir. 2022). This District's Local Patent Rules give that principle procedural form: a party claiming infringement must identify, "[s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality," and "[t]his identification shall be as specific as possible," Local Patent Rule ("P.R.") 3-1(b); must serve "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality," P.R. 3-1(c); and may amend those contentions thereafter "only by order of the Court, which shall be entered only upon a showing of good cause," P.R. 3-6(b). *See Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527–28 (E.D. Tex. 2005); *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1037 (Fed. Cir. 2015) ("[I]f the patent owner wishes to add additional products to its infringement contentions, it must seek leave of court, which 'shall only be entered upon a showing of good cause.'" (quoting P.R. 3-6(b))). Under P.R. 3-1(b) and 3-1(c), only specifically identified products charted as Accused Instrumentalities are in the case; under P.R. 3-6(b), additions require leave for good cause. The ARHK satisfies none of these prerequisites and thus cannot be enjoined.

Measured against these rules, the TRO Motion fails at the threshold. The ARHK is not identified in the operative complaint. No claim that the ARHK infringes any patent has been pleaded. There is therefore no "merits" on which Plaintiffs could show a likelihood of success, no final injunction against the ARHK that "may be granted finally," *De Beers*, 325 U.S. at 220, and

no intermediate relief "of the same character" that the Court may grant now. *Id.* That the TRO Motion marches through the four Rule 65 factors does not change the analysis; the factors presuppose a pleaded claim to which they can be applied. And Plaintiffs' own briefing underscores how far the ARHK lies outside the issues in this suit: it is a "new" product, for a "different platform" with a "different operating system," that has never been sold, that Plaintiffs have never inspected, and whose infringement Plaintiffs can only infer from marketing statements. Dkt. #74 at 1–2, 4 n.1, 9, 18. A claim of that description has to be pleaded, answered, and charted before the Court can be asked to enjoin it.

Plaintiffs' own statement of the rule confirms the point. In June, Plaintiffs told the Court that the nexus inquiry "asks whether the requested injunction bears a relationship to the conduct asserted in the underlying complaint," that their consolidated motion satisfied it because "it targets the same accused products already at the center of every action," and that the nexus cases "each refused an injunction aimed at conduct not pleaded and for which no motion to amend was pending." Pls.' Abeyance Opp'n at 9–10. The TRO Motion targets a product that is nowhere in this action, on a claim that has not been pleaded and for which no motion to amend is pending. On Plaintiffs' own account, it is the case those authorities decided.

**B. <u>The TRO Motion Attempts to Circumvent the Court's September 17 Orders, Rule 15, and the Local Patent Rules.</u>**

The defect in the TRO Motion is not a technicality. The Court has now decided, in at least four member actions in this MDL, that Plaintiffs may not expand a member action "to add claims related to newly discovered accused products." *See Nguyen*, Dkt. #70 at 1–2; *Harrison Gunworks*, Dkt. #74 at 1–2; *DNT*, Dkt. #90 at 1-2; *Optics Planet*, Dkt. #131 at 1-2 (denying leave "to add claims related to newly discovered accused products"). Plaintiffs filed those requests under Rule 15, briefed them, and lost. The ARHK is a newly discovered accused product in every sense:

Plaintiffs learned of it at or after the January 2026 SHOT Show after this action was filed, and it did not exist in saleable form when the complaint was filed—indeed, it still does not. Dkt. #74 at 9, 18, 28. The TRO Motion thus asks the Court to do for the ARHK, on an emergency basis and without any motion for leave, what the Court declined to do for the newly discovered products in *Nguyen*, *Harrison Gunworks*, *DNT*, and *Optics Planet* on full Rule 15 briefing. Entertaining that request would produce precisely the "inconsistent pretrial rulings—especially regarding . . . the appropriateness of injunctive relief" that the Panel centralized these actions to prevent. *In re Rare Breed Triggers Pat. Litig.*, MDL No. 3176, Dkt. #44, at 2 (J.P.M.L. Apr. 2, 2026) (quoted at Dkt. #74 at 14).

Plaintiffs' own conduct and briefing confirm that they understood leave was required. They moved for, but were denied, leave to add newly accused products in the *Nguyen*, *Harrison*, *DNT*, and *Optics Planet* actions. They moved for, and obtained, leave to add newly issued patents, including in this action. Dkt. #82. And in June they told the Court that the leave motions "should be decided first," and that the cure identified in *Pacific Radiation* for an injunction untethered to the complaint is that the plaintiff "might have sought leave to amend its complaint." Pls.' Abeyance Opp'n at 1, 9 (quoting *Pac. Radiation*, 810 F.3d at 638). Yet in this action—the one in which they seek to enjoin a product launch—they filed no motion for leave at all. Plaintiffs do not explain why they followed Rule 15 everywhere else but not here. The Court should hold Plaintiffs to the sequence they themselves endorsed: leave first, and injunctive relief only on a pleading that contains the claim.

Nor can Plaintiffs invoke the distinction they drew in June. There, Plaintiffs argued that adding patents that "read on the same accused products" did not enlarge the relief sought, because "[t]he scope of the requested injunction is fixed by the P.I. Motion, which identifies the accused

products," and they conceded that where an amendment "would have changed the scope of the requested injunctive relief," pausing the injunction is the right course. Pls.' Abeyance Opp'n at 2, 10–11 (discussing *Man Against Xtinction v. Comm'r of Me. Dep't of Marine Res.*, 478 F. Supp. 3d 67 (D. Me. 2020)). The TRO Motion is that case. The injunctive relief at issue in this action is fixed by Plaintiffs' complaint, which identifies two accused products: the ARC-Fire and the Super Safety. The TRO Motion seeks to enjoin a third, built for a different firearm platform, that appears in no pleading. That is not "additional grounds on which those same products infringe"; it is, in Plaintiffs' words, "a new claim about different conduct." Pls.' Abeyance Opp'n at 10.

Plaintiffs will presumably respond that the ARHK is "built on" the ARC-Fire and is therefore already within the case. Dkt. #74 at 9, 11, 17. The argument fails for three reasons. *First*, a product "built on" the same technology is not the same product. Plaintiffs themselves describe the ARHK as "a new infringing product," "a scaled up version" with differences including at least "larger cam surfaces, a thicker detent bar and transfer lever," engineered for a different firearm platform that uses "a different operating system." *Id.* at 2, 4 n.1, 17–18. Whether those differences matter to infringement is exactly the question that a pleaded claim and infringement contentions exist to answer; it is not a question Plaintiffs may resolve by assertion in a TRO motion. *Second*, the Patent Rules require accused products to be identified "as specific as possible" precisely so that a defendant is not left to guess which of its products it must defend. P.R. 3-1(b); *see Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). A catch-all reference to "similar" or "related" products cannot reach a product that did not exist when the complaint was filed and that Plaintiffs concede they have never seen. *Third*, the "built on" theory proves too much. If the ARHK were truly within the existing claims, Plaintiffs' pending preliminary-injunction motion (Dkt. #28) would already reach it, and there would be no need for a separate

thirty-page TRO Motion with its own declarations and its own set of asserted claims. Plaintiffs' decision to file that separate motion is itself an acknowledgment that the ARHK is something new.

The prejudice to Defendants of proceeding on the TRO Motion is concrete. Defendants have never answered an ARHK claim; they have asserted no defenses or counterclaims directed to the ARHK; and they have taken no discovery on Plaintiffs' ARHK theories. Responding to the TRO Motion on the merits requires Defendants to build—on an emergency timetable—a defense to a claim that does not exist on the docket, without any of the protections that Rule 15 affords. The Court declined to impose that burden on the defendants in *Nguyen*, *Harrison Gunworks*, *DNT*, and *Optics Planet* even after full Rule 15 briefing. It should not impose it here without any.

**C. <u>Plaintiffs' Arguments From the June Abeyance Briefing Do Not Apply Here.</u>**

Plaintiffs will likely reprise the arguments they made in opposing the June abeyance motions. None of them fits this Motion.

*First*, Rule 15's liberality is beside the point. Plaintiffs' June opposition rested on the "bias in favor of granting leave to amend" and on decisions in which courts granted a pending motion for leave and then decided the injunction on the amended pleading. Pls.' Abeyance Opp'n at 7–9 (citing *Foman v. Davis*, 371 U.S. 178 (1962); *NetJets Ass'n of Shared Aircraft Pilots v. NetJets Aviation, Inc.*, 711 F. Supp. 3d 825 (S.D. Ohio 2024); *Jackson Women's Health Org. v. Dobbs*, 379 F. Supp. 3d 549 (S.D. Miss. 2019)). Every one of those authorities presupposes a motion for leave. There is none here—and when Plaintiffs did move for leave to add newly discovered products elsewhere in this MDL, the Court denied it. *Nguyen*, Dkt. #70 at 1; *Harrison Gunworks*, Dkt. #74 at 1; *DNT*, Dkt. #90 at 1; *Optics Planet*, Dkt. #131 at 1.

*Second*, Plaintiffs cannot cast striking the TRO Motion as "an effective denial" of emergency relief. Pls.' Abeyance Opp'n at 12. Whatever urgency exists is of Plaintiffs' own

making. AS Designs announced the ARHK in January 2026 and announced on July 1, 2026, that the "first drop of 1500 units will be in roughly 8 weeks." Dkt. #74 at 9, 12. Plaintiffs raised the ARHK with Defendants' counsel on July 28 and filed the TRO Motion on September 2, *id.* at 33—and at no point did they file a motion for leave to amend as they did as a matter of course in the other actions. Having declined to seek leave to amend, Plaintiffs cannot premise emergency relief on urgency arising from that choice.

*Third*, striking the TRO Motion does not "splinter[]" anything or invite "a second emergency motion . . . on the same accused products." Pls.' Abeyance Opp'n at 12–13. The TRO Motion already *is* a second emergency motion in this action, filed on top of a preliminary-injunction motion, and it concerns a different product. Whether and where Plaintiffs may litigate the ARHK is governed by the Federal Rules and the Court's September 17 Orders, not by the TRO Motion.

*Fourth*, Plaintiffs' own alternative leads to the same place. In June, Plaintiffs embraced the proposition that "a court facing a pending amendment can simply analyze the injunction motion on the operative complaint," and argued that "the alternative to abeyance is decision." Pls.' Abeyance Opp'n at 10-11 (citing *Harris v. Daniels*, No. 2:22-cv-00293-CDS-NJK, 2023 WL 2472503 (D. Nev. Feb. 27, 2023)). Analyzed under the operative complaint, the TRO Motion must be denied because the third Amended Complaint says nothing about the ARHK. That is precisely the alternative relief Defendants request.

### D. <u>The Court Should Strike the TRO Motion Under Its Inherent Authority and Should Decide This Motion First.</u>

#### 1. <u>The Court Has the Authority to Strike the TRO Motion.</u>

Because Plaintiffs seek relief on an unpleaded claim, the Court should strike the TRO Motion pursuant to its inherent authority. Rule 12(f) reaches only pleadings, and a motion is not a

pleading. Fed. R. Civ. P. 7(a), 12(f); *Hill v. Est. of Hill*, 594 F. Supp. 3d 741, 757 (N.D. Tex. 2022) (where "the filings at issue are motions, not pleadings . . . Rule 12(f) does not apply"). But the Court's power to remove an improper motion from its docket does not depend on Rule 12(f). District courts possess an inherent power "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link*, 370 U.S. at 630–31); *MultiPlan, Inc. v. Holland*, 937 F.3d 487, 501 (5th Cir. 2019) (inherent powers are "those implied powers that are necessary for a court to manage its affairs" and are used "to achieve the orderly and expeditious disposition of cases" (quoting *Chambers*, 501 U.S. at 43)). The exercise of that power need only be "a reasonable response to the problems and needs confronting the court's fair administration of justice." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (cleaned up).

Striking the TRO Motion is a measured response here. It removes from the docket a motion that seeks relief on a claim the Court "d[oes] not have before it," *Jefferson Cmty. Health Care Ctrs.*, 849 F.3d at 627, and it does so without prejudice to whatever relief Plaintiffs may properly pursue through a pleading that actually accuses the ARHK—subject, of course, to the Court's September 17 Orders. In the alternative, the Court should summarily deny the TRO Motion on the same ground, without reaching the Rule 65 factors, as district courts in this Circuit routinely do when a motion for injunctive relief is untethered to the complaint. *See Flores*, 2022 WL 18276842, at *2; *Gill*, 657 F. Supp. at 1399; *Walcott*, 2017 WL 6371577, at *1.

### 2. <u>The Court Should Decide This Motion First, on an Expedited Basis.</u>

Sequencing matters. If ARHK is not in the case, neither the Court nor the parties should expend the resources a full TRO record demands—responses, replies, a hearing, and findings on

infringement, validity, irreparable harm, equities, public interest, and bond—on a motion that cannot be granted. Deciding this threshold motion first serves the very interest in the orderly and expeditious disposition of cases that underlies the Court's inherent authority, *see Link*, 370 U.S. at 630–31; *MultiPlan*, 937 F.3d at 502, and it spares Defendants from having to litigate, on an emergency footing, a claim that has never been pleaded against them.

Defendants therefore respectfully request, pursuant to Local Rule CV-7(e), that the Court: (a) set an expedited briefing schedule on this Motion, with Plaintiffs' response due within the shorter of (i) the default fourteen (14) days after service of this Motion or (ii) seven (7) days of the Court's order, and with Defendants' reply and Plaintiffs' sur-reply due within the shorter of (i) the default seven (7) days or (ii) three (3) business days after service of the triggering brief; and (b) suspend further briefing on the TRO Motion pending the Court's ruling on this Motion.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court: (1) set expedited briefing on this Motion; (2) suspend further proceedings on the TRO Motion pending this ruling; (3) resolve this Motion before taking up the TRO Motion; and (4) strike the TRO Motion (Dkt. #74) or, alternatively, summarily deny it without reaching the merits.

Dated: September 30, 2026

Respectfully submitted,

*/s/ John M. Skeriotis*
John M. Skeriotis (Ohio Bar # 0069263)
jms@etblaw.com
Sergey Vernyuk (Ohio Bar # 0089101)
sv@etblaw.com
1914 Akron-Peninsula Rd.
Akron, Ohio 44313
(330) 434-9999 – Telephone
(330) 434-8888 – Facsimile

*Attorneys for Defendants AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for Defendants conferred with counsel for Plaintiffs regarding the relief requested in this Motion. On September 30, 2026, John M. Skeriotis for Defendants and Jory Hoffman and Bret Winterle for Plaintiffs conferred by videoconference. Counsel discussed the substance of this Motion, including Defendants' position that the ARHK is not an accused product in this action and that the TRO Motion should be stricken, and Defendants' request for expedited consideration. Plaintiffs' counsel stated that Plaintiffs oppose the Motion and oppose the request for expedited briefing. The discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

*/s/ John M. Skeriotis*
John M. Skeriotis