**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AS DESIGNS, LLC, MATTHEW S. KARLOVIC, CALVIN OLSON and JOHN DOE, an individual using the alias "s3igu2" and/or "Seagoo Threetwo,"<br><br>Defendants. | Civil Action No. 4:26-cv-00370-ALM |

**PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiffs ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc. ("Rare Breed") (collectively, "Plaintiffs") submit this Motion for leave to seal Plaintiffs' Opposed Motion for an Oral Hearing on Their Motion for Temporary Restraining Order (Dkt. 74) and Defendants' Motion to Strike (Dkt. 89) (the "Hearing Motion"). Plaintiffs state the following:

1. The Supreme Court has recognized the existence of a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) ("The public has a common law right to inspect and copy judicial records.") (internal quotation marks omitted).

2. However, "'the right to inspect and copy judicial records is not absolute,' . . . and the presumption in favor of public access to court records can be overcome in certain instances. For example, courts have denied public access to . . . 'sources of business information that might harm a litigant's competitive standing.'" *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-cv-1202-WCB, 2017 WL 434207, at *1 (E.D. Tex. Feb. 1, 2017) (quoting *Nixon*, 435 U.S. at 598).

3. For instance, courts in this and other districts have granted motions to seal where the sealed information relates to a party's revenues, license agreements, and other information that would otherwise put the party at a "competitive disadvantage." *Id.* at *2 (granting motion to seal revenues and license agreements); *Mylan Institutional LLC v. Aurobindo Pharma Ltd.*, No. 2:16-cv-00491-RWS-RSP, Dkt. No. 22 (E.D. Tex. June 10, 2016) (granting motion to seal plaintiffs' preliminary injunction motion and accompanying declarations); *Boehringer Ingelheim Pharma GmbH & Co. KG v. Mylan Pharm., Inc.*, No. 14-cv-4727 NLH/KMW, 2015 WL 1816473, at *2 (D.N.J. Apr. 22, 2015) (granting motion to seal because "the information relating to MPI's and Mylan Inc.'s sales and revenue is confidential and proprietary, and MPI and Mylan Inc. would suffer serious commercial injury if such information became available to the public").

4. The Hearing Motion contains confidential information concerning Plaintiffs' business: the unit sales of Plaintiffs' FRT-15L3® and FRT-RD3™ triggers and the FRT-RD3™'s share of Plaintiffs' revenue and profit, drawn from the Declaration of Lawrence DeMonico, which the Court permitted Plaintiffs to file under seal (Dkt. 77) and which Plaintiffs redacted from its public version (Dkt. 79-2 ¶ 63). If this information were to become public, Plaintiffs' competitors could use it to put Plaintiffs at a competitive disadvantage.

5. The Hearing Motion also contains information that Defendants have designated confidential: the number of ARHK units Defendants anticipate selling in the first month of release, drawn from the Declaration of Matthew S. Karlovic, which the Court permitted Defendants to file under seal (Dkt. 90) and which Defendants redacted from its public version (Dkt. 95-1 ¶ 14).

6. As a Protective Order has not yet been entered, Plaintiffs respectfully move for leave to file the Hearing Motion under seal. Plaintiffs will publicly file a version of the Hearing Motion with the confidential information redacted within seven days. L.R. CV-5(a)(7)(E).

DATED: October 9, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Oliver J. Richards
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130
E-mail: ojr@fr.com
Tel: (858) 678-5070
Fax: (858) 678-5099

Glenn D. Bellamy (admitted *pro hac vice*)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 9, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*
Matthew A. Colvin

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), on October 8 and 9, 2026, Jory Hoffman for Plaintiffs asked counsel for Defendants, John Skeriotis and Sergey Vernyuk, by email whether Defendants oppose this Motion. On October 9, he also left a message for Mr. Vernyuk with Mr. Vernyuk's assistant and spoke with Mr. Skeriotis by telephone. Defendants have not stated a position, so Plaintiffs present this Motion as opposed.

*/s/ Matthew A. Colvin*
Matthew A. Colvin