# EXHIBIT 2

[redacted]

FISH.

**Matthew A. Colvin**
colvin@fr.com
T: 214 292 4013

Fish & Richardson P.C.
1717 Main Street
Suite 5000
Dallas, TX 75201
T: 214 747 5070
F: 214 747 2091

**VIA EMAIL**
jms@etblaw.com; sv@etblaw.com

June 15, 2026

John M. Skeriotis
Sergey Vernyuk
EMERSON, THOMSON & BENNETT, LLC
1914 Akron-Peninsula Road
Akron, Ohio 44313

**Re:** ***Rare Breed Triggers, Inc., et al. v. AS Designs, LLC, et al.*, No. 4:26-cv-00370-ALM (E.D. Tex.) (In re Rare Breed Triggers Patent Litigation, MDL No. 4:26-md-03176-ALM) — Deficiencies in Defendants' May 21, 2026 Discovery Responses and Production**

Dear Counsel:

We write regarding Defendants' May 21, 2026 Objections and Responses to Plaintiffs' First Set of Requests for Production (Nos. 1–5) and First Set of Interrogatories (Nos. 1–3), and Defendants' accompanying production, Bates-numbered ASD 000001–ASD 000049. The responses and production are materially deficient. Because this discovery is proceeding on an expedited basis, prompt cure is essential. This letter is sent pursuant to the parties' meet and confer obligations, and we ask that Defendants supplement as set forth below.

**I. Threshold Issues Affecting Every Request**

**A. Defendants' protective order objection.** Defendants have objected to Interrogatory 2 and RFPs 1–5 on the basis that no protective order is in place in this action. We are preparing a proposed protective order for your review. Despite these objections, Defendants have produced some responsive documents designated "Attorneys' Eyes Only." As such, it is unclear what responsive information is being withheld and on what basis. Please either confirm that Defendants will promptly produce all responsive, non-privileged documents within their possession, custody, and control under an Attorneys' Eyes Only basis or otherwise explain what documents are being withheld and on what basis.

**B. Failure to state what is being withheld.** Defendants' responses repeatedly state they are withholding "documents outside the narrowed scope stated above" without identifying that scope or the categories withheld, as Rule 34(b)(2)(C) requires. For each request, please confirm whether responsive documents are being withheld on the basis of any objection and, if so, identify the categories withheld.

FISH.



**C. No privilege log.** Defendants assert privilege and work-product protection across all requests but have produced no privilege log. Please produce a log for any document or communication withheld on privilege grounds.

**II. Document Requests**

**RFP No. 1 (Pricing).** Defendants produced a pricing-model sheet (ASD 000049), per-unit profit data (ASD 000046), and several chat screenshots (ASD 000040–000045). Defendants do not appear to have produced any **market-share analyses, market-sizing estimates, or competitive-landscape assessments** relating to the FRT market, as subpart (c) requests. Please confirm whether such analyses exist and, if so, produce them; and confirm that the produced chat excerpts reflect a complete production of responsive pricing-related communications rather than a selected subset.

**RFP No. 2 (Sales volume and projections).** Defendants produced historical unit and revenue data (ASD 000046–000047) and a one-page capacity estimate (ASD 000048), but produced **no internal sales forecasts, projections, or business plans**, which the request expressly seeks and which Defendants agreed to produce. Given that the risk of ongoing irreparable harm is directly at issue in Rare Breed's Preliminary Injunction Motion, these forward-looking materials are central. Please produce all responsive forecasts, projections, and business plans, or confirm that none exist.

Additionally, we have reason to believe that the financial information produced so far is incomplete. The Wholesale Accounts document (ASD 000047) does not include distributors that, based on Plaintiffs' investigation, are known to sell AS Designs' products. As one example, Sker Industries LLC is known to have sold the ARC Fire product, yet it is not identified in ASD 000047. Please produce updated documents reflecting sales to all distributors.

**RFP No. 3 (Third-party communications).** Defendants agreed to produce communications with non-counsel third parties concerning the Asserted Patents, this or related litigation, the risk or effect of an injunction, and contingency planning or alternative sourcing/distribution. Yet Defendants have produced **nothing responsive** to this request. Defendants maintain dozens of wholesale/distributor relationships (see ASD 000047) and extensive third-party financial dealings (see ASD 000007–000035). Defendants also have not produced any communications with their manufacturer, which are expressly contemplated by the request. The complete absence of any responsive communication is not credible. Please conduct a reasonable search of all relevant custodians and channels (including messaging platforms) and produce responsive communications, or confirm that none exist.

**RFP No. 4 (Hoffman Tactical / Super Safety).** Defendants agreed to produce communications with Hoffman Tactical, LLC, Timothy Hoffman, or persons acting on their behalf concerning the accused Super Safety product or design, but produced **nothing**. Please produce all responsive documents and communications, or confirm that none exist.

**RFP No. 5 (Financial condition).** Defendants objected to this request as "premature prejudgment financial discovery" yet voluntarily produced extensive financial materials (balance sheet and P&L at ASD 000002–000003; bank statements at ASD 000007–000035; debt and credit summaries at ASD 000036–000039). The production nonetheless omits much of what the request seeks and what Defendants agreed to produce:

- **Insurance policies, declarations, and reservation-of-rights correspondence.** Defendants *expressly agreed* to produce these, but produced none, even though the P&L reflects insurance expense and bank records show premium payments to The Guardian, BCBS, Progressive, Liberty Mutual, and CIGNA (e.g., ASD 000011, ASD 000024). Policies plainly exist. Please produce them.
- **Statements of cash flow** and complete historical financial statements (only a single April 30, 2026 snapshot was produced).
- **Complete account statements.** Only a single month was produced for a subset of accounts, and other accounts are referenced but not produced, including an apparent Coinbase/brokerage account (ASD 000019). Please produce statements for all accounts for the relevant period.
- **Asset valuations or appraisals**, and the **actual loan, mortgage, credit, and lease agreements** (Defendants produced only summary charts at ASD 000036–000039, not the underlying agreements).
- **Projections, forecasts, or analyses** of future revenue, expenses, cash flow, or financial condition.

If Defendants stand on their objection to producing **federal and state tax returns**, please state Defendants' position so the issue can be raised with the Court if necessary.

## III. Interrogatories

**Interrogatory No. 1 (Financial condition).** Defendants neither provided a substantive narrative nor properly invoked Rule 33(d). A Rule 33(d) election requires Defendants to "specify the records that must be reviewed, in sufficient detail to enable" Plaintiffs "to locate and identify them as readily as" Defendants could, i.e., by Bates number and subpart. Defendants did not do so. Moreover, certain subparts call for information not derivable from the documents. For example, Defendants have not identified any insurer, policy number, coverage limits, and reservation-of-rights information sought by subpart (e). This information appears nowhere within Defendants' existing document production, and so cannot be proper under Rule 33(d). Please serve a complete answer, including a proper Rule 33(d) specification where applicable.

**Interrogatory No. 2 (Per-product sales).** The spreadsheets (ASD 000046–000047) are responsive in part, but the answer remains incomplete:

- No **monthly gross-revenue** breakdown (only monthly units and aggregate revenue were provided).
- No statement of the **methodology used to calculate net profit**, which the interrogatory expressly requires and which cannot be supplied by a spreadsheet figure alone.
- The Rule 33(d) election is again unspecified.

Please supplement to provide monthly revenue, the net-profit methodology, and a proper Rule 33(d) specification.

**IV. Meet and Confer**

Please confirm by June 17 that Defendants will supplement as set forth above, and provide dates to complete the supplemental production. We are available to meet and confer by telephone on June 16 at 1 pm CT or another mutually convenient time this week. We reserve all rights, including the right to seek relief from the Court, and raise these issues in good faith in an effort to resolve them without motion practice.

We look forward to your prompt response.

Very truly yours,

*/s/ Matthew A. Colvin*

Matthew A. Colvin