# EXHIBIT 10

[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC. and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AS DESIGNS, LLC, MATTHEW S. KARLOVIC, CALVIN OLSON, and JOHN DOE, an individual using the alias "s3igu2" and/or "Seagoo Threetwo,"<br><br>Defendants. | Civil Action No. 4:26-cv-00370-ALM |

**PLAINTIFFS' FIRST SUPPLEMENTAL OBJECTIONS AND INITIAL RESPONSES <u>TO DEFENDANTS' INTERROGATORIES COLLECTIVELY NUMBERED AS "NO. 9"</u>**

Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc. (collectively, "Plaintiffs") hereby serve their first supplemental Objections and initial response to Defendants AS Designs, LLC; Matthew S. Karlovic; and Calvin Olson (collectively, "Defendants") First Set of Expedited Interrogatories numbered as Nos. 1-13 ("Expedited Interrogatories").

**<u>GENERAL OBJECTION TO SCOPE AND RESERVATION OF RIGHTS</u>**

These objections are made in accordance with Plaintiffs' prior agreement to respond to reciprocal expedited discovery by Defendants commensurate with the targeted scope of expedited discovery the Court permitted Plaintiffs to serve upon Defendants. These objections are based upon information currently available to Plaintiffs, some of which is still being analyzed as it was not received until Defendants filed and served their sealed opposition to Plaintiffs' pending motion

for a preliminary injunction at Dkt. No. 50, along with several supporting exhibits disclosing, for the first time, Defendants' positions on claim construction of certain claimed terms and purported invalidity issues (*see*, e.*g.*, Exhibit Nos. 6-20 filed at Dkt. No. 51 that were served late in the day on July 9, 2026). Plaintiffs object to Defendants' Expedited Interrogatories without prejudice to Plaintiffs' rights to respond to a reasonable and reciprocal number of discrete, targeted expedited interrogatories. Plaintiffs also reserve the right to produce or use any information or documents that are discovered or developed after service of this document in support of or in opposition to any motion, in depositions, or at trial. In objecting to Defendants' Expedited Interrogatories, Plaintiffs do not waive any objections on the grounds of privilege, protection from discovery, competency, relevance, materiality, authenticity, proportionality, searching burdens, production burdens, or admissibility of the information or associated with locating and producing any underlying responsive materials or information.

## FURTHER GENERAL OBJECTIONS

The following General Objections ("General Objections") apply to and are incorporated into each of Plaintiffs' responses to Defendants' Expedited Interrogatories as though fully set forth therein. The assertion of any specific objection to a particular Interrogatory is not intended to waive, and does not waive, any General Objection.

1. Plaintiffs object to each numbered Interrogatory, discrete part and sub-part within, definition, and instruction to the extent they seek information beyond the scope permitted by the Federal Rules of Civil Procedure, the Local Rules, any applicable Patent Rules, the Court's orders, or any agreement of the parties, including any limitation applicable to expedited discovery.

2. Plaintiffs object to each numbered Interrogatory and discrete parts and sub-parts within to the extent they are overbroad, unduly burdensome, harassing, or not proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3. Plaintiffs object to each Interrogatory to the extent it is vague or ambiguous. Plaintiffs will construe each Interrogatory in good faith consistent with their obligations under the Federal Rules of Civil Procedure and the applicable Local Rules.

4. Plaintiffs object to each numbered Interrogatory and discrete parts and sub-parts within to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the consulting-expert privilege, any applicable settlement privilege, or any other applicable privilege, immunity, protection, doctrine, statute, rule, order, or agreement. Any inadvertent disclosure of privileged or protected information shall not constitute a waiver of any privilege or protection.

5. Plaintiffs object to each numbered Interrogatory and discrete parts and sub-parts within to the extent they seek information that is not within Plaintiffs' possession, custody, or control, or that is publicly available, already in Defendants' possession, equally available to Defendants, or more readily obtainable from another source that is more convenient, less burdensome, or less expensive.

6. Plaintiffs object to Defendants' Expedited Interrogatories as they vastly exceed the scope of the reciprocal expedited discovery to which Plaintiffs agreed. Plaintiffs moved for leave to take highly-targeted, limited, and expedited discovery of Defendants on issues specifically relevant to the pending preliminary injunction motion, and on the express basis that Defendants did not oppose that motion for leave so long as Defendants could serve reciprocal expedited discovery specifically tied to the preliminary injunction motion, and Plaintiffs agreed only to

permit expedited discovery by Defendants of a reciprocal nature and limited scope. Defendants' Expedited Interrogatories are neither reciprocal nor confined to the preliminary injunction motion: they appear to seek, among other things: discovery directed to claim construction; rebuttal contentions regarding the validity and enforceability of the Asserted Patents, the applicability of alleged prior art, inventorship, conception, reduction to practice, and priority; as well as Plaintiffs' economic damages and various valuations—none of which was part of Plaintiffs' preliminary-injunction showing, none of which Plaintiffs sought from Defendants in interrogatories, none of which Defendants sought leave from the Court to serve, and all of which will be the subject of full merits discovery governed by the Federal Rules of Civil Procedure, the Court's Order Governing Proceedings, scheduling order, discovery order, E-Discovery Order, the Local Rules, and any applicable Patent Rules, none of which has been started in this case. Plaintiffs object to each numbered Interrogatory and discrete parts and sub-parts within to the extent they exceed the agreed and Court-authorized scope of limited, targeted, and expedited discovery, is not reciprocal to the discovery the Plaintiffs sought from Defendants or the discovery responses offered by Defendants in response thereto, and is premature.

7. Plaintiffs object to each numbered Interrogatory and discrete parts and sub-parts within to the extent they seek premature expert discovery, claim-construction positions, invalidity or unenforceability contentions, damages or valuation contentions, or other legal contentions or attorney mental impressions before the time permitted by the Federal Rules of Civil Procedure, the Court's scheduling orders, the Local Rules, any applicable Patent Rules, or any agreement of the parties.

8. Plaintiffs object to each numbered Interrogatory and discrete parts and sub-parts within to the extent they seek confidential, proprietary, trade secret, commercially sensitive,

financial, customer, supplier, dealer, distributor, licensing, settlement, technical, or third-party information absent entry of an appropriate protective order or other confidentiality protections sufficient to protect such information from improper disclosure or use. Plaintiffs note that they proposed a protective order to all parties, including Defendants, on July 1, 2026, and have not received Defendants' comments thereupon.

9. Plaintiffs object to each numbered Interrogatory and discrete parts and sub-parts within to the extent they seek information covered by a confidentiality agreement between Plaintiffs and a non-party, information containing the confidential or proprietary information of a non-party, or information covered by a protective order in another action. Plaintiffs will not disclose such information without the third party's consent, unless required by court order or law.

10. Plaintiffs object to Defendants' Expedited Interrogatories to the extent that, when the discrete parts and sub-parts within the Expedited Interrogatories numbered as Nos. 1-13 are properly counted, they vastly exceed the twenty-five-interrogatory limit imposed by Rule 33(a)(1). Further details regarding the compound nature and Plaintiffs' counts and identifications of discrete parts and sub-parts of the Expedited Interrogatories are provided below. Plaintiffs herein stand on their objections, including their numerosity and other objections, and are willing to confer with Defendants about the matter at Defendants' request. No order of the Court has authorized service of more than twenty-five interrogatories, including discrete parts and sub-parts. Plaintiffs decline to answer any Interrogatory, or discrete part or sub-part therewithin, that exceeds the limit permitted by Rule 33(a)(1). Any response Plaintiffs provide to any Interrogatory, or discrete part or sub-part therein, is provided without prejudice to and does not waive this objection, and does not constitute an election or concession as to which Interrogatories or discrete parts fall within the twenty-five permitted by Rule 33(a)(1).

11. Plaintiffs object to each numbered Interrogatory and discrete parts and sub-parts within to the extent they seek a legal conclusion. Plaintiffs' responses shall not be construed as admissions of any particular legal characterization. By way of example, the Court has not construed the claim language of the Asserted Patents, and Plaintiffs' use of terms from the Patents-in-Suit shall not be understood to suggest or imply any plain, ordinary, customary, or accepted meaning in the art unless so identified in Plaintiffs' claim-construction disclosures.

12. Plaintiffs object to each Interrogatory and discrete part and sub-part therewithin that seeks a response for "each," "every," or "all" facts, documents, communications, or persons concerning a subject as overbroad and unduly burdensome to the extent information sufficient to establish the relevant facts would suffice, on the grounds that any further response would be cumulative and not proportional to the needs of the case.

13. Plaintiffs object to each Definition, Instruction, Interrogatory, and discrete part and sub-part therewithin to the extent any of them gives meaning to a term or word different from its ordinary English meaning or the definitions set forth in applicable statutes or rules.

14. Plaintiffs object to each numbered Interrogatory and discrete parts and sub-parts within to the extent they may be answered by reviewing the pleadings (including briefing on Plaintiffs' motion for a preliminary injunction) or exhibits and other materials provided in support thereof, or by producing or specifying business records under Rule 33(d) or producing a witness for deposition under Rule 30(b)(6). Plaintiffs reserve the right to answer any such Interrogatory by pointing to pleadings or exhibits thereto, or specifying testimony that provides the response, or by producing or specifying records from which the answer may be ascertained, where the burden of deriving the answer is substantially the same for either party.

15. Any agreement by Plaintiffs to respond to any Interrogatory is not an admission that the Interrogatory is proper, that responsive information exists, that any information sought is relevant or admissible, or that Plaintiffs waive any objection. Plaintiffs reserve all rights, including in light of additional facts, discovery, orders of the Court, agreements of the parties, or further investigation.

16. Plaintiffs incorporate by reference the foregoing General Objections in each set of specific objections below. Plaintiffs may repeat a General Objection for emphasis or another reason; the failure to repeat any General Objection with respect to a particular Interrogatory does not waive that objection. Any specific objection is in addition to, and not in lieu of, the foregoing General Objections.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

17. Plaintiffs incorporate by reference their Specific Objections to Definitions and Instructions in Plaintiffs' July 14, 2026 Objections to Defendants' First Set of Expedited Interrogatories (Nos. 1-13).

18. Plaintiffs incorporate by reference their General Objections, and object to the instructions concerning the application of Rule 33(d) of the Federal Rules of Civil Procedure on the ground and to the extent that it is inconsistent with, enlarges upon, or exceeds the scope of discovery authorized by the Federal Rules of Civil Procedure, the Local Rules, or any applicable orders of this Court.

## FURTHER SPECIFIC OBJECTIONS

**INTERROGATORY NO. 1**:

Separately for each Accused Product and each Asserted Claim, state the complete factual and technical basis for Your contention that the Accused Product infringes that claim, including: (a) a limitation-by-limitation identification of where in the Accused Product You contend each claim limitation is met, identifying the specific structure, component, or operation alleged to

satisfy each limitation; (b) whether You contend infringement is literal or under the doctrine of equivalents, and whether infringement is direct, contributory, or induced, and the basis for each such theory; (c) for any limitation alleged to be met under the doctrine of equivalents, the function, way, and result You contend are substantially the same; and (d) all documents, tests, examinations, and persons supporting Your contention.

**<u>OBJECTIONS TO INTERROGATORIES NUMBERED AS "NO. 1"</u>**:

Plaintiffs object on the basis that the Interrogatory numbered as "No. 1" is compound and contains at least 4 discrete requests for various responsive information (numbered above as "(a)" through "(d)") and potentially over 100 discrete parts and sub-parts, given there are 26 Asserted Claims spread across four Asserted Patents and multiple Accused Products.

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to these Interrogatories to the extent that they seek to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to these Interrogatories as overly broad, unduly burdensome, and not proportional to the needs of an expedited preliminary injunction proceeding with respect to the term(s) "the complete factual and technical basis," "a limitation-by-limitation identification," and "all documents, tests, examinations, and persons supporting Your contention." Plaintiffs object to these Interrogatories to the extent it is seeks information contained in Plaintiffs' preliminary injunction materials and supporting evidence, and to the extent they prematurely seek expert opinion, which Plaintiffs will disclose in accordance with the Federal Rules of Civil Procedure, the Court's scheduling order, and any applicable Patent Rules. Plaintiffs object to these Interrogatories to the extent they seek claim-construction positions before the time permitted by the Court's scheduling order and any applicable Patent Rules. Plaintiffs object to these Interrogatories to the extent it calls for a legal conclusion. Plaintiffs object to these Interrogatories to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs further

objection to these Interrogatories to the extent they seek information that is duplicative of the information provided in Plaintiffs' Motion for Preliminary Injunction and the accompanying Declaration of Brian Luettke and its exhibits.

Subject to and without waiver of their General and Specific Objections, Plaintiffs stand on their objections and will confer about this matter at Defendants' request.

**INTERROGATORY NO. 2**:

For each term in any Asserted Claim that You contend should be given anything other than its plain and ordinary meaning, or that You contend requires construction, identify the term, state Your proposed construction, and state all intrinsic and extrinsic evidence supporting that construction; and to the extent You contend each Asserted Claim term has a "plain and ordinary meaning," state precisely what that meaning is for each term recited in Brian Luettke's declaration (including "trigger," "hammer," "sear," "sear catch," "disconnector," "cam," "cam selector," "bolt carrier," "in-battery position," "fire control mechanism pocket," "safety selector," and "locking member").

**OBJECTIONS TO INTERROGATORIES NUMBERED AS "NO. 2"**:

Plaintiffs object on the basis that the Interrogatory numbered as "No. 2" is compound and contains approximately 13 discrete parts and sub-parts, counted as: 13 discrete claimed terms listed above, multiplied by the requests for claim construction contentions as to each.

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to these Interrogatories to the extent that they seek to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to these Interrogatories as premature, overly broad, and unduly burdensome with respect to the term(s) "anything other than its plain and ordinary meaning," "state Your proposed construction," "all intrinsic and extrinsic evidence," and "state precisely what that meaning is." Plaintiffs object to these Interrogatories to the extent they seek claim-construction positions and contentions before the time permitted by the Court's scheduling order, the Local Rules, any applicable Patent Rules, or the Federal Rules of Civil Procedure. Plaintiffs object to these Interrogatories to the extent they

prematurely seek expert opinion. Plaintiffs object to these Interrogatories to the extent it calls for a legal conclusion. Plaintiffs object to these Interrogatories to the extent they seek attorney mental impressions or information protected by the work-product doctrine or any other applicable privilege or protection.

Subject to and without waiver of their General and Specific Objections, Plaintiffs stand on their objections and will confer about this matter at Defendants' request.

**INTERROGATORY NO. 3**:

For Your contention that Defendants' sales of MP5 lowers and slip-trip components constitute contributory and/or induced infringement, state all facts supporting each element, including: (a) the identity of each act of direct infringement You contend occurred, by whom, when, and how You learned of it; (b) the basis for Your contention that the components have no substantial non-infringing use, including Your awareness of the use of such lowers with non-infringing triggers (e.g., Geissele or similar AR triggers); (c) the specific affirmative acts by which You contend each Defendant induced infringement; and (d) the date and manner by which You contend each Defendant acquired knowledge of each Asserted Patent.

**OBJECTIONS TO INTERROGATORIES NUMBERED AS "NO. 3"**:

Plaintiffs object on the basis that the Interrogatory numbered as "No. 3" is compound and contains approximately 10 discrete parts and sub-parts, counted as:

1. "the identity of each act of direct infringement You contend occurred";
2. By "whom" and "when" "each act of direct infringement You contend occurred";
3. "[H]ow You learned of" "each act of direct infringement You contend occurred";
4. "[T]he basis for Your contention that the components have no substantial non-infringing use";
5. "Your awareness of the use of such lowers with non-infringing triggers (e.g., Geissele or similar AR triggers)";
6. "[T]he specific affirmative acts by which You contend each Defendant induced infringement";

7. "[T]he date and manner by which You contend each Defendant acquired knowledge of" the '247 Patent;
8. "[T]he date and manner by which You contend each Defendant acquired knowledge of" the '784 Patent;
9. "[T]he date and manner by which You contend each Defendant acquired knowledge of" the '159 Patent; and
10. "[T]he date and manner by which You contend each Defendant acquired knowledge of" the '538 Patent.

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to these Interrogatories to the extent that they seek to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to these Interrogatories as overly broad, unduly burdensome, compound, and not proportional to the needs of an expedited preliminary injunction proceeding with respect to the term(s) "all facts supporting each element," "each act of direct infringement," and "the specific affirmative acts by which You contend each Defendant induced infringement." Plaintiffs object to these Interrogatories to the extent they prematurely seek expert opinion. Plaintiffs object to these Interrogatories to the extent it calls for a legal conclusion. Plaintiffs object to these Interrogatories to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the consulting-expert privilege, or any other applicable privilege or protection.

Subject to and without waiver of their General and Specific Objections, Plaintiffs stand on their objections and will confer about this matter at Defendants' request.

**<u>INTERROGATORY NO. 4</u>**:

For each Asserted Claim, state the date and circumstances of conception and reduction to practice, identify each named and unnamed inventor and each person who contributed to the conception, identify all documents corroborating those dates, and state the earliest priority date You contend each Asserted Claim is entitled to and the complete basis for that priority claim, including the relationship of the Asserted Patents to the Blakley patent(s) and the ’223 Patent referenced in the DeMonico Declaration.

**<u>OBJECTIONS TO INTERROGATORIES NUMBERED AS “NO. 4”</u>**:

Plaintiffs object on the basis that the Interrogatory numbered as “No. 4” is compound and contains approximately 9 discrete parts and sub-parts, counted as:

1. “the date and circumstances of conception” of each Asserted Claim;
2. “the date and circumstances of” “reduction to practice” of each Asserted Claim;
3. The “identi[ty of] each named and unnamed inventor”;
4. The identity of “each person who contributed to the conception”;
5. The “identif[ication of] all documents corroborating those dates” described in response to the second discrete sub-part;
6. “The earliest priority date You contend each Asserted Claim is entitled to”; and
7. “[T]he complete basis for [Plaintiffs’ contended] priority claim”;
8. “[T]he relationship of the Asserted Patents to the Blakley patent(s)”; and
9. “[T]he relationship of the Asserted Patents to . . . the ’223 Patent referenced in the DeMonico Declaration.”

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to these Interrogatories to the extent that they seek to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to these Interrogatories as overly broad, unduly burdensome, premature, and not proportional to the needs of an expedited preliminary injunction proceeding with respect to the term(s) “the date

and circumstances of conception and reduction to practice," "each named and unnamed inventor," "all documents corroborating those dates," and "the complete basis for that priority claim."

Plaintiffs further object to these Interrogatories to the extent they seek rebuttal contentions discovery directed to conception, reduction to practice, inventorship, and priority, which are not currently part of Plaintiffs' preliminary injunction showing. Plaintiffs object to these Interrogatories to the extent they seek to shift to Plaintiffs the burden of proof on validity or priority. Plaintiffs object to these Interrogatories to the extent they are not limited in temporal scope. Plaintiffs object to these Interrogatories to the extent they prematurely seek expert opinion. Plaintiffs object to this Interrogatory to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the consulting-expert privilege, or any other applicable privilege or protection.

Subject to and without waiver of their General and Specific Objections, Plaintiffs stand on their objections and will confer about this matter at Defendants' request.

**INTERROGATORY NO. 5**:

For U.S. Patent No. 12,529,538, state in complete detail all facts concerning the conception of each invention claimed therein, including: (a) the identity of each person who conceived of or contributed to the conception of the subject matter of each claim, and the specific contribution of each; (b) the date, place, and circumstances of Cameron Smith's alleged conception of the subject matter of each claim, and all documents corroborating that conception; (c) the date and circumstances of any reduction to practice (actual or constructive) of the subject matter of each claim by Cameron Smith, and all corroborating documents; (d) all facts concerning whether Timothy Hoffman or Hoffman Tactical conceived of, designed, disclosed, or reduced to practice the subject matter of any claim of the '538 Patent before Cameron Smith, including any design, specification, drawing, prototype, or public disclosure; (e) all communications between Cameron Smith and any of Timothy Hoffman, Hoffman Tactical, ABC, Rare Breed, Brian A. Blakley, or Lawrence DeMonico concerning the subject matter of the '538 Patent; (f) the basis for the assignment of the '538 Patent from Cameron Smith to ABC on October 30, 2025; and (g) all facts supporting Plaintiffs' contention, if any, that Cameron Smith — and not Timothy Hoffman — is the true and first inventor of the subject matter claimed in the '538 Patent.

**<u>OBJECTIONS TO INTERROGATORIES NUMBERED AS "NO. 5"</u>**:

Plaintiffs object on the basis that the Interrogatory numbered as "No. 5" is compound and contains approximately 11 discrete parts and sub-parts, counted as:

1. State "the identity of each person who conceived of or contributed to the conception of the subject matter of each claim";
2. State "the specific contribution of each" "person who conceived of or contributed to the conception of the subject matter of each claim";
3. State "the date, place, and circumstances of Cameron Smith's alleged conception of the subject matter of each claim";
4. Identify "all documents corroborating that conception" "of Cameron Smith's alleged conception of the subject matter of each claim";
5. State "the date and circumstances of any reduction to practice (actual or constructive) of the subject matter of each claim by Cameron Smith";
6. Identify "all corroborating documents" reflecting "the date and circumstances of any reduction to practice (actual or constructive) of the subject matter of each claim by Cameron Smith";
7. Provide a contention as to "whether Timothy Hoffman or Hoffman Tactical conceived of, designed, disclosed, or reduced to practice the subject matter of any claim of the '538 Patent before Cameron Smith";
8. State your contentions regarding "any design, specification, drawing, prototype, or public disclosure" of "Timothy Hoffman or Hoffman Tactical";

9. Identify "all communications between Cameron Smith and any of Timothy Hoffman, Hoffman Tactical, ABC, Rare Breed, Brian A. Blakley, or Lawrence DeMonico concerning the subject matter of the '538 Patent";

10. State "the basis for the assignment of the '538 Patent from Cameron Smith to ABC on October 30, 2025"; and

11. State "all facts supporting Plaintiffs' contention, if any, that Cameron Smith — and not Timothy Hoffman — is the true and first inventor of the subject matter claimed in the '538 Patent."

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to these Interrogatories to the extent that they seek to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to these Interrogatories as overly broad, unduly burdensome, compound, and premature with respect to the term(s) "in complete detail all facts concerning the conception," "all documents corroborating that conception," "all communications," and "the true and first inventor." Plaintiffs object to these Interrogatories to the extent they seek rebuttal contentions discovery directed to conception, reduction to practice, inventorship, and priority of the '538 Patent, which are not currently part of Plaintiffs' preliminary injunction showing. Plaintiffs object to these Interrogatories to the extent they seek to shift to Plaintiffs the burden of proof on validity or priority. Plaintiffs object to these Interrogatories to the extent it is not limited in temporal scope. Plaintiffs further object to these Interrogatories to the extent it is duplicative of Interrogatory No. 4. Plaintiffs object to these Interrogatories to the extent they seek information concerning third parties that are not within Plaintiffs' possession, custody, or control. Plaintiffs object to these Interrogatories to the extent they seek information protected by the attorney-client privilege, the

work-product doctrine, the common-interest privilege, the consulting-expert privilege, or any other applicable privilege or protection.

Subject to and without waiver of their General and Specific Objections, Plaintiffs stand on their objections and will confer about this matter at Defendants' request.

**INTERROGATORY NO. 6**:

Identify all prior art known to You that is or may be relevant to the validity of any Asserted Claim, including all prior art cited, disclosed, or considered during prosecution of the Asserted Patents or any related application, all prior art identified in any Related Litigation, and all FRT, forced-reset, cam-reset, or trigger-reset designs (including the Blakley design, the '223 Patent, and any Hoffman Tactical or third-party design) known to You that predate the priority date of any Asserted Claim; and for each, state whether You contend it is or is not invalidating and why.

**OBJECTIONS TO INTERROGATORIES NUMBERED AS "NO. 6"**:

Plaintiffs object on the basis that the Interrogatory numbered as "No. 6" is compound and contains approximately 6 discrete parts and sub-parts, counted as:

1. "Identify all [alleged] prior art known to You that is or may be relevant to the validity of any Asserted Claim";
2. Identify "all [alleged] prior art cited, disclosed, or considered during prosecution of the Asserted Patents";
3. Identify all [alleged] prior art cited, disclosed, or considered during prosecution of . . . any related application";
4. Identify "all [alleged] prior art identified in any Related Litigation";
5. Identify "all FRT, forced-reset, cam-reset, or trigger-reset designs (including the Blakley design, the '223 Patent, and any Hoffman Tactical or third-party design) known to You that [allegedly] predate the priority date of any Asserted Claim"; and
6. "[S]tate whether You contend [any of the above categories of alleged prior art] is or is not invalidating and why."

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to these Interrogatories to the extent that they seek to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to these Interrogatories as overly broad, unduly burdensome, premature, and not proportional to the needs of an expedited preliminary injunction proceeding with respect to the term(s) "all prior art known to You," "is or may be relevant to the validity of any Asserted Claim," and "whether You contend it is or is not invalidating and why." Plaintiffs object to these Interrogatories to the extent they seek rebuttal contentions discovery directed to the validity of the Asserted Patents, rebuttals to invalidity theories, and alleged prior art, which are not currently part of Plaintiffs' preliminary injunction showing. Plaintiffs object to these Interrogatories to the extent they seek to shift to Plaintiffs the burden of proof on the validity of the Asserted Patents. Plaintiffs object to these Interrogatories to the extent they call for a legal conclusion, including the identification of alleged "Prior Art." Plaintiffs object to these Interrogatories to the extent they prematurely seek expert opinion. Plaintiffs object to these Interrogatories to the extent they seek information that is publicly available or equally available to Defendant, including prior art of record in prosecution or in any Related Litigation. Plaintiffs object to these Interrogatories to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the consulting-expert privilege, or any other applicable privilege or protection.

Subject to and without waiver of their General and Specific Objections, Plaintiffs stand on their objections and will confer about this matter at Defendants' request.

**<u>INTERROGATORY NO. 7</u>**:

State all facts relating to the enforceability of the Asserted Patents, including: (a) the complete terms of the Settlement Agreement and any addenda governing Plaintiffs' obligation to enforce the Asserted Patents, including any obligation owed to the United States or any third party; (b) any representations made to the USPTO, ATF, DOJ, or any court regarding the Asserted

Patents or Rare Breed FRT Products, including any representation concerning the inventorship of the ’538 Patent; (c) whether any duty of candor was discharged during prosecution and the identity of all material information disclosed or withheld; and (d) any facts that any person has contended give rise to inequitable conduct, patent misuse, unclean hands, or unenforceability.

**OBJECTIONS TO INTERROGATORIES NUMBERED AS “NO. 7”**:

Plaintiffs object on the basis that the Interrogatory numbered as “No. 7” is compound and contains approximately 10 discrete parts and sub-parts, counted as:

1. “State all facts relating to . . . the complete terms of the Settlement Agreement and any addenda governing Plaintiffs’ obligation to enforce the Asserted Patents, including any obligation owed to the United States or any third party”;
2. “State all facts relating to . . . any representations made to the USPTO, ATF, DOJ, or any court regarding the Asserted Patents . . . including any representation concerning the inventorship of the ’538 Patent”;
3. State all facts relating to . . .: any representations made to the USPTO, ATF, DOJ, or any court regarding to . . . Rare Breed FRT Products”;
4. State “whether any duty of candor was discharged during prosecution [of the related ’247 and ’159 Patents] and the identity of all material information disclosed or withheld”;
5. State “whether any duty of candor was discharged during prosecution [of the 784 Patent] and the identity of all material information disclosed or withheld”;
6. State “whether any duty of candor was discharged during prosecution [of the ’538 Patent] and the identity of all material information disclosed or withheld”;
7. State “any facts that any person has contended give rise to inequitable conduct”;
8. State “any facts that any person has contended give rise to . . . patent misuse”;
9. State “any facts that any person has contended give rise to . . . unclean hands”; and

10. State "any facts that any person has contended give rise to . . . unenforceability."

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to these Interrogatories to the extent that they seek to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to these Interrogatories as overly broad, unduly burdensome, vague, compound, and premature with respect to the term(s) "all facts relating to the enforceability," "the complete terms of the Settlement Agreement," and "any facts that any person has contended give rise to inequitable conduct, patent misuse, unclean hands, or unenforceability." Plaintiffs object to these Interrogatories to the extent they seek confidential settlement communications or information subject to any applicable settlement privilege or confidentiality obligation. Plaintiffs object to these Interrogatories to the extent they seek rebuttal contentions and to shift to Plaintiffs the burden of proof on any allegation of unenforceability, inequitable conduct, patent misuse, or unclean hands, especially given Defendants have not pleaded any counterclaim or affirmative defense of inequitable conduct, patent misuse, unclean hands, or unenforceability in this proceeding. Plaintiffs object to this Interrogatory to the extent they call for a legal conclusion. Plaintiffs object to these Interrogatories to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or protection.

Subject to and without waiver of their General and Specific Objections, Plaintiffs stand on their objections and will confer about this matter at Defendants' request.

**INTERROGATORY NO. 8**:

State the complete factual basis for Your contention that Plaintiffs are suffering irreparable harm caused by Defendants (as distinct from the approximately seventy other infringers, the free public design files released by Hoffman Tactical, lawful competitors, or general market conditions), including: (a) the specific harm attributed to each Defendant; (b) the causal nexus

between that harm and the patented features of the Accused Products as opposed to unpatented features or price; (c) each customer, sale, dealer, or opportunity You contend was lost to a Defendant, identified by name and amount; and (d) why monetary damages cannot remedy each category of harm.

**OBJECTIONS TO INTERROGATORIES NUMBERED AS "NO. 8"**:

Plaintiffs object on the basis that the Interrogatory numbered as "No. 8" is compound and contains approximately 5 discrete parts and sub-parts, counted as:

1. "State the complete factual basis for Your contention that Plaintiffs are suffering irreparable harm caused by Defendants (as distinct from the approximately seventy other infringers, the free public design files released by Hoffman Tactical, lawful competitors, or general market conditions)";
2. State "(a) the specific harm attributed to each Defendant";
3. State "(b) the causal nexus between that harm and the patented features of the Accused Products as opposed to unpatented features or price";
4. State "(c) each customer, sale, dealer, or opportunity You contend was lost to a Defendant, identified by name and amount"; and
5. State "(d) why monetary damages cannot remedy each category of harm."

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to these Interrogatories to the extent that they seek to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to these Interrogatories to the extent they prematurely seek expert opinion regarding the quantification of damages or the calculation of any monetary remedy, which is the subject of expert discovery that has not yet begun. Plaintiffs object to these Interrogatories to the extent they seek confidential customer, sales, or financial information absent an appropriate protective order. Plaintiffs object to these Interrogatories to the extent they seek information protected by the

attorney-client privilege, the work-product doctrine, the common-interest privilege, the consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs further object that these Interrogatories seek information duplicative of information set forth in Plaintiffs' Motion for Preliminary Injunction and the accompanying Declaration of Lawrence DeMonico.

Subject to and without waiver of their General and Specific Objections, Plaintiffs stand on their objections and will confer about this matter at Defendants' request.

**INTERROGATORY NO. 9**:

State, by month from January 2024 to the present: (a) Rare Breed's unit sales, revenue, and gross and net profit for each Rare Breed FRT Product; (b) Your estimate of the total size of the FRT market and Rare Breed's share of it, and the methodology and data underlying the "less than 25%" figure in the DeMonico Declaration; (c) each instance in which Rare Breed changed any price, the reason, and the Accused Products or other products You contend caused the change; and (d) all facts supporting Your contention that any price erosion was caused by Defendants rather than by other market participants.

**OBJECTIONS TO INTERROGATORIES NUMBERED AS "NO. 9"**:

Plaintiffs object on the basis that the Interrogatory numbered as "No. 9" is compound and contains approximately 8 discrete parts and sub-parts, counted as:

1. "State by month from January 2024 to the present: (a) Rare Breed's unit sales, revenue, and gross and net profit for each Rare Breed FRT Product";
2. State "(b) Your estimate of the total size of the FRT market and Rare Breed's share of it,"
3. State "the methodology and data underlying the 'less than 25%' figure in the DeMonico Declaration";
4. State "each instance in which Rare Breed changed any price" for the Accused Products;
5. State "each instance in which Rare Breed changed any price" for "other products";
6. State the reason for "each instance in which Rare Breed changed any price";

7. State "the Accused Products or other products You contend caused the change" in any price; and

8. State "all facts supporting Your contention that any price erosion was caused by Defendants rather than by other market participants."

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to these Interrogatories to the extent that they seek to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to these Interrogatories to the extent they seek confidential, proprietary, commercially sensitive, financial, customer, or marketplace information absent an appropriate protective order. Plaintiffs further object to these Interrogatories to the extent they are duplicative of those included as "Interrogatory No. 8." Plaintiffs object to subpart (b) to the extent they seek premature expert opinion regarding the total size of the FRT market, which is the subject of expert discovery that has not yet begun. Plaintiffs object to these Interrogatories to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the consulting-expert privilege, or any other applicable privilege or protection.

Subject to and without waiver of their General and Specific Objections, Plaintiffs stand on their objections and will confer about this matter at Defendants' request.

**JULY 29, 2026, INITIAL RESPONSES TO INTERROGATORIES NUMBERED AS "NO. 9":**

Subject to and without waiving the specific objections and the General Objections, Plaintiffs respond as follows:

Plaintiffs identify Exhibit A, attached hereto, which sets forth, by month, Plaintiff Rare Breed Triggers, Inc.'s unit sales, revenue, manufacturing cost, royalty expense, and gross and net

profit for the Rare Breed FRT Products. Exhibit A is designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

Plaintiffs' investigation and discovery are ongoing, and Plaintiffs reserve the right to amend, correct, or supplement this response to the extent additional information is identified.

**INTERROGATORY NO. 10**:

State all facts concerning when Plaintiffs first became aware of each Defendant and each Accused Product, all steps Plaintiffs took (and when) between first awareness and the filing of the Motion for Preliminary Injunction, and the reasons for any period of time between Plaintiffs' awareness of the accused conduct and Plaintiffs' request for preliminary injunctive relief, including the basis for any contention that Plaintiffs did not delay in seeking relief.

**OBJECTIONS TO INTERROGATORY NUMBERED AS "NO. 10"**:

Plaintiffs object on the basis that the Interrogatory numbered as "No. 10" is compound and contains approximately 5 discrete parts and sub-parts, counted as:

1. "State all facts concerning when Plaintiffs first became aware of each Defendant";
2. "State all facts concerning when Plaintiffs first became aware of . . . each Accused Product";
3. State "all steps Plaintiffs took (and when) between [each identified] first awareness and the filing of the Motion for Preliminary Injunction";
4. State "the reasons for any period of time between Plaintiffs' awareness of the accused conduct and Plaintiffs' request for preliminary injunctive relief"; and
5. State "the basis for any contention that Plaintiffs did not delay in seeking relief."

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to these Interrogatories to the extent that they seek to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to these Interrogatories as overly broad, unduly burdensome, vague, and compound with respect to the term(s) "all facts," "all steps Plaintiffs took (and when)," and "the reasons for any period of

time." Plaintiffs object to these Interrogatories to the extent they seek attorney mental impressions, litigation strategy, or information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or protection. Plaintiffs further object to the extent these Interrogatories seek information duplicative of that set forth in the Declaration of Lawrence DeMonico submitted in support of Plaintiffs' Motion for Preliminary Injunction.

Subject to and without waiver of their General and Specific Objections, Plaintiffs stand on their objections and will confer about this matter at Defendants' request.

**INTERROGATORY NO. 11**:

Identify and describe all licenses, covenants not to sue, settlements, or offers relating to any Asserted Patent or any Rare Breed FRT patent (including the ABC–Rare Breed exclusive license and the $300 per-unit royalty), state the royalty rates and terms of each, and state all facts relating to whether a reasonable royalty or other monetary remedy would adequately compensate Plaintiffs, including in light of Plaintiffs' willingness to license the Asserted Patents to Rare Breed.

**OBJECTIONS TO INTERROGATORY NUMBERED AS "NO. 11"**:

Plaintiffs object on the basis that the Interrogatory numbered as "No. 11" is compound and contains approximately 4 discrete parts and sub-parts, counted as:

1. "Identify and describe all licenses, covenants not to sue, settlements, or offers relating to any Asserted Patent";
2. "Identify and describe all licenses, covenants not to sue, settlements, or offers relating to . . . any Rare Breed FRT patent";
3. "[S]tate the royalty rates and terms of each" of the identified "licenses, covenants not to sue, settlements, or offers"; and
4. "[S]tate all facts relating to whether a reasonable royalty or other monetary remedy would adequately compensate Plaintiffs, including in light of Plaintiffs' willingness to license the Asserted Patents to Rare Breed."

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to these Interrogatories to the extent that they seek to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to these Interrogatories as overly broad, unduly burdensome, and premature with respect to the term(s) "all licenses, covenants not to sue, settlements, or offers" and "whether a reasonable royalty or other monetary remedy would adequately compensate Plaintiffs," to the extent those terms seek damages, royalty, or valuation contentions that are the subject of expert discovery that has not yet begun. Plaintiffs object to these Interrogatories to the extent they seek information about patents that are not in this suit or the subject of the Preliminary Injunction proceedings. Plaintiffs object to these Interrogatories to the extent they seek confidential, proprietary, commercially sensitive, licensing, settlement, or financial information absent an appropriate protective order. Plaintiffs object to these Interrogatories to the extent they seek privileged settlement communications, attorney mental impressions, legal conclusions, or information protected by the work-product doctrine or any applicable confidentiality obligation.

Subject to and without waiver of their General and Specific Objections, Plaintiffs stand on their objections and will confer about this matter at Defendants' request.

**INTERROGATORY NO. 12**:

State the complete factual basis for Your contention that an injunction would serve the public interest, including all facts relating to the availability, demand, safety, and regulatory status of FRT products generally, the position of the United States as expressed in any Statement of Interest, and any public-interest considerations weighing against an injunction, including effects on lawful purchasers and competition.

**OBJECTIONS TO INTERROGATORY NUMBERED AS "NO. 12"**:

Plaintiffs object on the basis that the Interrogatory numbered as "No. 12" is compound and contains approximately 4 discrete parts and sub-parts, counted as:

1. "State the complete factual basis for Your contention that an injunction would serve the public interest";
2. State "all facts relating to the availability, demand, safety, and regulatory status of FRT products generally";
3. State "the position of the United States as expressed in any Statement of Interest"; and
4. State "any public-interest considerations weighing against an injunction, including effects on lawful purchasers and competition."

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to these Interrogatories to the extent that they seek to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to these Interrogatories as overly broad, unduly burdensome, vague, and compound with respect to the term(s) "the complete factual basis," "all facts relating to the availability, demand, safety, and regulatory status," and "any public-interest considerations weighing against an injunction." Plaintiffs object to these Interrogatories to the extent they call for a legal conclusion. Plaintiffs object to these Interrogatories to the extent they prematurely seek expert opinion. Plaintiffs object to these Interrogatories to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs further object to the extent these Interrogatories seek information duplicative of that set forth in Plaintiffs' Motion for Preliminary Injunction and the accompanying declarations, including the Statement of Interest filed by the United States in *ABC IP, LLC v. Hoffman* (E.D. Tenn.) and relied upon in Plaintiffs' Motion for Preliminary Injunction.

Subject to and without waiver of their General and Specific Objections, Plaintiffs stand on their objections and will confer about this matter at Defendants' request.

**INTERROGATORY NO. 13**:

Identify each person Plaintiffs may rely upon to support the Motion for Preliminary Injunction or any element thereof (including Lawrence DeMonico, Brian Luettke, and Richard Eichmann), and for each, state the subject matter of their anticipated testimony, summarize the facts and opinions they will offer, identify all documents and data they reviewed or relied upon, and state the compensation paid or promised to each non-party.

**OBJECTIONS TO INTERROGATORY NUMBERED AS "NO. 13"**:

Plaintiffs object on the basis that the Interrogatory numbered as "No. 13" is compound and contains approximately 5 discrete parts and sub-parts, counted as:

1. "Identify each person Plaintiffs may rely upon to support the Motion for Preliminary Injunction or any element thereof";
2. For each identified person, "state the subject matter of their anticipated testimony";
3. For each identified person, "summarize the facts and opinions they will offer" and
4. "[I]dentify all documents and data [each identified person] reviewed or relied upon"; and
5. "[S]tate the compensation paid or promised to each non-party."

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to these Interrogatories to the extent that they seek to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to these Interrogatories as overly broad, unduly burdensome, and premature with respect to the term(s) "each person Plaintiffs may rely upon," "summarize the facts and opinions they will offer," "all documents and data they reviewed or relied upon," and "the compensation paid or promised to each non-party." Plaintiffs object to these Interrogatories to the extent they prematurely seek expert discovery, which Plaintiffs will disclose in accordance with the Federal Rules of Civil

Procedure and the Court's scheduling order. Plaintiffs object to these Interrogatories to the extent they seek confidential compensation or engagement information absent an appropriate protective order. Plaintiffs object to these Interrogatories to the extent they seek drafts, attorney mental impressions, or information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs further object to these Interrogatories to the extent they seek information duplicative of that provided in the declarations of Lawrence DeMonico, Brian Luettke, and Richard Eichmann and accompanying lists of materials and information considered that were submitted in support of Plaintiffs' Motion for Preliminary Injunction.

Subject to and without waiver of their General and Specific Objections, Plaintiffs stand on their objections and will confer about this matter at Defendants' request.

DATED: July 29, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
Bret T. Winterle
Texas Bar No. 24084249
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
winterle@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635 (admitted *pro hac vice*)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy (admitted *pro hac vice*)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

**PROOF OF SERVICE**

I am employed in the County of San Diego. My business address is Fish & Richardson P.C., 12860 El Camino Real, Suite 400, San Diego, California 92130. I am over the age of 18 and not a party to the foregoing action. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for electronic transmission, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service:

**PLAINTIFFS' FIRST SUPPLEMENTAL OBJECTIONS AND INITIAL RESPONSES TO DEFENDANTS' INTERROGATORIES COLLECTIVELY NUMBERED AS "NO. 9"**

On July 29, 2026, I caused a copy of the foregoing document and Exhibit A attached thereto to be served on the interested parties in this action by attaching a PDF version of the document and Exhibit A to an email message addressed as follows:

| | |
|---|---|
| John M. Skeriotis (Ohio Bar No. 0069263)<br>Sergey Vernyuk (Ohio Bar No. 0089101)<br>**EMERSON, THOMSON & BENNETT, LLC**<br>1914 Akron-Peninsula Road<br>Akron, Ohio 44313<br>Tel: (330) 434-9999<br>Fax: (330) 434-8888<br>E-mail: jms@etblaw.com<br>sv@etblaw.com | Attorneys for Defendants<br>AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson |

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct. Executed on July 29, 2026, at San Diego, California.

*/s/ Kristen Coolidge*
Kristen Coolidge
Litigation Case Coordinator
**Fish & Richardson P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: 858-678-4302