# EXHIBIT 13

[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC. and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AS DESIGNS, LLC, MATTHEW S. KARLOVIC, CALVIN OLSON and JOHN DOE, an individual using the alias "s3igu2" and/or "Seagoo Threetwo,"<br><br>Defendants. | Civil Action No. 4:26-cv-00370-ALM |

**ABC IP, LLC. AND RARE BREED TRIGGERS, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF EXPEDITED REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1–22)**

Pursuant to Rules 26 and 34, Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc. (collectively, "Plaintiffs") hereby serve their Objections and Responses to Defendant AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson's ("Defendants") First Set of Expedited Requests for Production of Documents Nos. 1–22 ("Expedited RFPs").

**GENERAL OBJECTION TO SCOPE AND RESERVATION OF RIGHTS**

This response is made in accordance with Plaintiffs' agreement to respond to reciprocal expedited discovery by Defendants commensurate with the targeted scope of expedited discovery the Court permitted Plaintiffs to serve upon Defendants. These objections and responses are based upon information currently available to Plaintiffs, some of which is still being analyzed as it was not received until Defendants filed and served their sealed opposition to Plaintiff's pending motion

for a preliminary injunction at Dkt. No. 50, along with several supporting exhibits disclosing, for the first time, Defendants' positions on claim construction of certain claimed terms and purported invalidity issues (*see*, e.*g.*, Exhibit Nos. 6-20 filed at Dkt. No. 51 that were served late in the day on July 9, 2026). Plaintiffs respond to Defendant's Expedited RFPs without prejudice to Plaintiffs' right to supplement their responses. Plaintiffs also reserve the right to produce or use any information or documents that are discovered or developed after service of this response in support of or in opposition to any motion, in depositions, or at trial. In responding to Defendants' Expedited RFPs, Plaintiffs do not waive any objections on the grounds of privilege, competency, relevance, materiality, authenticity, proportionality, searching burdens, production burdens, or admissibility of the information contained in those responses or associated with locating and producing underlying responsive materials.

## FURTHER GENERAL OBJECTIONS

The following general objections ("General Objections") apply to each of Plaintiffs' Responses to Defendants' Expedited RFPs:

1. Plaintiffs object to each Request, definition, and instruction to the extent it seeks information or documents beyond the scope permitted by the Federal Rules of Civil Procedure, the Local Rules, any applicable Patent Rules, the Court's orders, or any agreement of the parties, including any limitation applicable to expedited discovery.

2. Plaintiffs object to each Request to the extent it is overbroad, unduly burdensome, harassing, not proportional to the needs of the case, or seeks documents or information that are not relevant to any party's claim or defense, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3. Plaintiffs object to the Requests on the ground and to the extent they are vague and ambiguous. Plaintiffs will make every effort to construe these Requests in good faith consistent with their obligations under the Federal Rules of Civil Procedure and applicable local rules.

4. Plaintiffs object to each Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the consulting-expert privilege, any applicable settlement privilege, or any other applicable privilege, immunity, protection, doctrine, statute, rule, order, or agreement. Any inadvertent production of privileged or protected material shall not constitute a waiver of any privilege or protection, nor shall it constitute a waiver of Plaintiffs' right to object to the use of—and/or to seek the return of—any such documents that may be inadvertently disclosed.

5. Plaintiffs object to each Request to the extent it seeks documents or information that are not within Plaintiffs' possession, custody, or control, or that are publicly available, already in Defendants' possession, equally available to Defendants, or more readily obtainable from another source that is more convenient, less burdensome, or less expensive.

6. Plaintiffs object to Defendants' Expedited RFPs to the extent they exceed the scope of the reciprocal expedited discovery to which Plaintiffs explicitly agreed. Plaintiffs moved for leave to take highly-targeted, limited, and expedited discovery of Defendants on issues specifically relevant to the pending preliminary injunction motion, and on the express basis that Defendants did not oppose that motion for leave so long as Defendants could serve reciprocal expedited discovery specifically tied to the preliminary injunction motion, and Plaintiffs agreed only to permit expedited discovery by Defendants of a reciprocal nature and limited scope. Defendants' Expedited RFPs are neither reciprocal nor confined to the preliminary injunction motion: they appear to seek, among other things: discovery directed to claim construction; rebuttal contentions

regarding the validity and enforceability of the Asserted Patents, the applicability of alleged prior art, inventorship, conception, reduction to practice, and priority; as well as Plaintiffs' economic damages and various valuations—none of which was part of Plaintiffs' preliminary-injunction showing, none of which Plaintiffs sought from Defendants, none of which Defendants sought leave from the Court to serve, and all of which will be the subject of full merits discovery governed by the Federal Rules of Civil Procedure, the Court's Order Governing Proceedings, scheduling order, discovery order, E-Discovery Order, the Local Rules, and any applicable Patent Rules, none of which has been started in this case. Plaintiffs object to each such Request to the extent it exceeds the agreed and Court-authorized scope of limited, targeted, and expedited discovery, is not reciprocal to the discovery the Plaintiffs sought from Defendants or the discovery responses offered by Defendants in response thereto, and is premature.

7. Plaintiffs object to each Request to the extent it seeks confidential, proprietary, trade secret, commercially sensitive, financial, customer, supplier, dealer, distributor, licensing, settlement, technical, or third-party information absent entry of an appropriate protective order or other confidentiality protections sufficient to protect such information from improper disclosure or use. Plaintiffs note that they proposed a protective order to all parties, including Defendants, on July 1, 2026, and have not received Defendants' comments thereupon.

8. Plaintiffs object to the Requests to the extent that they seek documents containing confidential or proprietary information of a non-party, documents that are covered by a confidentiality agreement between Plaintiffs and a non-party, and/or information of a non-party covered by a protective order in another case. Plaintiffs will not disclose such information without the third parties' consent, unless required by court order or law.

9. Plaintiffs' agreement to produce documents in response to any Request is not an admission that the Request is proper, that any responsive documents exist, that any documents are relevant or admissible, or that Plaintiffs waive any objection. Plaintiffs reserve all rights to supplement, amend, or modify these objections and responses, including in light of additional facts, discovery, orders of the Court, agreements of the parties, or further investigation.

10. Plaintiffs object to the Requests to the extent they call for a legal conclusion. Plaintiffs' responses should not be construed as admissions of any particular legal characterization made by any Request. For example, the Court has not yet construed the patent claim language. The use of terms herein from the Patents-in-Suit should not be understood to suggest or imply a common, usual, ordinary, customary, plain, or accepted meaning in the art for any such term unless identified having as such in Plaintiffs' claim construction disclosures.

11. Plaintiffs generally object to Requests for "any" or "all" documents regarding a particular topic as unduly burdensome when documents sufficient to establish the facts relating to that topic would do, on the grounds that further response is not only unduly burdensome but cumulative and not proportional to the needs of the case.

12. Plaintiffs object to each and every Definition, Instruction, and Request to the extent any of them give meanings to terms or words different from their ordinary English meaning or definitions set forth in applicable statutes or rules.

13. A response that Plaintiffs agree to produce relevant, responsive, non-duplicative, sufficient to show, non-privileged, and non-protected documents does not mean that Plaintiffs have or have located any responsive documents, but rather means that Plaintiffs will produce relevant, responsive, non-duplicative, sufficient to show, non-privileged, and non-protected documents if,

after a reasonably diligent search, Plaintiffs locate such documents, subject to any objections or other limitations pursuant to court order or by agreement of the parties.

14. Plaintiffs incorporate by reference the foregoing General Objections in their specific responses to each Request. Plaintiffs may repeat a General Objection for emphasis or some other reason. The failure to repeat any such objection with respect to a particular request does not waive that objection. Moreover, Plaintiffs do not waive their right to amend their objections. Any specific objections to the following Requests are in addition to, and not in lieu of, the foregoing objections.

15. Plaintiffs are willing to discuss their objections in a good faith attempt to resolve or narrow any differences between the parties.

## SPECIFIC OBJECTIONS TO DEFINITIONS

16. Plaintiffs object to Defendants' definitions of "You," "Your," "Plaintiffs," "RBT," "Rare Breed," and/or "ABC" as overly broad, unduly burdensome, vague, and ambiguous to the extent they extend beyond ABC IP, LLC and Rare Breed Triggers, Inc. to reach "licensors, licensees," and specifically named non-parties Lawrence DeMonico and Brian A. Blakley. Plaintiffs further object to these definitions to the extent they seek documents not within Plaintiffs' possession, custody, or control. In responding, Plaintiffs will construe these terms to mean ABC IP, LLC and Rare Breed Triggers, Inc. and their respective officers and employees acting within the scope of their employment, and Plaintiffs will perform a reasonably diligent search for responsive documents, communications, and things within the possession, custody, or control of ABC IP, LLC and/or Rare Breed Triggers, Inc.

17. Plaintiffs object to Defendants' definition of "Defendants" as vague, ambiguous, and overbroad to the extent "all the Defendants named in this lawsuit" purports to reach defendants

in other member actions of MDL 3176 beyond AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson. The expedited discovery sought arises from Plaintiffs' preliminary injunction motion against AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson only. Plaintiffs will construe "Defendants" to mean AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson.

18. Plaintiffs object to Defendants' definition of "Asserted Patents" and "Asserted Claims" as overbroad, premature, and speculative to the extent they purport to reach patents and/or claims not currently asserted against Defendants.

19. Plaintiffs object to Defendants' definition of "Rare Breed FRT Products" as overbroad, unduly burdensome, and not proportional to the needs of an expedited preliminary injunction proceeding to the extent it reaches "any forced reset trigger product" ever made or sold. Plaintiffs will construe the term to mean the enumerated products to the extent relevant to the preliminary injunction, subject to an appropriate protective order.

20. Plaintiffs object to Defendants' definition of "Prior Art" as overly broad, unduly burdensome, vague, and ambiguous, and to the extent it calls for a legal conclusion. Plaintiffs further object to this definition as premature and creating an undue burden, because it seeks rebuttal contentions discovery directed to the validity of the Asserted Patents, and rebutting Defendants' invalidity theories and alleged prior art first disclosed to Plaintiffs late in the day on July 9, 2026, in connection with materials filed with Dkt. No. 51, and before the time permitted by the Federal Rules of Civil Procedure, the Court's Order Governing Procedures, Scheduling Order, Discovery Order, E-Discovery Order, the Local Rules, the narrowing elections of alleged prior art and specific combinations thereof, and any applicable Patent Rules. Plaintiffs further object to this definition to the extent it seeks premature expert discovery or disclosure of Plaintiff's positions in reply prior to the due date therefor. Plaintiffs will not apply this definition to expand the scope of

any Request beyond non-duplicative, sufficient to show, non-privileged, non-protected, responsive documents within their possession, custody, or control that are actually relevant to the preliminary injunction motion.

21. Plaintiffs object to Defendants' definition of "DOJ Litigation," "Settlement Agreement," "Hoffman Tactical," and "Related Litigation" as overbroad and not proportional to the needs of an expedited preliminary injunction proceeding, and to the extent Defendants seek settlement-privileged or confidentiality-restricted material absent a protective order.

22. Plaintiffs object to Defendants' definition of "Prosecution History" as overbroad to the extent it reaches "each related U.S. or foreign application," and because the prosecution histories of the Asserted Patents are publicly and equally available to Defendants. Plaintiffs construe the term to mean the prosecution histories of the Asserted Patents.

23. Plaintiffs further object to Defendants' definitions of the terms "relate to," "concern," and "including" as overly broad and unduly burdensome in that they purport to require Plaintiffs to determine the implicit subject of documents. Plaintiffs further object to paragraph 12 of the "Definitions" for purporting to encompass both singular and plural nouns regardless of which one is actually being used, as vague, ambiguous, indefinite, contingent, subjective, overly broad, and unduly burdensome to the extent it seeks to impose burdens on Plaintiffs inconsistent with and in excess of the applicable local rules of this Court, the standing orders of this Court, or any other applicable authority.

## SPECIFIC OBJECTIONS TO INSTRUCTIONS

24. Plaintiffs object to Defendants' Instruction No. 2 to the extent it purports to impose privilege-log obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules, any applicable Patent Rules, or any protective order, ESI protocol, or other order the Court

may enter. No such order has been entered in this case. Plaintiffs further object to the extent this Instruction would require logging of privileged or work-product materials created on or after the filing of the complaint, or on any timetable inconsistent with the parties' agreement or an order of the Court. Plaintiffs will log withheld materials, to the extent such materials exist, consistent with the Federal Rules and any applicable order of the Court.

25. Plaintiffs object to Defendants' Instruction No. 4 to the extent it purports to require production of native files, metadata fields, or particular forms of electronically stored information beyond those required by Rule 34, and absent an agreed ESI protocol or order of the Court governing the form of production. Plaintiffs further object to the extent this Instruction seeks metadata as part of a general ESI production request, because the Eastern District of Texas' [Model] Order Regarding E-Discovery in Patent Cases (Appendix P to the Local Rules) provides that, absent a showing of good cause, general ESI production requests shall not include metadata, except for fields showing the date and time a document was sent and received and the complete distribution list, where such fields exist. When required by the deadlines in this case, Plaintiffs will produce electronically stored information in a reasonably usable form consistent with Rule 34, the Eastern District of Texas's e-discovery practice, and any ESI protocol or order the parties may agree to or the Court may enter.

26. Plaintiffs object to Defendants' Instruction No. 5 to the extent it purports to impose a supplementation deadline "before the preliminary injunction hearing," or any other deadline, that exceeds or is inconsistent with Rule 26(e), the Court's orders, or any agreement of the parties. Plaintiffs will supplement as and when required by Rule 26(e) and any applicable order.

27. Plaintiffs object to Defendants' Instruction No. 6 as overly broad, unduly burdensome, and not proportional to the needs of an expedited preliminary injunction proceeding

to the extent Defendants define the relevant time period as beginning January 1, 2018. The preliminary injunction concerns a materially more recent period. Plaintiffs further object to this Instruction to the extent it purports to impose no time limit on documents concerning conception, reduction to practice, and priority, as overbroad and as directed to inventorship and validity issues that are not relevant to the preliminary injunction motion. Plaintiffs will apply a relevant time period reasonably tailored to the preliminary injunction.

## RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All documents and things relied upon, reviewed, considered, or generated in connection with Plaintiffs' contention that any Accused Product infringes any Asserted Claim, including all claim charts, infringement analyses, and the materials underlying Exhibits A through G to the Luettke Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks "All" documents and things. Plaintiffs object to this Request to the extent it is overbroad, unduly burdensome, and disproportionate to the needs of an expedited preliminary injunction proceeding, seeks documents protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection, seeks premature expert discovery before the time permitted by the Federal Rules of Civil Procedure, the Court's orders, the Local Rules, and any applicable Patent Rules, and seeks documents already in Defendants' possession or equally available to Defendants.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At Defendants' request, Plaintiffs will confer with Defendants regarding the relevance, timing, and breadth of this Request including whether and why the materials and information Plaintiffs previously provided with their Preliminary Injunction motion are insufficient, how and why any additional materials may be relevant and pertain to the scope of the preliminary injunction

proceedings, and whether and how this Request is proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants.

**REQUEST FOR PRODUCTION NO. 2:**

All documents concerning the structure, design, and operation of each Accused Product in Plaintiffs' possession, including any exemplars, teardown notes, photographs, measurements, CAD files, and any testing or examination of any Accused Product, and all data and results therefrom.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks "All" documents. Plaintiffs object to this Request to the extent it is overbroad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs further object to this Request to the extent it seeks documents concerning Defendants' own Accused Products that are already in Defendants' possession, publicly available, or equally available to and more readily obtainable by Defendants. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Plaintiffs further object to this Request to the extent that it is duplicative of other Requests, including at least Request No. 1.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At Defendants' request, Plaintiffs will confer with Defendants regarding the relevance, timing, and breadth of this Request including whether and why the materials and information Plaintiffs previously provided with their Preliminary Injunction motion are insufficient, how and

why any additional materials may be relevant and pertain to the scope of the preliminary injunction proceedings, and whether and how this Request is proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants.

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning the structure, design, and operation of each Rare Breed FRT Product, including engineering drawings, CAD files, specifications, and any comparison of any Rare Breed FRT Product to any Accused Product or to the claims of any Asserted Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks "All" documents where documents sufficient to show the structure and operation of RBT products referenced in Plaintiffs' preliminary injunction motion as they pertain to Asserted Patents are sufficient. Plaintiffs object to this Request to the extent it seeks Plaintiffs' confidential engineering drawings, CAD files, and specifications that are not part of Plaintiffs' preliminary injunction showing. Plaintiffs object to this Request as premature to the extent it seeks any "comparison of any Rare Breed FRT Product to … the claims of any Asserted Patent," which seeks claim-construction or expert discovery. Plaintiffs object to this Request to the extent it seeks materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs further object to this Request to the extent it seeks documents not within Plaintiffs' possession, custody, or control.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At this time, Plaintiffs will not produce their design-level engineering, CAD, or specification materials in response to this Request. At Defendants' request, Plaintiffs will confer with Defendants regarding the relevance, timing, and breadth of the remainder of this Request including whether and why publicly available materials or materials and information Plaintiffs previously provided are insufficient, how and why any additional materials may be relevant and pertain to the scope of the preliminary injunction proceedings, and whether and how this Request is proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants.

**REQUEST FOR PRODUCTION NO. 4**:

Documents sufficient to identify, for each Asserted Claim, the Rare Breed FRT Product(s) (if any) that Plaintiffs contend practice that claim, and all documents supporting any contention that Plaintiffs practice the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of an expedited preliminary injunction proceeding. Plaintiffs object to this Request to the extent it seeks materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs object to this Request to the extent it seeks confidential information absent an appropriate protective order. Plaintiffs object to this Request as calling for a legal conclusion. Plaintiffs further object to this Request to the extent that it is duplicative of other Requests, including at least Request No. 3.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At this time, Plaintiffs will not produce any additional documents in response to this Request, including because the requested information is duplicative of other Requests and information provided in the preliminary injunction motion materials.

**REQUEST FOR PRODUCTION NO. 5**:

All documents concerning the meaning, construction, or scope of any term of any Asserted Claim, including any document in which Plaintiffs or their experts have ascribed a meaning to any claim term, and any claim-construction positions taken in any Related Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs further object to this Request as exceeding the scope of the reciprocal expedited discovery to which Plaintiffs agreed. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks "All" documents. Plaintiffs object to this Request as premature and as seeking discovery not permitted at this stage of a preliminary injunction proceeding. The meaning, construction, and scope of the Asserted Claims are governed by the Court's claim-construction procedures, scheduling order, and any applicable Patent Rules, none of which has been entered, and are the subject of expert discovery. Plaintiffs object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs object to this Request to the extent it seeks premature expert discovery, or materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs further object to this Request to the extent it seeks documents publicly available or equally available to Defendants, including any claim-construction positions of record in any Related Litigation.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At this time, Plaintiffs will not produce documents in response to this Request, at least because this Request is premature and outside the scope of the preliminary injunction proceedings. To the extent necessary, relied upon by Plaintiffs, and not already disclosed in the pending preliminary injunction motion and supporting materials or any reply in support thereof, Plaintiffs' claim-construction positions will be disclosed at the time and in the manner required by the Court's scheduling order and any applicable Patent Rules.

**REQUEST FOR PRODUCTION NO. 6:**

The complete Prosecution History of each Asserted Patent and of each related U.S. and foreign patent and application, including all applications claiming priority to or from any Asserted Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks the prosecution history of "each related U.S. and foreign patent and application" and "all applications claiming priority to or from any Asserted Patent." Plaintiffs object to this Request on the ground that the prosecution histories of the Asserted Patents are publicly and equally available to Defendants.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

Plaintiffs will produce the prosecution histories of the applications for the Asserted Patents, despite these documents being publicly available.

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning the conception and reduction to practice of the subject matter of each Asserted Claim, including inventor notebooks, drawings, prototypes, test records, invention disclosures, and assignment documents, including those concerning Brian A. Blakley and Cameron Smith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs further object to this Request as exceeding the scope of the reciprocal expedited discovery to which Plaintiffs agreed. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks "All" documents. Plaintiffs object to this Request as premature because it seeks discovery directed to the conception, reduction to practice, inventorship, and priority of the Asserted Patents, issues that are not part of Plaintiffs' preliminary injunction showing and are governed by the Court's scheduling order and any applicable Patent Rules, none of which has been entered. Plaintiffs object to this Request to the extent it seeks materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs object to this Request to the extent it seeks documents concerning third parties, including Brian A. Blakley and Cameron Smith, that are not within Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks premature expert discovery.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At Defendants' request, Plaintiffs will confer with Defendants regarding the relevance, timing, and breadth of this Request including whether and how it pertains to the scope of the

preliminary injunction proceedings and whether and how it is proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants.

**REQUEST FOR PRODUCTION NO. 8**:

For U.S. Patent No. 12,529,538, all documents concerning the conception, design, development, and reduction to practice of the subject matter of each claim, including: (a) all documents authored, created, or possessed by Cameron Smith concerning the subject matter of the ’538 Patent (including notebooks, drawings, CAD files, sketches, prototypes, test records, and invention disclosures); (b) all documents corroborating the date and circumstances of Cameron Smith’s alleged conception and reduction to practice; (c) the assignment of the ’538 Patent from Cameron Smith to ABC dated October 30, 2025, and all documents concerning the negotiation, consideration, and execution of that assignment; and (d) all documents concerning Cameron Smith’s relationship to ABC, Rare Breed, Brian A. Blakley, Lawrence DeMonico, Timothy Hoffman, or Hoffman Tactical.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs further object to this Request as exceeding the scope of the reciprocal expedited discovery to which Plaintiffs agreed. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks “all” documents. Plaintiffs object to this Request as premature because subparts (a), (b), and (d) seek discovery directed to the conception, reduction to practice, inventorship, and priority of the '538 Patent, which are issues that are not part of Plaintiffs’ preliminary injunction showing and are governed by the Court’s scheduling order and any applicable Patent Rules. Plaintiffs object to this Request to the extent it seeks materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs object to this Request to the extent it seeks documents concerning third parties, including Cameron Smith, Brian A. Blakley, Lawrence DeMonico, Timothy Hoffman, and Hoffman Tactical, that are not within Plaintiffs’ possession, custody, or control. Plaintiffs further

object to this Request to the extent it seeks confidential information absent an appropriate protective order.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At Defendants' request, Plaintiffs will confer with Defendants regarding the relevance, timing, and breadth of subparts (a), (b), and (d) of this Request, including whether and how they pertain to the scope of the preliminary injunction proceedings and whether and how they are proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants. As to subpart (c), to the extent not publicly available or already included in their preliminary injunction motion and supporting materials, Plaintiffs will produce non-privileged documents sufficient to show the assignment of the '538 Patent from Cameron Smith to ABC.

**REQUEST FOR PRODUCTION NO. 9**:

All documents concerning Timothy Hoffman's or Hoffman Tactical's design, conception, disclosure, or reduction to practice of any subject matter claimed in the '538 Patent, including the Hoffman Tactical "Super Safety" design and specifications, any design files released by Hoffman Tactical, and all communications between any Plaintiff (or Cameron Smith) and Timothy Hoffman or Hoffman Tactical concerning the safety-selector-modified or cam-reset trigger design that is the subject of the '538 Patent, including any document bearing on whether Hoffman's design predates Cameron Smith's alleged invention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks "All" documents. Plaintiffs object to this Request as premature because it seeks discovery directed to the priority, inventorship, and validity of the '538 Patent, which are issues that are not part of Plaintiffs' preliminary

injunction showing and are governed by the Court's scheduling order and any applicable Patent Rules. Plaintiffs object to this Request to the extent it seeks documents concerning third parties, including Timothy Hoffman and Hoffman Tactical, that are not within Plaintiffs' possession, custody, or control. Plaintiffs object to this Request to the extent it seeks materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs further object to this Request to the extent that it is duplicative of other Requests, including at least Request Nos. 7 and 8.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At Defendants' request, Plaintiffs will confer with Defendants regarding the relevance, timing, and breadth of this Request including whether and how it pertains to the scope of the preliminary injunction proceedings and whether and how it is proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants.

**REQUEST FOR PRODUCTION NO. 10:**

All documents concerning any Prior Art to any Asserted Claim, including all prior art known to, cited by, or disclosed by Plaintiffs in prosecution or in any Related Litigation, and all documents concerning the Blakley patent(s) and the '223 Patent referenced in the DeMonico Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs further object to this Request as exceeding the scope of the reciprocal expedited discovery to which Plaintiffs agreed. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks "All" documents concerning "any" Prior Art. Plaintiffs object to this Request as premature

because it seeks discovery directed to the validity of the Asserted Patents, invalidity theories, and prior art that is not part of Plaintiffs' preliminary injunction showing and is governed by the Court's scheduling order and any applicable Patent Rules, none of which has been entered. Plaintiffs object to this Request to the extent it seeks documents publicly available or equally available to Defendants, including prior art of record in prosecution or in any Related Litigation. Plaintiffs object to this Request to the extent it seeks premature expert discovery, or materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs further object to this Request as calling for a legal conclusion to the extent it requires the identification of "Prior Art."

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At this time, Plaintiffs will not produce documents in response to this Request, at least because this Request is premature and directed to issues outside the scope of the preliminary injunction proceedings. The appropriate disclosures will be made at the time and in the manner required by the Court's scheduling order and any applicable Patent Rules.

**REQUEST FOR PRODUCTION NO. 11**:

All documents concerning any analysis, opinion, or assessment of the validity, enforceability, or scope of any Asserted Patent, including any freedom-to-operate, validity, or invalidity analysis, and any communications with any third party concerning the validity or enforceability of any Asserted Patent (to the extent not privileged).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs further object to this Request as exceeding the scope of the reciprocal expedited discovery to which Plaintiffs

agreed. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks "All" documents concerning "any" analysis, opinion, or assessment. Plaintiffs object to this Request as premature because it seeks discovery directed to the validity, enforceability, and scope of the Asserted Patents that is not part of Plaintiffs' preliminary injunction showing and is governed by the Court's scheduling order and any applicable Patent Rules, none of which has been entered. Plaintiffs object to this Request to the extent it seeks legal analyses, opinions, and materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs object to this Request to the extent it seeks premature expert discovery. Plaintiffs further object to this Request to the extent it seeks documents not within Plaintiffs' possession, custody, or control.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At Defendants' request, Plaintiffs will confer with Defendants regarding the relevance, timing, and breadth of this Request including whether and how it pertains to the scope of the preliminary injunction proceedings and whether and how it is proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants.

**REQUEST FOR PRODUCTION NO. 12**:

All documents concerning the DOJ Litigation and the Settlement Agreement, including any prior prohibitions on Plaintiffs' enforcement of any of their patents, the complete Settlement Agreement and all addenda, all conditions imposed on Plaintiffs, all communications with the DOJ or ATF concerning the Asserted Patents or Rare Breed FRT Products, and any Statement of Interest of the United States and communications relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it

seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks "All" documents. Plaintiffs object to this Request to the extent it seeks materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Plaintiffs object to this Request to the extent it seeks confidential settlement materials subject to confidentiality obligations. Plaintiffs further object to this Request to the extent it seeks discovery that is not part of Plaintiffs' preliminary injunction showing.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At this time, Plaintiffs will not produce documents in response to this Request as phrased, at least because it seeks privileged, protected, and confidential materials related to prior litigation involving counsel, including those that are outside the scope of the preliminary injunction proceedings, and is not proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants. Plaintiffs are willing to confer with Defendants regarding the relevance, timing, and breadth of this Request including whether and how it seeks privileged or otherwise protected materials, whether and how it pertains to the scope of the preliminary injunction proceedings, and whether and how it is proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants.

**REQUEST FOR PRODUCTION NO. 13**:

All documents concerning any representation made by Plaintiffs to the USPTO, ATF, DOJ, or any court concerning the Asserted Patents, the Rare Breed FRT Products, the inventorship of the '538 Patent, or the lawfulness, classification, or safety of FRT products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it

seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs further object to this Request as exceeding the scope of the reciprocal expedited discovery to which Plaintiffs agreed. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks "All" documents concerning "any" representation. Plaintiffs object to this Request to the extent it seeks materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs object to this Request to the extent it seeks documents publicly available or equally available to Defendants. Plaintiffs object to this Request as premature and outside the scope of Plaintiffs' preliminary injunction showing to the extent it seeks representations concerning the inventorship of the '538 Patent or rebuttal contentions regarding the validity of the Asserted Patents. Plaintiffs further object to this Request to the extent that it is duplicative of other Requests, including at least Request Nos. 6 and 22.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At Defendants' request, Plaintiffs will confer with Defendants regarding the relevance, timing, and breadth of this Request including whether and how it pertains to the scope of the preliminary injunction proceedings and whether and how it is proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants.

**REQUEST FOR PRODUCTION NO. 14:**

All license agreements, covenants not to sue, settlement agreements, and offers relating to any Asserted Patent or any Rare Breed FRT patent, including the ABC–Rare Breed Exclusive Patent License Agreement and all addenda referenced as Exhibits A–C to the DeMonico Declaration, and all documents concerning the $300 per-unit royalty.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to this Request as overbroad and unduly burdensome at this stage, at least to the extent it seeks "All" license agreements, covenants not to sue, settlement agreements, offers, and "all documents concerning" anything. Plaintiffs object to this Request to the extent it seeks confidential business information absent an appropriate protective order. Plaintiffs object to this Request to the extent it seeks materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, any applicable settlement privilege, or any other applicable privilege or protection. Plaintiffs object to this Request as premature to the extent it seeks damages or royalty discovery, including "all … offers" and documents concerning the "$300 per-unit royalty." Plaintiffs further object to this Request to the extent it seeks documents not within Plaintiffs' possession, custody, or control.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At Defendants' request, Plaintiffs will confer with Defendants regarding the relevance, timing, and breadth of this Request including whether and why the materials and information Plaintiffs have provided are insufficient, how and why any additional materials may be relevant and pertain to the scope of the preliminary injunction proceedings, and whether and how this Request is proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants.

**REQUEST FOR PRODUCTION NO. 15:**

All documents concerning Plaintiffs' valuation of any Asserted Patent or any Rare Breed FRT Product, including any damages, royalty, or business-valuation analysis prepared by or for Plaintiffs in this or any Related Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs further object to this Request as exceeding the scope of the reciprocal expedited discovery to which Plaintiffs agreed. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks "All" documents concerning "any" damages, royalty, product valuation analysis, or business-valuation analysis. Plaintiffs object to this Request as premature because it seeks damages, royalty, and valuation discovery and contentions that are the subject of expert discovery and are not part of Plaintiffs' preliminary injunction showing. Plaintiffs object to this Request to the extent it seeks confidential business information absent an appropriate protective order. Plaintiffs object to this Request to the extent it seeks materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs further object to this Request to the extent that it is duplicative of other Requests, including at least Request Nos. 14 and 16.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At Defendants' request, Plaintiffs will confer with Defendants regarding the relevance, timing, and breadth of this Request including whether and how it pertains to the scope of the preliminary injunction proceedings and whether and how it is proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants.

**<u>REQUEST FOR PRODUCTION NO. 16</u>:**

Documents sufficient to show, by month from January 2024 to the present, Rare Breed's unit sales, gross revenue, manufacturing cost, royalty expense, and gross and net profit for each Rare Breed FRT Product, including the underlying records supporting the per-unit figures in paragraph 41 of the DeMonico Declaration.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 16</u>:**

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to this Request to the extent it seeks confidential and commercially sensitive financial, sales, cost, or profit information absent an appropriate protective order. Plaintiffs object to this Request to the extent it seeks materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs object to this Request to the extent it seeks documents not within Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent that it is duplicative of other Requests, including at least Request Nos. 17, 18, and 19.

Further, Plaintiffs further object that Defendants "are not entitled . . . to direct access to [Plaintiffs'] entire database, every source record underlying every data point, a full order-level database export, or a forensic audit of [Plaintiffs'] business systems. Any such request would raise substantial confidentiality, burden, privacy, and proportionality issues, particularly in expedited preliminary-injunction discovery." (*See* July 10, 2026, letter from J. Skeriotis to B. Winterle re AS Designs' positions on discovery responses at 2-3.) Also, Defendants' are not "entitle[d]" "to the entire order database, every individual sales record, or customer-level information beyond what is responsive and proportional." *Id.* at 4.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At Defendants' request, Plaintiffs will confer with Defendants regarding the relevance, timing, and breadth of this Request including whether and why the materials and information Plaintiffs previously provided with their Preliminary Injunction motion are insufficient, how and why any additional materials or information may be relevant and pertain to the scope of the preliminary injunction proceedings, whether and how this Request is proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants, and whether and why any summaries, compilations, or extracts at the same or a similar limited level of detail provided by Defendants about sales of their Accused Products may be necessary for any purpose.

**REQUEST FOR PRODUCTION NO. 17**:

All documents concerning Plaintiffs' share of, and the size of, the FRT market, including the data and methodology underlying the contention that Rare Breed holds "less than 25%" of the market and the identification of approximately seventy infringers, all documents identifying each such infringer and each infringing product, and all documents showing the absence of noninfringing alternatives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks "All" documents "identifying each such infringer and each infringing product" and "all documents showing the absence of noninfringing alternatives." Plaintiffs object to this Request to the extent it seeks premature expert and third-party discovery and imposes an obligation to catalog non-parties to Plaintiffs' motion for preliminary injunction. Plaintiffs object to this Request to the extent it seeks confidential business information absent an appropriate protective order. Plaintiffs object to this Request to

the extent it seeks materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs further object to this Request to the extent that it is duplicative of other Requests, including at least Request Nos. 16 and 18.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

Subject to entry of an appropriate protective order, and to the extent not publicly available or already included in their preliminary injunction motion and supporting materials, Plaintiffs will produce non-privileged, non-protected, and non-duplicative documents sufficient to show Rare Breed's understanding of the market, identification of other infringers, and absence of non-infringing alternatives that are within their possession, custody, or control and can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 18**:

All documents concerning any change in the price of any Rare Breed FRT Product, any decision to offer or open a dealer or distributor program, and any inventory levels or surplus, including documents concerning the East Valley Tactical relationship referenced in the DeMonico Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks "All" documents concerning "any" change in price, dealer or distributor program, or inventory levels at any point in time. Plaintiffs object to this Request to the extent it seeks confidential business, pricing, inventory, dealer, or distributor information absent an appropriate protective order. Plaintiffs object to this

Request to the extent it seeks materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs object to this Request to the extent it seeks premature expert discovery before the time permitted by the Federal Rules of Civil Procedure, the Court's orders, the Local Rules, and any applicable Patent Rules. Plaintiffs object to this Request to the extent it seeks documents not within Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent that it is duplicative of other Requests, including at least Request Nos. 16, 17, and 19.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At Defendants' request, Plaintiffs will confer with Defendants regarding the relevance, timing, and breadth of this Request including whether and why the materials and information Plaintiffs previously provided with their Preliminary Injunction motion are insufficient, how and why any additional materials may be relevant and pertain to the scope of the preliminary injunction proceedings, and whether and how this Request is proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants.

**REQUEST FOR PRODUCTION NO. 19**:

All documents concerning any lost sale, lost customer, lost dealer, or lost business opportunity that Plaintiffs attribute to any Defendant, and all documents distinguishing harm caused by Defendants from harm caused by Hoffman Tactical, the publicly released design files, or other sellers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to this

Request as overbroad and unduly burdensome, to the extent it seeks "All" documents concerning "any" lost sale, lost customer, lost dealer, or lost business opportunity. Plaintiffs object to this Request to the extent it seeks confidential information absent an appropriate protective order. Plaintiffs object to this Request to the extent it seeks materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs object to this Request to the extent it seeks premature expert discovery before the time permitted by the Federal Rules of Civil Procedure, the Court's orders, the Local Rules, and any applicable Patent Rules. Plaintiffs object to this Request to the extent it seeks documents not within Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent that it is duplicative of other Requests, including at least Request Nos. 16, 18, and 20.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At Defendants' request, Plaintiffs will confer with Defendants regarding the relevance, timing, and breadth of this Request including whether and why the materials and information Plaintiffs previously provided with their Preliminary Injunction motion are insufficient, how and why any additional materials may be relevant and pertain to the scope of the preliminary injunction proceedings, and whether and how this Request is proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants.

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning any alleged reputational harm, loss of goodwill, or loss of "innovator" status, including the social-media posts, comments, and YouTube materials referenced in the DeMonico Declaration (Exhibits F, G, H, and I) and any internal analysis of their effect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks "All" documents concerning "any" alleged reputational harm, loss of goodwill, or loss of innovator status. Plaintiffs object to this Request to the extent it seeks documents publicly and/or equally available to Defendants, including the referenced social-media posts, comments, and YouTube materials. Plaintiffs object to this Request to the extent it seeks materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs object to this Request to the extent it seeks premature expert discovery before the time permitted by the Federal Rules of Civil Procedure, the Court's orders, the Local Rules, and any applicable Patent Rules. Plaintiffs further object to this Request to the extent that it is duplicative of other Requests, including at least Request No. 19.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At Defendants' request, Plaintiffs will confer with Defendants regarding the relevance, timing, and breadth of this Request including whether and why the materials and information Plaintiffs previously provided with their Preliminary Injunction motion are insufficient, how and why any additional materials may be relevant and pertain to the scope of the preliminary injunction proceedings, and whether and how this Request is proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants.

**REQUEST FOR PRODUCTION NO. 21:**

All documents reviewed, relied upon, generated, or cited by Lawrence DeMonico, Brian Luettke, and Richard Eichmann in connection with their declarations, including all data underlying any factual assertion, all drafts exchanged with counsel reflecting facts (as opposed to privileged legal advice), and all engagement and compensation agreements for any non-party declarant or expert.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks "All" documents reviewed, relied upon, generated, or cited. Plaintiffs object to this Request to the extent it seeks expert discovery before the time permitted by the Federal Rules of Civil Procedure and the Court's orders. Plaintiffs object to this Request to the extent it seeks drafts, communications with counsel, attorney mental impressions, or other materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, or any other applicable privilege or protection. Plaintiffs object to this Request to the extent it conflicts with the protections against discovery of drafts of expert reports and communications with experts provided by Fed. R. Civ. P. 26(b)(4)(B) and 26(b)(4)(C). Plaintiffs object to this Request to the extent it seeks confidential compensation or engagement information absent an appropriate protective order. Plaintiffs object to this Request to the extent it seeks documents not within Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent that it is duplicative of other Requests, including at least Request No. 1.

Further, Plaintiffs further object that Defendants "are not entitled . . . to direct access to [Plaintiffs'] entire database, every source record underlying every data point, a full order-level database export, or a forensic audit of [Plaintiffs'] business systems. Any such request would raise

substantial confidentiality, burden, privacy, and proportionality issues, particularly in expedited preliminary-injunction discovery." (*See* July 10, 2026, letter from J. Skeriotis to B. Winterle re AS Designs' positions on discovery responses at 2-3.) Also, Defendants' are not "entitle[d]" "to the entire order database, every individual sales record, or customer-level information beyond what is responsive and proportional." *Id.* at 4.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At Defendants' request, Plaintiffs will confer with Defendants regarding the relevance, timing, and breadth of this Request including whether and why the materials and information Plaintiffs previously provided with their Preliminary Injunction motion are insufficient, how and why any additional materials may be relevant and pertain to the scope of the preliminary injunction proceedings, and whether and how this Request is proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants.

**<u>REQUEST FOR PRODUCTION NO. 22</u>:**

All documents concerning the public interest in the requested injunction, including documents concerning the demand for, availability of, and safety of FRT products, and any communications with any governmental entity concerning the regulation, sale, or safety of FRT products.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 22</u>**:

Plaintiffs incorporate by reference each General Objection and Specific Objection to Definitions and Instructions set forth above, and further object to this Request to the extent that it seeks to require more of Plaintiffs than any obligation imposed by law. Plaintiffs object to this Request as overbroad and unduly burdensome, to the extent it seeks "All" documents. Plaintiffs object to this Request to the extent it seeks materials protected by the attorney-client privilege, work-product doctrine, common-interest privilege, consulting-expert privilege, or any other

applicable privilege or protection. Plaintiffs object to this Request to the extent it seeks expert discovery before the time permitted by the Federal Rules of Civil Procedure and the Court's orders. Plaintiffs object to this Request to the extent it seeks documents publicly and/or equally available to Defendants. Plaintiffs further object to this Request to the extent that it is duplicative of other Requests, including at least Request No. 13.

Subject to and without waiver of their General and Specific Objections, Plaintiffs respond to this Request as follows:

At Defendants' request, Plaintiffs will confer with Defendants regarding the relevance, timing, and breadth of this Request including whether and why the materials and information Plaintiffs previously provided with their Preliminary Injunction motion are insufficient, how and why any additional materials may be relevant and pertain to the scope of the preliminary injunction proceedings, and whether and how this Request is proportional to the expedited discovery requests the Court permitted Plaintiffs to take of Defendants.

DATED: July 14, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
Bret T. Winterle
Texas Bar No. 24084249
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
winterle@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635 (admitted *pro hac vice*)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy (admitted *pro hac vice*)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

## PROOF OF SERVICE

I am employed in the County of San Diego. My business address is Fish & Richardson P.C., 12860 El Camino Real, Suite 400, San Diego, California 92130. I am over the age of 18 and not a party to the foregoing action. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for electronic transmission, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service:

**ABC IP, LLC. AND RARE BREED TRIGGERS, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF EXPEDITED REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1–22)**

On July 14, 2026, I caused a copy of the foregoing document to be served on the interested parties in this action by attaching a PDF version of the document to an email message addressed as follows:

| | |
|---|---|
| John M. Skeriotis (Ohio Bar No. 0069263)<br>Sergey Vernyuk (Ohio Bar No. 0089101)<br>**EMERSON, THOMSON & BENNETT, LLC**<br>1914 Akron-Peninsula Road<br>Akron, Ohio 44313<br>Tel: (330) 434-9999<br>Fax: (330) 434-8888<br>E-mail: jms@etblaw.com<br>sv@etblaw.com | Attorneys for Defendants<br>AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson |

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct. Executed on July 14, 2026, at San Diego, California.

*/s/ Kristen Coolidge*
Kristen Coolidge
Litigation Case Coordinator
**Fish & Richardson P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: 858-678-4302