IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: RARE BREED TRIGGERS PATENT LITIGATION | CASE NO. 4:26-md-03176-ALM |
| RARE BREED TRIGGERS, INC. et al.,<br>Plaintiffs,<br>vs.<br>AS DESIGNS LLC et al.,<br>Defendants. | (CASE NO. 4:26-cv-00370-ALM)<br>CHIEF JUDGE AMOS L. MAZZANT |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ALTERNATIVE SUBPOENA SERVICE AND FOR EXTENSION OF TIME TO FILE SUR-REPLY**

In their motion for preliminary injunction against Defendants, Plaintiffs asserted, *inter alia*, U.S. Patent 12,529,538 (the "'538 Patent"), which names Cameron Smith as the inventor. (*See* Dkt. #28 at 8, "PI Mot."; Dkt. #39-3.) But whether Smith actually invented that patented invention is under a heavy cloud in light of corroborated claims by Mr. Timothy Hoffman – made before and after that patent was applied for and issued – that *Mr. Hoffman* was the real inventor, as laid out in Defendants' Opposition to the PI Motion. (*See* Dkt. #52-13; Dkt. #51 at ¶¶ 152-56; Dkt. #51-20 at 3-5; Dkt. #51-18.)

In their Reply, Plaintiffs doubled down on Smith and submitted another declaration from him. That declaration did not corroborate Smith's earlier invention; rather, it contradicted Mr. Hoffman's claims and portrayed them as inconsistent with claims he made earlier. (Dkt. #63 at 9; Dkt. #64-5.) Because incorrect inventorship invalidates a patent, *Fortress Iron, LP v. Digger Specialties, Inc.*, 171 F.4th 1310, 1313 (Fed. Cir. 2026),[1] Defendants sought to obtain discovery from Smith as the '538 Patent's named inventor in light of the inventorship dispute. Yet despite *eleven* attempts to serve Smith by a process server at the two locations he provided to the Indiana Secretary of State, an attempt by USPS Certified Mail, an attempt through Plaintiffs' counsel (who has been in recent contact with Smith and expects to represent him when he is deposed), and even emailing Smith directly, not a single one of those attempts has been successful. (*See* Dkt. #86 at 4-6.) Clearly, Smith is evading service.

Defendants thus turned to the Court for help and moved to permit alternative service of the subpoenas on Smith. (Dkt. #86 at 9, "Subpoena Mot.") In light of the importance of Smith's

[1] Several Plaintiffs' statements (*see* Dkt. #94 at 11) need correction. At the preliminary-injunction stage, Defendants need not prove invalidity (including incorrect inventorship naming) by clear and convincing evidence; rather, they merely need to raise a substantial question of invalidity. *Tinnus Enters. v. Telebrands Corp.* 846 F.3d 1190, 1202 (Fed. Cir. 2017). And "the *patentee* seeking a preliminary injunction in a patent infringement suit must show . . . that it will likely withstand challenges . . . to the validity of the patent." *Id*. (emphasis added).

testimony to the pending PI Motion, Defendants also asked for an extension of their sur-reply deadline, as previously invited by the Court. (*Id*. at 11.) Plaintiffs opposed. (Dkt. #94.) Because their objections are meritless, Defendants respectfully urge that their Subpoena Motion be granted.

**A. <u>The Subpoena Motion Is the Wrong Vehicle for Plaintiffs' Complaints on Discovery</u>.**

Plaintiffs spend the greater part of their opposition complaining about discovery. (*See* Dkt. #94 at 2-10.) But briefing on the Subpoena Motion is not the proper place for such gripes. If Plaintiffs believe that the discovery they have received is insufficient, the Federal Rules of Civil Procedure and this District's Local Rules provide means for addressing such issues. An opposition to a motion requesting alternative subpoena service on a named inventor is not one of those.

**B. <u>Rule 26(d)(1) Is Not an Obstacle Here</u>.**

Plaintiffs claim that under Fed. R. Civ. P. 26(d)(1) the subpoenas are not authorized. (Dkt. #94 at 7.) Plaintiffs are mistaken. By default, Rule 26(d)(1) keeps the discovery closed until the parties have conferred per Rule 26(f). But Rule 26(d)(1) states that the default rule may be modified by stipulation. *See also* Fed. R. Civ. P. 29. Defendants informed Plaintiffs of their intent to subpoena Smith as early as June 24, 2026 (Dkt. #86-14), and Plaintiffs have had copies of Defendants' subpoenas since July 29 (Dkt. #86-5 at PageID #3884). Yet, the first time Defendants mentioned Rule 26(d)(1) was in their Opposition, filed *months* later on October 2. Plaintiffs' awareness of and lack of any objection[2] for months shows their acquiescence to the subpoenas.

[2] Plaintiffs keep harping on the word "reciprocal." (*See* Dkt. #94 at 1-2, 4, 8-10.) They interpret it woodenly, where if they issue three interrogatories and five requests for production, then the other side can also issue only three interrogatories and five requests for production – any deviation would, by their interpretation, not be reciprocal. That is hardly the natural use of the word. As seen in the correspondence surrounding the discussion, Defendants stated that they would not oppose Plaintiffs' request for expedited discovery provided Defendants could also seek expedited discovery. (*See* Dkt. #94-1.) There was no haggling over or agreement on specific discovery methods or limitations thereon. Furthermore, that discussion occurred *before* Plaintiffs filed their PI Motion, so Defendants did not know its scope or content or what they would need in response.

More importantly, the parties *have* held the conference described in Rule 26(f) – several times – when conferring on the joint initial management report and various proposed orders regarding discovery. *See* Fed. R. Civ. P. 16.1(b) (requiring the parties to meet and confer on various case-management topics, including those in Rule 16); Fed. R. Civ. P. 26(f)(2)-(3) (requiring the parties to meet and confer on various case-management topics in preparation for Rule 16 order); Fed. R. Civ. P. 16(b)(1) (generally requiring Rule 26(f) report before issuing a scheduling order); *In re Rare Breed Triggers Patent Litig.*, No. 4:26-md-03176-ALM (E.D. Tex.), Dkt. #56 at PageID #2259 (listing several conferences). In light of the parties' multiple meetings and resulting Joint Initial Management Report, it is unclear what additional meetings and conferrals Plaintiffs expect on those topics. In short, Rule 26(d)(1) is no obstacle here.[3]

**C. <u>Plaintiffs Lack Standing to Raise Their Various Objections</u>.**

Aside from the lack of merit to Plaintiffs' various objections, Plaintiffs lack standing to raise them in the first place, as Defendants previously noted (Dkt. #86 at 10). *See also Donaldson v. Crisp*, No. 1:22-CV-111, 2023 WL 6201372, at *4-5 (E.D. Tex. Sep. 21, 2023). Plaintiffs confirm their Opposition does not make or depend on any burden or privilege objections. (Dkt. #94 at 8 n.3.) That concession wipes out most of their objections.

A party could theoretically seek a protective order under Rule 26(c) regarding a subpoena, but "[t]he burden is on the movant to show the necessity of a protective order, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Donaldson*, 2023 WL 6201372, at *5 (cleaned up). Even then, Plaintiffs "do[] not have standing to 'protect' [Smith] from undue burden, inconvenience, and the like." *Quilling v.*

[3] Even if discovery were still closed by default, Plaintiffs acknowledge that good cause justifies expedited discovery. (Dkt. #94 at 7.) In light of the dispute over the '538 Patent's inventorship and Smith's centrality thereto, that standard is readily met. (*See* Dkt. #86 at 2-4.)

*Erwin & Johnson, LLP*, No. 3:07-CV-1153-P, 2009 WL 10704320, at *3 (N.D. Tex. Dec. 15, 2009). Since the subpoenas are not directed at Plaintiffs and require nothing from them, they have no standing to complain that Smith would have to respond to a premature subpoena per Rule 26(d)(1). And, as noted above, Plaintiffs disclaimed any objections on the grounds of burden.

"Although a party does not have standing under Rule 45 to raise certain challenges, a party does have standing to challenge relevance under Rule 26(c)." *Donaldson*, 2023 WL 6201372, at *5; *see also Quilling*, 2009 WL 10704320, at *3 (permitting a party to seek a protective order based on irrelevance). But Plaintiffs have not made – nor could they – any arguments that discovery from Smith is irrelevant to the disputed inventorship issue on the '538 Patent that they chose to assert.[4] In short, Plaintiffs' Opposition is far from the required "particular and specific demonstration of fact" necessary to meet their burden to obtain a protective order.

**D. <u>The Proposed Alternative Service Would Accomplish the Intended Purpose</u>.**

When they finally get to Defendants' actual request, Plaintiffs cite the wrong law. (*See* Dkt. #94 at 12.) As Defendants explained, the law of the *Seventh* Circuit, where Smith lives, would govern any disputes regarding the subpoenas (including the propriety of their service). (Dkt. #86 at 7.) And courts using that law have approved the alternative methods proposed here. (*Id.*)

Plaintiffs' objection regarding tender of fees is frivolous – of course a check can be sent by first-class mail, with a copy posted and sent by email. A U.S. Marshal can likewise deliver a

[4] Plaintiffs complain that the Smith subpoenas "go not to the equitable factors but to the merits of . . . one of Defendants' invalidity defenses." (Dkt. #94 at 8.) But the "merits" (including patent invalidity) is one of the four preliminary-injunction factors, *Tinnus Enters.*, 846 F.3d at 1202, and Plaintiffs themselves concede the propriety of discovery "directed to a specific preliminary injunction factor." (Dkt. #94 at 8.) The fact that Plaintiffs felt no need to take discovery on the "merits" factor (including from Mr. Hoffman) does not somehow block Defendants' ability to obtain discovery on that factor. Furthermore, Plaintiffs *did* examine Mr. Hoffman over two days at the preliminary-injunction hearing in *ABC IP, LLC v. Hoffman*, No. 1:25-cv-00389 (E.D. Tenn.), Dkt. #37 and #38.

check. *Ricks v. DMA Cos.* (*see* Dkt. #94 at 13) denied subpoena service by the U.S. Marshals Service because that plaintiff did not demonstrate the need for it. No. 1:22-CV-00773-RP, 2024 WL 4810378, at *2 (W.D. Tex. Sep. 19, 2024). That is not the case here.

**E. <u>Plaintiffs' Opposition Confirms They Control Smith</u>.**

Defendants' Subpoena Motion pointed out that Plaintiff ABC IP, LLC ("ABC") controls Smith by virtue of the assignment agreement between them. Namely, in assigning to ABC the application that eventually issued as the '538 Patent, Smith promised to "undertake such other or additional actions in respect of the [assigned] Patents as are reasonably requested by" ABC. (Dkt. #86 at 3 (quoting Dkt. #86-3 at PageID #3854 (¶3)).) Plaintiffs' Opposition *confirms* that this obligation "runs to ABC IP." (Dkt. #94 at 12 n.5.) But Plaintiffs simply refuse to exercise that right to obligate Smith to provide the necessary discovery requested by Defendants. (*See id.* ("Nothing in that agreement obligates ABC IP to procure" the sought discovery.) In other words, Plaintiffs have put the '538 Patent at issue by their PI Motion; Plaintiffs control the person at the heart of the inventorship dispute on that patent and have the contractual right to demand that person to produce necessary discovery; yet Plaintiffs refuse to cooperate, all the while insisting on urgency in resolving their PI Motion.[5] If there is any delay, it is due solely to Plaintiffs' own actions. Instead of complaining and opposing Defendants' request for an extension of time to obtain essential discovery on the PI Motion, Plaintiffs should instead exercise their contractual right and require Smith to make himself available and provide that discovery. Had Plaintiffs done so when Defendants originally asked months ago, the PI Motion would have been fully briefed long ago.

Respectfully submitted,

Dated: October 13, 2026 EMERSON, THOMSON & BENNETT, LLC

[5] Of course, Plaintiffs' allegations of irreparable harm are just that – mere allegations that beg the question. Because the asserted patents are invalid, unenforceable, and not infringed (*see* Dkt. #50 at 4-7; Dkt. #88 at 3-7), there is *no* (much less irreparable) harm to Plaintiffs and thus no urgency.

*/s/ Sergey Vernyuk*
John M. Skeriotis (Ohio Bar # 0069263)
jms@etblaw.com
Sergey Vernyuk (Ohio Bar # 0089101)
sv@etblaw.com
1914 Akron-Peninsula Rd.
Akron, Ohio 44313
(330) 434-9999 – Telephone
(330) 434-8888 – Facsimile
*Attorneys for Defendants AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson*