**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AS DESIGNS, LLC, MATTHEW S. KARLOVIC, CALVIN OLSON and JOHN DOE, an individual using the alias "s3igu2" and/or "Seagoo Threetwo,"<br><br>Defendants. | Civil Action No. 4:26-cv-00370-ALM |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. The Court Should Deny the Motion Because the ARHK Falls Within This Case and the TRO Motion Seeks Relief of the Same Character as the Complaint .......... 2

1. The Complaint Is Not Limited to the Super Safety and the ARC-Fire .......... 3

2. The ARHK Is Built on the ARC-Fire Technology the Complaint Expressly Accuses .......... 5

3. AS Designs' Authorities Involved Mismatches Between the Pleadings and the Preliminary Relief Sought, Which Is Absent Here .......... 6

B. The Court Should Reject AS Designs' Remaining Arguments Because No Amendment Is Required .......... 8

1. The Patent Rules, Not Rule 15, Govern Identification of the ARHK .......... 8

2. Neither the September 17 Orders Nor Rare Breed's June Briefing Requires an Amendment .......... 9

C. The Court Should Decide the Motion Together With the TRO Motion .......... 10

III. CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC IP, LLC v. Mister Guns, LLC*,
No. 2:26-cv-00056-ALM, Dkt. No. 56 (E.D. Tex. June 18, 2026) ....................................9, 10

*ABC IP, LLC v. Nguyen*,
No. 4:26-cv-00425-ALM, Dkt. No. 70 (E.D. Tex. Sept. 17, 2026)..........................................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................................................3

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ...................................................................................................3

*De Beers Consol. Mines, Ltd. v. United States*,
325 U.S. 212 (1945).........................................................................................................1, 2, 6

*Estech Sys. IP, LLC v. Grandstream Networks Inc.*,
No. 2:24-CV-1018, Dkt. No. 41 (E.D. Tex. Sept. 30, 2025) ................................................4, 5

*Estech Sys. IP, LLC v. Mitel Networks, Inc.*,
No. 2:21-cv-0473, 2022 WL 16641746 (E.D. Tex. Sept. 23, 2022).........................................5

*Fed. Land Bank of St. Paul v. Bismarck Lumber Co.*,
314 U.S. 95 (1941)....................................................................................................................3

*Flores v. Sanders*,
No. 6:21-cv-00145, 2022 WL 18276842 (E.D. Tex. May 12, 2022) .......................................7

*In re Fredeman Litig.*,
843 F.2d 821 (5th Cir. 1988) ................................................................................................2, 6

*Ganas, LLC v. Sabre Holdings Corp.*,
No. 2:10-CV-320, 2011 WL 13205779 (E.D. Tex. Mar. 24, 2011) .........................................4

*Gill v. Neaves*,
657 F. Supp. 1394 (W.D. Tex. 1987)........................................................................................7

*GREE, Inc. v. Supercell Oy*,
No. 2:19-cv-00311, 2020 WL 7698831 (E.D. Tex. Dec. 28, 2020) ..................................8, 10

*Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*,
527 U.S. 308 (1999)..................................................................................................................6

*Imperium (IP) Holdings, Inc. v. Apple, Inc.*,
No. 4:11-cv-00163-RC-ALM, Dkt. No. 251 (E.D. Tex. Aug. 20, 2012) .................................8

**TABLE OF AUTHORITIES (cont'd)**

**Page(s)**

*Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Parish Gov't*,
849 F.3d 615 (5th Cir. 2017) ....................7

*Kaimowitz v. Orlando*,
122 F.3d 41 (11th Cir. 1997) ....................7

*Omega World Travel, Inc. v. Trans World Airlines*,
111 F.3d 14 (4th Cir. 1997) ....................7

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*,
810 F.3d 631 (9th Cir. 2015) ....................7

*Thomas v. Linthicum*,
No. 2:22-cv-00162, 2023 WL 9058519 (S.D. Tex. Sept. 12, 2023)....................7

*Traffic Info., LLC v. YAHOO! Inc.*,
No. 2:09-cv-246, 2010 WL 2545500 (E.D. Tex. Apr. 13, 2010) ....................4

*Walcott v. Terrebonne Parish Consol. Gov't*,
No. 17-1125, 2017 WL 6371577 (E.D. La. Nov. 20, 2017)....................7

**Statutes**

35 U.S.C. § 283....................2

# I. INTRODUCTION

Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc.'s (collectively, "Plaintiffs" or "Rare Breed") Complaint[1] accuses Defendants AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson (collectively, "Defendants" or "AS Designs") of infringing five patents through the sale of their forced reset trigger products, naming the Super Safety and the ARC-Fire as examples. AS Designs now plans to launch the ARHK, a trigger it built on the ARC-Fire's technology and scaled up for MP5-style firearms—a platform the Complaint already addresses. On September 2, 2026, Rare Breed filed a motion for temporary restraining order to stop the ARHK launch (the "TRO Motion"). AS Designs' Motion to Strike (the "Motion") presents one question: is the ARHK part of this lawsuit? It is, and the Court should deny the Motion.

This conclusion follows in three steps. ***First***, the Complaint asks the Court to enjoin infringement of the Asserted Patents.[2] ***Second***, Plaintiffs' infringement allegations are not limited to the Super Safety and the ARC-Fire; they broadly accuse AS Designs' products that embody the technology claimed in the Asserted Patents, naming two products only as examples. ***Third***, AS Designs built the ARHK on the same ARC-Fire technology the Complaint expressly accuses. The ARHK therefore falls within the scope of this case, and the TRO Motion seeks relief of the same character as that which may be granted finally. Under *De Beers*—the authority on which AS Designs principally relies—the Court need go no further.

---

[1] AS Designs states that Plaintiffs have not filed the Third Amended Complaint. *See* Dkt. 89 ("Mot.") at 1 n.1. But Plaintiffs filed it with their motion for leave on May 26, 2026, and the Court granted leave on September 17, 2026, so the Complaint is deemed filed. *See* Dkts. 38, 39, 82; L.R. CV-7(k).

[2] The Complaint alleges infringement of U.S. Patent Nos. 12,038,247 ("the '247 patent"); 12,031,784 ("the '784 patent"); 12,529,538 ("the '538 patent"); 12,578,159 ("the '159 patent"); and 12,636,403 ("the '403 patent") (collectively, "the Asserted Patents"). *See* Dkt. 39 ("Cmplt."), ¶ 11.

AS Designs' remaining arguments improperly assume that Rare Breed must amend its Complaint before it may seek to enjoin the ARHK. Further, accepting AS Designs' position would require Rare Breed to file a new action accusing the ARHK, wasting resources and delaying the relief Plaintiffs urgently require.

The Court should deny the Motion and decide it together with the TRO Motion.

## II. ARGUMENT

The Court should deny AS Designs' Motion. The TRO Motion seeks relief of the same character the Court may grant finally because the ARHK falls within the Complaint's allegations. AS Designs' remaining arguments fail because Rare Breed need not amend its Complaint to seek relief against the ARHK. And the Court should decide the Motion together with the TRO Motion rather than suspend proceedings on the TRO Motion.

### A. The Court Should Deny the Motion Because the ARHK Falls Within This Case and the TRO Motion Seeks Relief of the Same Character as the Complaint

The TRO Motion seeks temporary relief within the scope of the Complaint's requested final relief. Rare Breed and AS Designs agree on the governing rule: "A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945); *see also* Mot. at 6. As the Fifth Circuit has explained, *De Beers* permits preliminary injunctive relief "(a) to preserve property that might be the subject of a final decree or (b) to enjoin conduct that might be enjoined under a final decree." *In re Fredeman Litig.*, 843 F.2d 821, 825 (5th Cir. 1988). Here, the Complaint asks the Court to protect Plaintiffs' patent rights by enjoining Defendants' "infringement . . . of each of the Asserted Patents." Cmplt. at 99 (Prayer for Relief ¶¶ (d)–(e)); *see also* 35 U.S.C. § 283. The TRO Motion asks the Court to enjoin one instance of such infringement: AS Designs' sale of the ARHK. The TRO Motion therefore satisfies *De Beers* if the ARHK falls

within the Complaint's infringement allegations. It does, because the Complaint's infringement allegations are not limited to the Super Safety and the ARC-Fire, and AS Designs built the ARHK on the ARC-Fire technology the Complaint expressly accuses. Moreover, none of the authorities AS Designs raises suggests a different conclusion.

**1. The Complaint Is Not Limited to the Super Safety and the ARC-Fire**

AS Designs' Motion rests on the flawed premise that Rare Breed's infringement allegations are limited to two products. *See, e.g.*, Mot. at 11 ("The injunctive relief at issue in this action is fixed by Plaintiffs' complaint, which identifies two accused products."). The Complaint says otherwise. Its prayer for relief does not limit the requested injunctions to any products; it seeks to enjoin "infringement . . . of each of the Asserted Patents." Cmplt. at 99. Its infringement allegations target "products that embody the technology claimed in the Asserted Patents, including" the Super Safety and the ARC-Fire. *Id.* ¶ 31; *see also id.* ¶¶ 32 (alleging that Defendants sell "at least" the Super Safety), 44 (alleging that the infringing products "include" the Super Safety and the ARC-Fire). The words "including" and "at least" identify the Super Safety and the ARC-Fire as examples of infringing products; they do not limit the Complaint's allegations to the Super Safety and the ARC-Fire. *See, e.g.*, *Fed. Land Bank of St. Paul v. Bismarck Lumber Co.*, 314 U.S. 95, 99–100 (1941) ("[T]he term 'including' is not one of all-embracing definition, but connotes simply an illustrative application of the general principle.").

This District's pleading practice confirms that a complaint need not name every accused product. A complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). But a patentee "need not prove its case at the pleading stage." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation marks omitted)). And, "[t]his District's practice has long been to

not require[] a specific identification of accused products in the complaint"; courts instead consider the description of the accused products in context, and a general description of the infringing products often suffices to provide notice at the pleading stage. *Estech Sys. IP, LLC v. Grandstream Networks Inc.*, No. 2:24-CV-1018, Dkt. No. 41 at 3 (E.D. Tex. Sept. 30, 2025) (internal citations and quotations omitted); *see also Ganas, LLC v. Sabre Holdings Corp.*, No. 2:10-CV-320, 2011 WL 13205779, at *6 (E.D. Tex. Mar. 24, 2011) (denying motion to dismiss patent infringement claims).

Plaintiffs' Complaint satisfies this District's pleading standards. It (1) identifies each Asserted Patent by number and name; (2) explains, at a high level, the invention each patent claims; (3) alleges that the infringing products are those that practice the Asserted Patents, including the Super Safety and the ARC-Fire; (4) alleges that AS Designs sells infringing products for use in MP5-style firearms; and (5) maps the Super Safety and the ARC-Fire to representative claims of each Asserted Patent. *See, e.g.*, Cmplt. ¶¶ 11, 25–42, 46–47, 51–53, 66–67, 82, 97, 116–117. The Complaint thus puts AS Designs on notice of its infringement through products that operate like the Super Safety and the ARC-Fire—not only those two products.

This District does not require a complaint to name every accused product because the Patent Rules require a patentee to identify and chart each accused instrumentality in its infringement contentions—not its complaint. *See* P.R. 3-1(b)–(c). In *Traffic Information*, for example, the court held that a complaint accusing "traffic information systems and products and services" provided a sufficient "level of detail . . . at the pleadings stage," because "[a]dditional detail, such as the accused product names, w[ould] be provided in the Local Rule 3-1 disclosures." *Traffic Info., LLC v. YAHOO! Inc.*, No. 2:09-cv-246, 2010 WL 2545500, at *1–2 (E.D. Tex. Apr. 13, 2010) (citation omitted), *report and recommendation adopted*, 2010 WL 2542226 (E.D. Tex.

June 21, 2010). Likewise, in *Estech*, the court denied a motion to dismiss arguing that the complaint's "vague description" of the accused products left the defendant unable to tell "which devices infringe and which do not," noting that the plaintiff "was required to serve infringement contentions containing the detailed information sought here shortly after this motion was filed." *Estech Sys. IP, LLC v. Mitel Networks, Inc.*, No. 2:21-cv-0473, 2022 WL 16641746, at *1–2 (E.D. Tex. Sept. 23, 2022), *report and recommendation adopted*, 2022 WL 16637978 (E.D. Tex. Nov. 2, 2022). Here, Rare Breed has not yet been required to serve its infringement contentions, so it has not been required to provide a detailed list of accused products.

**2. The ARHK Is Built on the ARC-Fire Technology the Complaint Expressly Accuses**

The ARHK also falls within the Complaint's infringement allegations because AS Designs built the ARHK on the ARC-Fire. AS Designs announced the ARHK at the January 2026 SHOT Show. *See* Dkt. 74 ("TRO Mot.") at 9. Release of the ARHK has been delayed—first to August, then later—but is imminent. *See* Dkt. 74-2, ¶ 67 ("DeMonico Decl."); *see also* Dkt. 76-5 ("DeMonico Decl., Ex. 41"). AS Designs built the ARHK on the ARC-Fire's technology, scaling the ARC-Fire architecture to fit MP5-style firearms. *See* TRO Mot. at 9, 11, 17–18. The Complaint already accuses both the ARC-Fire technology and its use in MP5-style firearms. Specifically, the Complaint alleges that the ARC-Fire embodies the four patents asserted in the TRO Motion, and it alleges that AS Designs sells slip-trip kits and lower housings so customers can use the ARC-Fire in MP5-style firearms. *See* Cmplt. ¶ 38, 51–53 (quoting AS Designs' offer of an "AR MP5/G3/91 Lower fully machined and ready for super safe and ARC-Fire action!"); TRO Mot. at 8. The ARHK uses the same ARC-Fire technology in the same MP5 platform.

The record confirms the ARC-Fire's and the ARHK's functional similarity. In the TRO Motion, Rare Breed argued that the ARHK operates in effectively the same manner—and therefore

infringes the Asserted Patents in the same manner—as the ARC-Fire. *See* TRO Mot. at 17–18. In responding to the TRO Motion, AS Designs did not argue that there are substantive differences between the operation of the ARC-Fire and the ARHK; indeed, AS Designs incorporated its expert's ARC-Fire non-infringement analysis as part of its ARHK defense. *See* Dkt. 88 at 3–7. Given the functional similarity between the ARHK and the ARC-Fire, AS Designs cannot reasonably assert that the Complaint failed to put it on notice of infringement by the ARHK. And whether the differences AS Designs identifies matter to infringement (Mot. at 11) is a merits question for the TRO Motion, not a reason to strike it.

The ARHK therefore falls within this case, and the TRO Motion requests "relief of the same character as that which may be granted finally." *De Beers*, 325 U.S. at 220. The Complaint and the TRO Motion seek the same type of remedy (*i.e.*, injunctive relief) to protect the same property (*i.e.*, Rare Breed's rights in the Asserted Patents) against the same conduct (*i.e.*, AS Designs' infringement of the Asserted Patents).

**3. AS Designs' Authorities Involved Mismatches Between the Pleadings and the Preliminary Relief Sought, Which Is Absent Here**

AS Designs cites no authority that requires striking the TRO Motion; in each case it cites, the requested preliminary relief did not match the complaint. In *De Beers*, the complaint sought only an injunction against future antitrust violations, but the government obtained a preliminary injunction freezing the defendants' assets. 325 U.S. at 214–20 (reversing because the injunction concerned "property which in no circumstances can be dealt with in any final injunction that may be entered"). In *Fredeman* and *Grupo Mexicano*, the plaintiffs sought only money damages, yet they sought preliminary injunctions freezing the defendants' assets. *See* 843 F.2d at 824–25; *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 310–12 (1999). And in *Jefferson Community Health Care Centers*, the Fifth Circuit declined to consider "claims that

were included in an amended complaint filed subsequent to a district court order in an appeal of that order," which is not the case here. *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Parish Gov't*, 849 F.3d 615, 627 (5th Cir. 2017).

AS Designs' remaining authorities follow the same pattern. By AS Designs' own characterization, each involved a request for preliminary relief "untethered" from the pleadings. Mot. at 7. Most involved *pro se* prisoners seeking to enjoin conduct entirely different from the conduct their complaints challenged; the others involved injunctions for legal theories the complaint never pleaded. *See, e.g.*, *Flores v. Sanders*, No. 6:21-cv-00145, 2022 WL 18276842, at *2 (E.D. Tex. May 12, 2022) (denying prisoner's request for injunction aimed at non-party activity); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636–37 (9th Cir. 2015) (finding that movant failed to "explain how the privacy claims underlying the motion for injunctive relief relate to the unfair trade practices claims in its complaint").[3] Here, by contrast, the TRO Motion seeks to enjoin the very wrong the Complaint pleads: AS Designs' infringement of the Asserted Patents.

[3] *See also Gill v. Neaves*, 657 F. Supp. 1394, 1399–1400 (W.D. Tex. 1987) (prisoner requesting injunction involving First Amendment, due process, and equal protection issues where underlying claim alleged Fourth Amendment violation); *Thomas v. Linthicum*, No. 2:22-cv-00162, 2023 WL 9058519, at *4 (S.D. Tex. Sept. 12, 2023) (prisoner seeking injunction concerning prison food policy where underlying claims concerned the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act); *Walcott v. Terrebonne Parish Consol. Gov't*, No. 17-1125, 2017 WL 6371577, at *1 (E.D. La. Nov. 20, 2017) (prisoner seeking injunction against, among other things, cell searches where underlying claims concerned, among other things, denial of medical care); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 15–16 (4th Cir. 1997) (denying injunction to maintain contractual business relationship where underlying suit alleged Sherman Act violations); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) (denying injunction concerning First Amendment issue in underlying fraud suit).

### B. The Court Should Reject AS Designs' Remaining Arguments Because No Amendment Is Required

AS Designs' remaining arguments assume that Rare Breed must amend its Complaint before it may seek to enjoin the ARHK. It need not. The Patent Rules, not Rule 15, govern when Rare Breed must identify the ARHK, and neither the Court's September 17 orders nor Rare Breed's June briefing suggests otherwise.

#### 1. The Patent Rules, Not Rule 15, Govern Identification of the ARHK

Rare Breed agrees with AS Designs that "Rule 15's liberality is beside the point." Mot. at 12. Rare Breed does not seek to amend the Complaint; it seeks interim relief on a claim the Complaint already pleads. *See* Section II.A, *supra*. The relevant rules are this District's Patent Rules, which require Rare Breed to identify and chart each accused instrumentality in its infringement contentions—which Rare Breed has not yet been required to serve. *See* P.R. 3-1(b)–(c). AS Designs' citations to the Patent Rules and to cases about amending contentions a patentee has already served therefore do not bear on the TRO Motion. *See* Mot. at 8 (citing P.R. 3-1(b)–(c), 3-6(b); *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527–28 (E.D. Tex. 2005); *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1037 (Fed. Cir. 2015)).

Even if Rare Breed had already served contentions, AS Designs' launch of the ARHK would provide good cause to amend them. Courts in this District have "routinely held that a patentee has good cause to amend its infringement contentions to include newly accused products that the defendant introduced to the market after the plaintiff served its initial infringement contentions." *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00311, 2020 WL 7698831, at *2 (E.D. Tex. Dec. 28, 2020) (collecting cases); *see also Imperium (IP) Holdings, Inc. v. Apple, Inc.*, No. 4:11-cv-00163-RC-ALM, Dkt. No. 251 at 7 (E.D. Tex. Aug. 20, 2012) (Mazzant, M.J.) (allowing amendment of infringement contentions to add newly discovered products). If good cause exists

to add a newly released product ***after*** a patentee serves contentions, there is no basis to exclude a newly released product from this case ***before*** contentions are served.

### 2. Neither the September 17 Orders Nor Rare Breed's June Briefing Requires an Amendment

The September 17 orders invoked by AS Designs do not resolve this Motion. *See* Mot. at 9–10. The September 17 orders addressed Rule 15 motions in different member actions. *See, e.g.*, *ABC IP, LLC v. Nguyen*, No. 4:26-cv-00425-ALM, Dkt. No. 70 at 1–2 (E.D. Tex. Sept. 17, 2026). And while these orders denied leave to add allegations regarding additional products, none provided reasoning for the denial or held that the additional products fell outside the scope of the claims as already pleaded. *See, e.g.*, *id.* Nor does the Judicial Panel on Multidistrict Litigation's concern about "inconsistent pretrial rulings" favor striking the TRO Motion. Mot. at 10 (quoting *In re Rare Breed Triggers Pat. Litig.*, MDL No. 3176, Dkt. No. 44 at 2 (J.P.M.L. Apr. 2, 2026)). Indeed, keeping the ARHK dispute within this MDL, rather than forcing a separate action, best serves the Panel's goal of consistency.

Moreover, AS Designs' Motion overlooks the different postures between the June briefing and the present briefing. *See* Mot. at 10–13. In June, Rare Breed's consolidated preliminary-injunction motion relied in part on newly issued patents that the operative complaints did not yet assert, and Rare Breed's motions for leave to add those patents were pending. *See ABC IP, LLC v. Mister Guns, LLC*, No. 2:26-cv-00056-ALM, Dkt. No. 56 at 5–6 (E.D. Tex. June 18, 2026) ("June Opposition"). Rare Breed therefore agreed that the Court should decide the leave motions first, and it asked the Court to decide the preliminary-injunction motion promptly afterward rather than hold the preliminary injunction proceedings in abeyance indefinitely. *See id.* at 1–2, 13. Here, by contrast, the TRO Motion relies only on patents the Complaint already asserts, and no motion for leave is pending or necessary. *See* Cmplt. ¶ 38; TRO Mot. at 8.

Despite the different postures, Rare Breed's June briefing and this opposition rest on consistent reasoning. In June, Rare Breed argued that "[t]he scope of the requested injunction is fixed by the P.I. Motion, which identifies the accused products." June Opposition at 11. The TRO Motion plays the same role here: it identifies the ARHK and sets the scope of the requested injunctive relief. And in both cases, the conduct the motion sought to enjoin fell within the injunctive relief the operative complaints prayed for. In June, the '247 patent, which every operative complaint asserted, supported enjoining sales of the accused products. *See id.* at 2, 11. Here, the Complaint's prayer for an injunction against infringement of each Asserted Patent supports enjoining AS Designs' sale of the ARHK. *See* Cmplt. at 99 (Prayer for Relief ¶¶ (d)–(e)); *id.* ¶ 38.

In essence, Defendants' Motion argues (1) a complaint amendment is required here, and (2) leave for such an amendment would be denied by the Court consistent with the September 17 orders. *See* Mot. at 6–10. If these arguments are accepted, Rare Breed will be left one path: a new action accusing the ARHK. The new action would likely join this MDL as a tag-along action and return to this Court, where Rare Breed would refile the TRO Motion. Striking the TRO Motion would thus delay emergency relief while multiplying the work for the parties and the Court—a new complaint, a new answer, and duplicative TRO briefing. *See GREE*, 2020 WL 7698831, at *3 (stating that separate suits on closely related issues waste judicial resources). And if the new action were not transferred here, the parties would litigate the same patents and technology in separate forums—the very inconsistency the Panel centralized the member actions to prevent.

### C. The Court Should Decide the Motion Together With the TRO Motion

AS Designs asks the Court to suspend proceedings on the TRO Motion until it resolves this Motion. *See* Mot. at 14–15. The Court should instead decide both motions together. AS Designs filed a substantive opposition to the TRO Motion that omitted the threshold argument it now

presses, then initiated a separate round of briefing on this Motion. *See* Dkt. 88. Deciding the two motions together, on one record, avoids the delay that sequenced consideration would cause—delay that prejudices Rare Breed as the ARHK's launch approaches. AS Designs' concerns about wasted resources ring hollow given that the logical endpoint of its position is a new lawsuit and a refiled TRO Motion. *See* Section II.B.2, *supra*.

## III. CONCLUSION

For the foregoing reasons, Rare Breed respectfully requests that the Court deny Defendants' Motion to Strike (Dkt. 89) and its request for sequenced consideration.

DATED: October 13, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
Bret T. Winterle
Texas Bar No. 24084249
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
winterle@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Oliver J. Richards
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130
E-mail: ojr@fr.com
Tel: (858) 678-5070
Fax: (858) 678-5099

Glenn D. Bellamy (admitted *pro hac vice*)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 13, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*
Matthew A. Colvin