**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AS DESIGNS, LLC, MATTHEW S. KARLOVIC, CALVIN OLSON and JOHN DOE, an individual using the alias "s3igu2" and/or "Seagoo Threetwo,"<br><br>Defendants. | Civil Action No. 4:26-cv-00370-ALM |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiffs ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc. ("Rare Breed") (collectively, "Plaintiffs") submit this Motion for leave to seal Plaintiffs' Reply in Support of Their Motion for Temporary Restraining Order (Dkt. 74) (the "Reply"), the Reply Declaration of Richard J. Eichmann ("Eichmann Reply Declaration"), and Exhibits B and C to the Reply Declaration of Matthew A. Colvin ("Colvin Reply Declaration"). Plaintiffs have met and conferred with counsel for AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson (collectively, "Defendants"). Defendants do not oppose this Motion. Plaintiffs state the following:

1. The Supreme Court has recognized the existence of a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 224

(5th Cir. 2020) ("The public has a common law right to inspect and copy judicial records.") (internal quotation marks omitted).

2. However, "'the right to inspect and copy judicial records is not absolute,' . . . and the presumption in favor of public access to court records can be overcome in certain instances. For example, courts have denied public access to . . . 'sources of business information that might harm a litigant's competitive standing.'" *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-cv-1202-WCB, 2017 WL 434207, at *1 (E.D. Tex. Feb. 1, 2017) (quoting *Nixon*, 435 U.S. at 598).

3. For instance, courts in this and other districts have granted motions to seal where the sealed information relates to a party's revenues, license agreements, and other information that would otherwise put the party at a "competitive disadvantage." *Id.* at *2 (granting motion to seal revenues and license agreements); *Mylan Institutional LLC v. Aurobindo Pharma Ltd.*, No. 2:16-cv-00491-RWS-RSP, Dkt. No. 22 (E.D. Tex. June 10, 2016) (granting motion to seal plaintiffs' preliminary injunction motion and accompanying declarations); *Boehringer Ingelheim Pharma GmbH & Co. KG v. Mylan Pharm., Inc.*, No. 14-cv-4727 NLH/KMW, 2015 WL 1816473, at *2 (D.N.J. Apr. 22, 2015) (granting motion to seal because "the information relating to MPI's and Mylan Inc.'s sales and revenue is confidential and proprietary, and MPI and Mylan Inc. would suffer serious commercial injury if such information became available to the public").

4. The Reply and Eichmann Reply Declaration contain confidential information concerning Plaintiffs' business: the unit sales of Plaintiffs' FRT-RD3™ trigger, drawn from the Declaration of Lawrence DeMonico, which the Court permitted Plaintiffs to file under seal (Dkt. 77) and which Plaintiffs redacted from its public version (Dkt. 79-2 ¶ 63); the terms of Plaintiffs' agreements with non-party Nexus FA LLC, which Plaintiffs produced as Highly Confidential –

Attorneys' Eyes Only (Colvin Reply Decl. Exs. B, C); and deposition testimony of Plaintiffs' corporate designee that has been designated Attorneys' Eyes Only, which Defendants filed under seal (Dkt. 88-4; see Dkt. 90). If this information were to become public, Plaintiffs' competitors could use it to put Plaintiffs at a competitive disadvantage.

5. The Reply and Eichmann Reply Declaration also contain information that Defendants have designated confidential: Defendants' projected first-month unit sales and margin for the ARHK, drawn from the Declaration of Matthew S. Karlovic, which the Court permitted Defendants to file under seal (Dkt. 90) and which Defendants redacted from its public version (Dkt. 95-1 ¶¶ 14–15); and Defendants' internal communications, corporate deposition testimony, and financial information (owner withdrawals, net equity, insurance, and sales of the accused products) that Defendants designated Attorneys' Eyes Only, which the Court permitted Plaintiffs to file under seal with the Motion for Temporary Restraining Order (Dkt. 77; *see* Dkt. 74 at 26; Dkt. 74-5; Dkt. 74-7; Dkt. 74-9).

6. As a Protective Order has not yet been entered, Plaintiffs respectfully move for leave to file the Reply, Eichmann Reply Declaration, and Exhibits B and C to the Colvin Reply Declaration under seal. Plaintiffs will publicly file versions of these documents with the confidential information redacted within seven days. L.R. CV-5(a)(7)(E).

DATED: October 13, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
Bret T. Winterle
Texas Bar No. 24084249
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
winterle@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Oliver J. Richards
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130
E-mail: ojr@fr.com
Tel: (858) 678-5070
Fax: (858) 678-5099

Glenn D. Bellamy (admitted *pro hac vice*)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 13, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Carl E. Bruce*
Carl E. Bruce

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), the undersigned certifies that counsel for Plaintiffs have complied with the meet-and-confer requirement. On October 13, 2026, Jory Hoffman for Plaintiffs conferred with John Skeriotis for Defendants. Defendants do not oppose this Motion.

*/s/ Matthew A. Colvin*
Matthew A. Colvin