[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AS DESIGNS, LLC, MATTHEW S. KARLOVIC, CALVIN OLSON and JOHN DOE, an individual using the alias "s3igu2" and/or "Seagoo Threetwo,"<br><br>Defendants. | Civil Action No. 4:26-cv-00370-ALM |

**PLAINTIFFS' OPPOSED MOTION FOR AN ORAL HEARING ON THEIR MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. 74) AND DEFENDANTS' MOTION TO STRIKE (DKT. 89)**

**EXPEDITED CONSIDERATION REQUESTED**

Defendants AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson (together, "AS Designs") are about to launch the ARHK, a forced-reset trigger aimed at the FRT-RD3™ sold by Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc. (together, "Rare Breed"). The FRT-RD3™ is the only forced-reset trigger that installs as a self-contained cassette inside an HK firearm's factory housing, DeMonico Decl. (Dkt. 74-2) ¶¶ 34, 55, [redacted]. The ARHK's launch is imminent. On October 4, AS Designs announced that the ARHK is "completed and fully functional" and that its first drop "will be in a few weeks." Decl.

[redacted]

of Matthew A. Colvin ("Colvin Decl.") Ex. A. Rare Breed has moved to restrain that launch. Dkt. 74 (the "TRO Motion"). But briefing on the TRO Motion will not close until October 20,[1] and AS Designs has refused to hold the ARHK's launch until the Court rules. It has gone further. It has filed a motion to strike the TRO Motion outright, and it has asked the Court to "suspend further briefing on the TRO Motion" until that motion is decided. Dkt. 89 at 1, 15 (the "Motion to Strike"). On the current schedule, the ARHK will reach the market before the Court decides whether to restrain it.

Rare Breed therefore moves under Local Rules CV-7(e) and (g) for an order that:

(1) sets the TRO Motion and the Motion to Strike for oral hearing at the Court's earliest convenience; and

(2) directs AS Designs to respond to this Motion by October 13, 2026.

In the alternative, if the Court would prefer to have Rare Breed's reply and AS Designs' sur-reply before ruling, Rare Breed asks the Court to enter a temporary restraining order now, limited to the ARHK's launch, and to hold a preliminary-injunction hearing after briefing closes. AS Designs has not stated a position on this Motion, which Rare Breed presents as opposed.

## I. Rare Breed Has Sought Preliminary Relief Against AS Designs Since April, and the ARHK Now Targets Rare Breed's Most Important Product

Rare Breed has been seeking preliminary relief against AS Designs for more than five months. The Judicial Panel on Multidistrict Litigation centralized Rare Breed's patent cases before this Court on April 2, and this case arrived on April 13. *In re Rare Breed Triggers Pat. Litig.*, MDL No. 3176, Dkt. 44 (J.P.M.L. Apr. 2, 2026); Dkt. 21. Two weeks later, Rare Breed moved for a

---

[1] AS Designs has already signaled it may further delay briefing on the TRO Motion. When the parties agreed on the reply schedule, its counsel declined to include the sur-reply deadline, writing that "we don't know whether the default 7 days will suffice for Defendants' Sur-Reply or whether we'll need to ask for additional time." Colvin Decl. Ex. B.

[redacted]

preliminary injunction against AS Designs' ARC-Fire and Super Safety triggers. Dkt. 28. The Court granted expedited discovery and ordered AS Designs to produce documents within 20 days and to make its witnesses available for deposition within 30. Dkt. 31.

That motion has been pending for more than five months, largely because AS Designs has sought more time at nearly every step. AS Designs did not oppose the motion by its May 11 deadline. Dkt. 47 at 1–2. It instead asked the Court to move the deadline to July 27, Dkt. 33 at 1, which drew a round of collateral briefing, Dkts. 34, 35, 37. The parties agreed to hold the court-ordered depositions until the Court decided that request. Dkt. 43. AS Designs eventually filed its opposition on July 9, Dkt. 50; the Court set a schedule, Dkt. 56; and Rare Breed replied on August 6, Dkt. 63. AS Designs' sur-reply deadline, first due August 17, was then extended until after Rare Breed's witnesses were deposed. Dkt. 81. Those depositions ended in mid-September. Dkt. 84. AS Designs now seeks more time so that it can subpoena a third party. Dkt. 86. Under the Local Rules' default schedule, briefing would have closed by the end of May. *See* L.R. CV-7(e)–(f). It is now October, and AS Designs has yet to file its sur-reply.

Meanwhile, the harm Rare Breed sought to stop has grown. [redacted]

AS Designs has moved the ARHK toward market while resisting Rare Breed at every step. In July, AS Designs announced that the ARHK had "entered full production" and that it planned

[redacted]

to have 1,500 units "ready to ship on the drop day." DeMonico Decl. ¶ 67. When Rare Breed asked to inspect a unit and its design drawings, AS Designs refused, telling Rare Breed it could "obtain a unit" after the ARHK's "commercial release." Dkt. 75-5 at 1–2. Rare Breed filed the TRO Motion on September 2. Dkt. 74. AS Designs opposed it on September 28, Dkt. 88 ("Opp."), and two days later moved to strike it, or to deny it "without reaching the merits," and to "suspend further proceedings on the TRO Motion" in the meantime. Dkt. 89 at 1, 3. AS Designs' Motion to Strike rests on a single objection: that no complaint names the ARHK. *Id.* at 1–2. But Rare Breed's complaint accuses AS Designs' products that "embody the technology claimed in the Asserted Patents, including" the ARC-Fire, Dkt. 39 ¶¶ 31, 38, and AS Designs itself markets the ARHK as built on the ARC-Fire, Dkt. 75-25 at 2. Nor did it deny the ARHK's connection to the ARC Fire in its opposition to the TRO Motion.

The ARHK's launch is now imminent, and the first drop has doubled in size. On October 4, AS Designs announced that it had "pushed the drop back to double the size of the initial drop" and that it plans "a second large drop 2 weeks after the first drop." Colvin Decl. Ex. A. [redacted]

AS Designs will not wait for a ruling. It has refused to hold the ARHK's launch until the Court decides. Colvin Decl. ¶ 4.

[redacted]

## II. The Court Should Hear and Decide the TRO Motion Before the ARHK Launches

### A. The Court Should Set the TRO Motion for Hearing at Its Earliest Convenience.

A party may "specifically request an oral hearing," and whether to hold one is "within the sole discretion of the judge to whom the motion is assigned." L.R. CV-7(g). A prompt hearing is warranted for three reasons. First, timing: briefing on the TRO Motion will not close until October 20, and AS Designs says its first drop will come "a few weeks" after October 4. Colvin Decl. Ex. A. Second, efficiency: AS Designs' opposition raises much that Rare Breed would like to address with the Court directly—its pleading and page-limit objections; its arguments on irreparable harm, delay, licensing, and causal nexus; and its bond and duration requests. Opp. 3–13, 22–24. Those points can be addressed as efficiently at a hearing as in another round of briefs. If the Court would prefer written briefing first, Rare Breed will file its reply on October 13, as the Court has ordered, Dkt. 96, and asks that the Court restrain the ARHK's launch while briefing closes. *See* Part II.C. Third, convenience: the Court has already set the MDL's initial case management conference for the morning of October 15, and "[c]ounsel for all parties must attend." *In re Rare Breed Triggers Pat. Litig.*, No. 4:26-md-03176-ALM, Dkt. 42 ¶ 2 (E.D. Tex. Aug. 28, 2026). A hearing near that date would lessen the impact on the parties.

### B. The Court Should Hear the Motion to Strike at the Same Time.

The Motion to Strike rests on the same objection AS Designs makes in its opposition: that no complaint names the ARHK. *Compare* Dkt. 89 at 1–2, *with* Opp. 3–4. AS Designs wants that objection decided first. Dkt. 89 at 14–15. Rare Breed will timely respond to the Motion to Strike. *See* L.R. CV-7(e). At the hearing, the Court can take up the threshold objection first and, if it rejects it, turn to the merits in the same sitting—without suspending the TRO Motion while the launch draws near.

[redacted]

### C. Alternatively, the Court Should Enter the TRO Now and Hold a Preliminary-Injunction Hearing After Briefing Closes.

If the Court would prefer to have the reply and sur-reply before ruling, it should enter a TRO now, limited to the ARHK's launch, and decide the preliminary injunction once briefing closes. The Court "need not wait for the reply or sur-reply before ruling on the motion." L.R. CV-7(f). This Court has taken that path before, entering a TRO after the defendants' opposition and setting a preliminary-injunction hearing for the day the TRO expired. *Cybercoders, Inc. v. Smith*, No. 4:25-cv-01079-ALM, Dkt. 16 at 4–5, 15, 19 (E.D. Tex. Oct. 28, 2025). A TRO would hold the status quo while the reply (due October 13) and sur-reply (due October 20) come in. Rare Breed submits with this Motion an amended proposed TRO order that is limited to the ARHK's launch and expires at the preliminary-injunction hearing. And if AS Designs needs more time for its sur-reply, as it has suggested it might, that would be good cause to extend the TRO. *See* Colvin Decl. Ex. B. A short delay costs AS Designs little; it has already postponed its own launch once to enlarge its first drop. Colvin Decl. Ex. A. In contrast, the potential harm to Rare Breed is irreparable.

### D. AS Designs Should Respond to This Motion by October 13.

A party may move for an order "shortening the response period." L.R. CV-7(e). Otherwise AS Designs' response would not be due until October 23, two days after briefing on the TRO Motion closes. *See id.* AS Designs proposed the same kind of compressed schedule for its own Motion to Strike, asking that the reply and sur-reply each follow within three business days. Dkt. 89 at 15. This Motion presents one question—when to hear the TRO Motion—and AS Designs can answer it in four days.

[redacted]

## III. Conclusion

Rare Breed respectfully requests that the Court (1) set the TRO Motion and the Motion to Strike for hearing at the Court's earliest convenience; and (2) direct AS Designs to respond to this Motion by October 13, 2026. In the alternative, Rare Breed requests that the Court enter a TRO now, limited to the ARHK's launch, and hold a preliminary-injunction hearing after briefing closes.

DATED: October 9, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Oliver J. Richards
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130
E-mail: ojr@fr.com
Tel: (858) 678-5070
Fax: (858) 678-5099

[redacted]

Glenn D. Bellamy (admitted *pro hac vice*)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

[redacted]

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 9, 2026, to all counsel of record via electronic mail.

*/s/ Matthew A. Colvin*
Matthew A. Colvin

[redacted]

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for Plaintiffs attempted to confer with counsel for Defendants regarding the relief requested in this Motion. On October 8, 2026, Jory Hoffman for Plaintiffs emailed all counsel for Defendants describing the requested hearing, response date, and motion to seal and asking for a call; on October 9, he re-sent that email to John Skeriotis at a corrected email address. On October 9, Mr. Hoffman also left a message for Sergey Vernyuk with Mr. Vernyuk's assistant and spoke with Mr. Skeriotis by telephone. Mr. Skeriotis said that he had not yet read the email and would call back that day if he could, and otherwise on October 12. Mr. Hoffman followed up by email that afternoon, explaining that Plaintiffs intended to file the Motion that day because of its urgency and asking for a short call. As of filing, Defendants have not stated a position. Because the Motion seeks prompt action, Plaintiffs present it as opposed, leaving an open issue for the Court to resolve.

*/s/ Matthew A. Colvin*
Matthew A. Colvin

**CERTIFICATE OF MOTION TO FILE UNDER SEAL**

The undersigned hereby certifies that a Motion for Leave to File Under Seal this document has been filed with the Court prior to the submission of this document as Dkt. No. 101.

*/s/ Matthew A. Colvin*
Matthew A. Colvin