# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Panel Litigation** | **4:26-md-03176**<br>**MDL 3176** |
| ABC IP, LLC, *et.al.,*<br><br>*Plaintiffs,*<br><br>v.<br><br>AS DESIGNS, LLC, *et. al.*<br><br>*Defendants.* | Civil No. 4:26-cv-370 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants' Motion to Strike Plaintiffs' Motion for Temporary Restraining Order (Dkt. #89) and ABC IP, LLC and Rare Breed Triggers, Inc.'s Motion for Temporary Restraining Order (Dkt. #74). Having considered both Motions and the relevant pleadings, the Court finds that both Motions should be **DENIED**.

## BACKGROUND

This is a patent infringement case. Plaintiffs accuse Defendants of infringing the Asserted Patents in this case.[1] Specifically, before the filing of their TRO Motion, Plaintiffs only mentioned Defendant's Super Safety and ARC-Fire products by name when describing the accused products being manufactured and/or sold by Defendants (*See* Dkt. #39; Dkt. # 28). However, Plaintiffs now seek injunctive relief against Defendants to prevent the launch of the ARHK. Plaintiffs contend that the ARHK is "built on" the ARC-Fire and merely "repackages that same technology" for the

[1] The "Asserted Patents" include U.S. Patent Nos. 12,038,247, 12,031,784, 12,529,538, 12, 578,159, and 12,636,403 (Dkt. #107 at p. 5, n.2).

HK platform (Dkt. #74 at p. 10). The ARHK was first announced a the SHOT show trade show in January 2026 but still had not launched at the close of the parties' briefing (Dkt. #74 at p. 17).

On September 2, 2026, Plaintiffs filed a Motion for Temporary Restraining Order (the "TRO Motion") against AS Designs, LLC, Matthew S. Karlovic, Calvin Olson, and John Doe (collectively, "Defendants") seeking the Court to temporarily enjoin the launch of AS Design's ARHK Product (Dkt. #74 at p. 9). On September 28, 2026, Defendants filed a response in opposition of the TRO Motion. On October 13, 2026, Plaintiffs replied (Dkt. #109).

On September 30, 2026, Defendants filed the Motion to Strike Plaintiffs' TRO Motion (the "Motion to Strike") (Dkt. #89) because "Plaintiffs TRO Motion seeks to enjoin a product that is not pleaded in this case" (Dkt. #89 at p.1). On October 13, 2026, Plaintiffs filed an opposition (Dkt. #107).

On October 9, 2026, Plaintiffs filed a motion requesting oral hearing on Defendants' Motion to Strike and Plaintiffs' TRO Motion (Dkt. #102). The Court heard oral arguments from both sides on October 15, 2026.

## LEGAL STANDARD

A party seeking a temporary restraining order must establish the following elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat plaintiff will suffer irreparable harm if the injunction is not granted; (3) the threatened injury outweighs any damage the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). Because this is a patent infringement case, likelihood of success on the merits is governed by Federal Circuit law; the other factors are governed by the law of the regional circuit—here, the Fifth Circuit, in which this Court

sits. *ABC Corp. I v. P'ship & Unincorporated Ass'ns Identified on Sch. "A"*, 52 F.4th 934, 941 (Fed. Cir. 2022). "A preliminary injunction is an extraordinary remedy and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Id*. Nevertheless, a movant " 'is not required to prove its case in full at a preliminary injunction hearing.' " *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1985) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). The decision whether to grant a preliminary injunction lies within the sound discretion of the district court. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 320 (1982).

## ANALYSIS

The Court will first consider the Motion to Strike before determining whether a TRO is appropriate in this case.

### I. Motion to Strike

The basis of the Motion to Strike, and the threshold issue before the Court, is whether the AS Design's ARHK is properly a part of this case even though it is not mentioned in Plaintiffs' complaint. A temporary restraining order, like a preliminary injunction is appropriate "to grant intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945). Therefore, if the Court does not believe the ARHK is properly a part of this case, the Court cannot grant the intermediate relief that Plaintiffs seek.

Defendants argue that because neither the complaint, nor Plaintiffs' motion for a preliminary injunction, mention the ARHK, Plaintiffs have not properly accused the ARHK of infringing the Asserted Patents (Dkt. #89 at pp. 1–2). Focusing on Plaintiffs' Third Amended Complaint (the "Complaint"), Plaintiffs allege infringement by Defendants of the Asserted Patents (Dkt. #39 at pp. 13, 41, 56, 69, 85). Specifically, the relief requested in the Complaint, includes a "preliminary injunction enjoining Defendants . . . from infringement or contributing to the

infringement of each of the Asserted Patents during the pendency of this case, or other such equitable relief as the Court determines is warranted" (Dkt. #39 at p. 99). Thus, if the Court ultimately finds that Defendants do infringe the Asserted Patents, such a ruling would not be limited to the ARC-Fire and Super Safety. Rather, such a finding would result in a preliminary injunction enjoining Defendants from any act of infringement of the Asserted Patents.

Further, the Court finds that even though the ARHK is not mentioned in the complaint Plaintiffs should not be prevented from including the ARHK as an accused product at this stage in this lawsuit. As Defendants point out, the Local Patent Rules require Plaintiff to serve infringement contentions identifying where each element of each asserted claim is found within each accused product (Dkt. #89 at p. 8). *See* P.R. 3-1(b). The Court acknowledges that had infringement contentions been served in this case, Plaintiff would be required to provide good cause in order to amend them and assert a newly accused product. *GREE Inc., v. Supercell Oy,* No. 2:19-cv-00311-JRG-RSP, 2020 WL 7698831 (E.D. Tex. Dec. 28, 2020). However, the deadline for Plaintiffs to file their infringement contentions has not yet passed and the Court agrees with Plaintiffs that where "good cause exists to add a newly released product ***after*** a patentee serves contentions, there is no basis to exclude a newly released product from this case ***before*** contentions are served" (Dkt. #107 at p. 9). Therefore, the Court considers it appropriate for Plaintiffs to continue to identify and accuse products from Defendants. *See Alexsam, Inc. v. IDT Corp.*, No. 2:07-CV-420-CE, 2011 WL 108725 (E.D. Tex. Jan. 12, 2011) (allowing parties to amend infringement contentions to add products not previously accused); *Secure Axcess LLC v. HP Enterprise Servs, LLC*, No. 6:15-cv-208, 2016 WL 7042229, at *3 (E.D. Tex. Sept. 20, 2016) ("plaintiff is free to amend or supplement its infringement contentions at a later date to include additional accused products").

Accordingly, the Court will deny the Motion to Strike and continue with its analysis of the merits of Plaintiff's TRO Motion.

**II. Motion for Temporary Restraining Order**

The Court will not issue a temporary restraining order. On the current record, Plaintiffs have not established that they are substantially likely to succeed on the merits of their claims at this point in the litigation. "To demonstrate a likelihood of success on the merits, a patentee must show, among other things, that it will likely prove infringement of the asserted patent." *Socket Solutions, LLC v. Import Global, LLC*, 185 F.4th 1150, 1154 (Fed. Cir. 2026). Where a "competitor raises a substantial question concerning either infringement or validity, *i.e.*, asserts an infringement or invalidity defense that the patentee cannot prove 'lacks substantial merit'" a court should not issue injunctive relief. *Amazon.com v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350–1351 (Fed. Cir. 2001).

To show a likelihood of success in proving infringement, Plaintiffs point to a technical expert's claim charts of the ARC-Fire against the Asserted Patents (Dkt. #74 at p. 25). Then, Plaintiffs point to AS Design's description of the ARHK as "built on [its] ARC-Fire technology" (Dkt. #74 at p. 25). However, Plaintiffs acknowledge that their showing rests only on what Defendants have told the market because the ARHK is unreleased and Plaintiffs have not been able to inspect a physical product or engineering drawings (Dkt. #74 at p. 26). "Victory in an infringement suit requires a finding that the patent claim 'covers the alleged infringer's product or process.'" *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 374 (1996) (quoting H. Schwartz, Patent Law and Practice 1, 33 (2d ed.1995)). Here, it is difficult for the Court to find that the patent claim "covers the alleged infringer's product or process" because Plaintiff cannot point to a physical product or any product specifications that are covered by the Asserted Patents. *Id.* Thus,

the Court finds that Plaintiffs have not met their burden of showing that they will likely prove infringement of the Asserted Patents. Because the Court concludes that Plaintiffs have failed to carry their burden of showing a substantial likelihood of success on the merits, the Court need not address the remaining three factors. *See DFW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1275, 1269 (5th Cir. 1990). Plaintiffs' request for a temporary restraining order is therefore denied without prejudice.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Strike Plaintiffs' Motion for Temporary Restraining Order (Dkt. #89) and ABC IP, LLC and Rare Breed Triggers, Inc.'s Motion for Temporary Restraining Order (Dkt. #74) are hereby **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 20th day of October, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE