**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AS DESIGNS, LLC, MATTHEW S. KARLOVIC, CALVIN OLSON and JOHN DOE, an individual using the alias "s3igu2" and/or "Seagoo Threetwo,"<br><br>Defendants. | Civil Action No. 4:26-cv-00370-ALM |

**PLAINTIFFS' SUR-REPLY TO DEFENDANTS' MOTION FOR ALTERNATIVE SUBPOENA SERVICE AND FOR EXTENSION OF TIME TO FILE SUR-REPLY**

Plaintiffs herein reply to Defendants' Reply (Dkt. #106, "Reply") regarding Defendants' Motion about Mr. Smith (Dkt. #86). The Reply never engages with Plaintiffs' showing that Defendants had no leave to take non-party discovery at this stage (and prior to the Rule 16.1 Initial Management Conference ("IMC")) and does not defend the open-ended extension Defendants requested. Three recent developments confirm this Motion should be denied and that briefing on the Motion for Preliminary Injunction (Dkt. #28, "PI Motion") should be considered closed.

*First*, the IMC occurred on October 15, 2026, and took up scheduling and discovery-related issues for this MDL (*In re Rare Breed Triggers Pat. Litig.*, No. 4:26-md-03176, Dkt. #63 ("Min. Entry"), Dkt. #74 ("Discover Order"). *Second*, the Court denied Plaintiffs' TRO Motion. (Dkt. #113). *Third*, deadline for Defendants' PI Motion sur-reply expired without a sur-reply. (Dkt. #81.)

## I. NON-PARTY DISCOVERY DID NOT OPEN UNTIL OCTOBER 15

Defendants concede Rule 26(d)(1) bars discovery "from any source" before the Rule 26(f) conference absent a rule, stipulation, or court order. (Dkt. #106 at 2.) They instead argue two excuses. *First*, they argue acquiescence. (*Id.*) But Plaintiffs objected to non-party discovery *prior to* the subpoena (during the parties' July 20 conference), *after notice thereof* (Dkt. #70 ¶ 11), and again in Opposition. (Dkt. #94 at 5–7.) The only stipulation was for limited, expedited discovery *reciprocal* to Plaintiffs' PI Motion discovery. (Dkt. #94-1). The only orders were Dkt. #31 (authorizing Plaintiffs' limited discovery), and Dkt. #81 (requiring Defendants to seek appropriate relief absent agreement with Plaintiffs regarding discovery from Mr. Smith). Plaintiffs' objection to non-party PI Motion discovery is not a stipulation. The Reply does not show otherwise.

*Second*, Defendants assert conferrals pursuant to Rule 16.1(b) satisfied Rule 26(f). (Dkt. #106 at 3.) That argument inverts the rules. Rule 16.1(b) calls for a Report of the parties' "initial views" on, *inter alia*, "discovery," so that the transferee court can "develop an initial plan for orderly pretrial activity" at the IMC. Fed. R. Civ. P. 16.1(a), (b)(3)(C). The conferrals were all in

preparation *for* the IMC, not a substitute for the IMC. The Court indicated during the IMC that it considered the IMC itself to satisfy Rule 26(f). Defendants' argument here is self-defeating: no conferrals took take place until several weeks after July 29, 2026, the date Defendants provided notice of intent to serve the Smith subpoenas (Dkt. #94-16). Even if Rule 16.1(b) conferrals somehow satisfied Rule 26(f), the subpoenas of Mr. Smith were premature.

The Court also vacated prior scheduling orders, stated it "will enter a scheduling order," directed that initial disclosures "follow the local rules," and took up Discovery Order disputes. (Min. Entry at 1–3.) Initial disclosures are keyed to the Rule 26(f) conference, Fed. R. Civ. P. 26(a)(1)(C); the Court's directive that the parties proceed with initial disclosures after the IMC confirms that MDL merits discovery began with the IMC, not with any earlier conferrals. The 26(f) conference "functions as the terminator of the moratorium on discovery." *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 242 (S.D. Tex. 2011). Before the IMC, the only discovery authorized was the limited, expedited, and reciprocal party discovery under Dkt. #31.

Subpoenas Defendants tried to serve before the IMC (Dkt. #86 at 4–6) were unauthorized; all purported diligence Defendants proffer was prior to the IMC. The Reply's footnote asserting, for the first time, that good cause for expedited third-party discovery "is readily met" (Dkt. #106 at 3 n.3) comes too late. *See Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 n.3 (5th Cir. 2010) (claims first raised in reply not considered). Defendants may now pursue Mr. Smith in merits discovery, but merits discovery is no reason to further delay resolution of the PI Motion.[1]

## II. DEFENDANTS SEEK TO INDEFINITELY DELAY THE PI MOTION

Plaintiffs' April 27, 2026, PI Motion (Dkt. #28) was the first preliminary-injunction motion filed in any MDL member case. Defendants' proposed order seeks to allow them to file their

[1] Other MDL parties will also likely seek merits discovery from Mr. Smith. Defendants must, per the Discovery Order, coordinate with these others to avoid excessively burdening non-parties.

overdue sur-reply ten days after non-party Mr. Smith produces documents (perhaps to Defendants' unilateral satisfaction) *and* is deposed, "whichever is later" (Dkt. #86-15 at 1–2), with no outer date. The Reply never addresses Section III.E of the Opposition. Defendants' only argument is that any delay "is due solely to Plaintiffs' own actions" because ABC IP could allegedly "require" Mr. Smith to appear. (Dkt. #106 at 5.) But Defendants cite no authority requiring a patentee to procure a non-party's testimony for its adversary and concede the assignment clause "runs to ABC IP" (*id.*), not to Defendants. Granting Defendants' requested delay could result in the MDL's earliest-filed PI Motion being the last one heard. Delay has been Defendants' goal at every turn and is this Motion's purpose. Seeking to effect further delay is not a showing of good cause.

## III. NOTHING PERMITTED DEFENDANTS TO WITHHOLD THEIR SUR-REPLY

The Court provided a sur-reply deadline expressly untethered to Mr. Smith: ten days after the September 16-17 depositions of Plaintiffs. (Dkt. #84 at 1; Dkt. #81 at 1.) Defendants' PI Motion sur-reply was thus due September 28. Moving for an extension days beforehand did not suspend that deadline. As a courtesy, Plaintiffs offered not to challenge the timeliness of any sur-reply filed by October 5. (Dkt. #94 at 2, 15.) Defendants still filed nothing. A deadline may be extended beforehand "for any reason," *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021), but "once a time limit has run, . . . only upon a party's motion and only if the court finds that 'the party failed to act because of excusable neglect.'" *Id.* (quoting Fed. R. Civ. P. 6(b)(1)(B)).

"[O]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Id.* at 527 (citation omitted). The inquiry turns on "the reason for the delay, including whether it was within the reasonable control of the movant." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (affirming refusal to consider untimely response). Defendants' delay was within their control: they had Plaintiffs' PI Motion reply brief and exhibits since August 6, and Plaintiffs' testimony across dozens of topics they noticed since September 17.

Defendants concede they can argue Mr. Smith's account is uncorroborated. (Dkt. #86 at 3–4.) Withholding a sur-reply to pursue unauthorized merits discovery was a tactical choice. Their Reply here does not even renew Defendants' alternative request for leave to file seven days after a denial of this Motion. (Dkt. #86 at 11–12.) "The court need not wait for [replies] before ruling on the motion." Local Rule CV-7(f). The Court should therefore set the PI Motion for a hearing.

## IV. PROMPT RESOLUTION OF THE PI MOTION IS NOW EVEN MORE URGENT

The Court denied Plaintiffs' TRO Motion without prejudice and rejected Defendants' motion to strike, holding the PI Motion's relief "would result in a preliminary injunction enjoining Defendants from any act of infringement of the Asserted Patents," not one "limited to the ARC-Fire and Super Safety." (Dkt. #113 at 4.) Every week Defendants delay the PI Motion's resolution is a week without an injunction, compounding the irreparable harm Plaintiffs' Opposition and PI Motion have documented, and that Defendants' Reply does not address. (Dkt. #94 at 14–15.)

## V. THE PI MOTION SHOULD BE SET FOR HEARING AS SOON AS POSSIBLE

Dkt. #81 requires only that the hearing be "no earlier than after the extended sur-reply deadline," which already passed September 28. Plaintiffs respectfully request that the Court: (1) deny this Motion (Dkt. #86); (2) deem the PI Motion (Dkt. #28) fully briefed as of materials submitted by September 28, 2026; (3) decline to consider any later-filed sur-reply; (4) set the PI Motion for hearing at the earliest available date; and (5) order that any merits discovery from Mr. Smith proceed under the MDL schedule and Discovery Order and not further delay the PI Motion.

DATED: October 20, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
Bret T. Winterle
Texas Bar No. 24084249
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
winterle@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Oliver J. Richards
CA Bar No. 310972
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130
E-mail: ojr@fr.com
Tel: (858) 678-5070
Fax: (858) 678-5099

Glenn D. Bellamy (admitted *pro hac vice*)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 20, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*
Matthew A. Colvin