**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AS DESIGNS, LLC, MATTHEW S. KARLOVIC, CALVIN OLSON and JOHN DOE, an individual using the alias “s3igu2” and/or “Seagoo Threetwo,”<br><br>Defendants. | Civil Action No. 4:26-cv-00370-ALM |

**PROPOSED ORDER GRANTING PLAINTIFFS’ MOTION FOR**
**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Before the Court is the Motion for Temporary Restraining Order and Preliminary Injunction Against the ARHK filed by Plaintiffs ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc. ("Rare Breed") (collectively, "Plaintiffs"). Having considered the Motion, the supporting declarations and exhibits, the Defendants' responses, the arguments of counsel, the applicable law, and the entire record in this multidistrict litigation, the Court GRANTS the Motion and enters this temporary restraining order.

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to Federal Rule of Civil Procedure 52(a)(2), the Court finds and concludes as follows:

### A. The Parties, the Asserted Patents, and the Accused Product

1. Plaintiff ABC IP, LLC is a Delaware limited liability company that owns the patents asserted in this Motion. Plaintiff Rare Breed Triggers, Inc. is a Texas corporation that is the exclusive licensee of the patents.

2. The patents asserted in this Motion (the "Asserted Patents") are U.S. Patent Nos. 12,038,247 (the "'247 Patent"); 12,578,159 (the "'159 Patent"); 12,031,784 (the "'784 Patent"); and 12,636,403 (the "'403 Patent").

3. The "Accused Product" subject to this Order is the ARHK, under that or any other name, in any caliber or host-firearm configuration.

4. As used in this Order, a "derivative" of an Accused Product means any product, device, kit, component, or design that is substantially similar to, or that incorporates the patented forced reset functionality of, an Accused Product, regardless of differences in form, branding, or firearm platform.

5. The Defendants subject to this Order (collectively, the "Enjoined Defendants") are identified in Schedule A attached hereto.

**B. Likelihood of Success on the Merits**

6. The Court finds that Plaintiffs have established a likelihood of success on the merits of their patent infringement claims with respect to the Asserted Patents and the Accused Product.

7. Plaintiffs received a unit of the Accused Product from someone who obtained it from AS Designs, and their technical expert, Brian Luettke, examined photographs of its disassembled parts. The Accused Product's fire-control mechanism is AS Designs' ARC-Fire mechanism, with an integrated slip trip, which Defendants advertised as the technology the Accused Product is "built on." Plaintiffs' expert compared the Accused Product, element by element, to each asserted claim. On this record, the Court finds that Plaintiffs have shown the required likelihood that the Accused Product practices the asserted claims, including at least claim 15 of the '247 Patent, claim 1 of the '159 Patent, claim 1 of the '784 Patent, and claim 39 of the '403 Patent. The Asserted Patents are presumed valid pursuant to 35 U.S.C. § 282. The Court finds that the Enjoined Defendants have not raised a substantial question as to the validity or enforceability of the Asserted Patents that would defeat preliminary injunctive relief.

**C. Irreparable Harm**

8. The Court finds that Plaintiffs are currently suffering and will continue to suffer irreparable harm absent preliminary injunctive relief, including: (a) loss of market share in a niche, emerging market in which Plaintiffs and the Enjoined Defendants would be direct competitors; (b) loss of the limited and non-recurring period of market exclusivity afforded by Plaintiffs' patent rights, particularly following the resolution of the regulatory constraints that had previously prevented Plaintiffs from commercializing their patented technology; (c) reputational and innovator-identity harm, including erosion of Plaintiffs' status as the pioneer of the market for the patented technology; (d) invitation for further market disruption from third-party infringers; and

(e) a substantial risk that any future damages award against the Enjoined Defendants would be uncollectible.

9. The Court finds these harms not adequately compensable with monetary damages.

**D. Balance of the Equities**

10. The Court finds that the balance of the equities favors entry of preliminary injunctive relief. The harm to Plaintiffs from competing against their own patented and licensed invention outweighs the harm to the Enjoined Defendants from this Order. The Enjoined Defendants received notice of Plaintiffs' patent rights, and they designed, priced, and built the Accused Product, and prepared its launch, despite that notice and after Plaintiffs moved to restrain the launch. Any hardship asserted by the Enjoined Defendants arises from that choice and is entitled to limited equitable weight. This Order reaches only the Accused Product.

**E. Public Interest**

11. There is no countervailing public interest that weighs against an injunction in this case. To the contrary, the Court finds that the public interest is promoted by entry of this Order. The public interest in enforcing valid patent rights is well established, and as explained by the Department of Justice, there is a "strong interest" in "discouraging unregulated manufacture of forced reset triggers that allegedly infringe Rare Breed's patents" like the ARHK.

## II. INJUNCTIVE RELIEF

12. Each Enjoined Defendant, together with its officers, directors, members, managers, agents, servants, employees, attorneys, successors, and assigns, and all other persons or entities in active concert or participation with any of them—including any parent company, affiliate, trust, subsidiary, division, or entity under common ownership or control—who receive actual notice of this Order by personal service or otherwise, are hereby **RESTRAINED**, **ENJOINED, AND PROHIBITED** from:

a) Making, using, selling, offering for sale, importing, distributing, shipping, or fulfilling orders for any Accused Product, any derivative thereof, or any substantially similar product, in any configuration, whether by retail, through distributors, or wholesale, and whether directly or indirectly;

b) Selling, offering for sale, or importing any ARHK trigger, accessory product for use therewith, or other component that is a material part of any Accused Product, any derivative thereof, or any substantially similar product, and that has no substantial use other than in an Accused Product or derivative thereof; and

c) Inducing, encouraging, instructing, or assisting any other person or entity to engage in any conduct prohibited by this Order, including by providing design files, manufacturing specifications, assembly or installation instructions, technical support, or troubleshooting assistance for any Accused Product, any derivative thereof, or any substantially similar product.

13. Within seven (7) days of receiving actual notice of this Order, each Enjoined Defendant shall:

a) Remove, delist, or otherwise take down all online listings, product pages, advertisements, and promotional materials for the Accused Product on any website, marketplace, or social media platform owned, operated, or controlled by the Enjoined Defendant;

b) Notify in writing each distributor, reseller, dealer, and other commercial counterparty to whom the Enjoined Defendant has sold or shipped any

Accused Product within the preceding twelve (12) months of the entry and terms of this Order, and provide a copy of this Order to each such counterparty; and

c) Quarantine and segregate from inventory available for sale any unsold Accused Product in the Enjoined Defendant's possession, custody, or control.

14. Within fourteen (14) days of receiving actual notice of this Order, each Enjoined Defendant shall file with the Court and serve on counsel for Plaintiffs a sworn certificate of compliance attesting to the specific steps taken to comply with this Order.

## III. SECURITY UNDER RULE 65(c)

15. Consistent with the Court's discretion under Federal Rule of Civil Procedure 65(c), Plaintiffs are not required to post any security.

## IV. EFFECTIVE DATE, NOTICE, AND CONTINUING JURISDICTION

16. This Order shall take effect immediately upon entry.

17. Service of this Order on counsel of record for each Enjoined Defendant via the Court's CM/ECF system shall constitute actual notice to that Enjoined Defendant. For any Enjoined Defendant not represented by counsel of record at the time of entry, Plaintiffs shall effect service of this Order by personal service or another method reasonably calculated to provide actual notice, and shall file proof of service within seven (7) days of effecting such service.

18. The Court will hear the Motion as a motion for a preliminary injunction on ____________, 2026, at ______ _.m., in Courtroom 208 of the Paul Brown United States Courthouse, 101 East Pecan Street, Sherman, Texas, at which time this Order shall expire, unless before that time the Court extends it for good cause or the Enjoined Defendants consent to an extension.

19. The Court retains jurisdiction over this matter for all purposes, including without limitation the interpretation, enforcement, modification, and dissolution of this Order, and the adjudication of any contempt, compliance, or scope disputes arising under this Order.

**IT IS SO ORDERED.**

**SCHEDULE A — ENJOINED DEFENDANTS**

All listed Defendants in the above-captioned action are subject to this Order:

1. AS Designs, LLC
2. Matthew S. Karlovic
3. Calvin Olson
4. The individual identified as "John Doe" in Civil Action No. 4:26-cv-00370-ALM, who uses the alias "s3igu2" and/or "Seagoo Threetwo," and whom AS Designs has since identified as Christopher Ulrick.