# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ABC IP AND | )( | DOCKET MDL NO. 4:26MD3176 |
| RARE BREED TRIGGERS | )( | |
| | )( | |
| VS. | )( | 10-15-2026 |
| | )( | |
| | )( | 9:00 A.M. |
| | )( | |
| PEAK TACTICAL, | )( | |
| ATRIUS DEVELOPMENT | )( | |
| GROUP ET AL. | )( | SHERMAN, TEXAS |

*****************************************************

VOLUME 1 OF 1, PAGE 1 THROUGH 185

REPORTER'S TRANSCRIPT OF HEARING ON MOTIONS

BEFORE THE HONORABLE AMOS L. MAZZANT, III

UNITED STATES CHIEF DISTRICT JUDGE

*****************************************************

APPEARANCES

FOR PLAINTIFFS:

THOMAS GORHAM
GILLAM & SMITH, LLP
7232 Crosswater Avenue
Tyler, Texas 75703

MATTHEW COLVIN
CARL BRUCE
BRET WINTERLE
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201

FOR DEFENDANTS:

J. RANDY ROESER
TIMOTHY GETZOFF
HOLLAND & HART
1800 Broadway, Ste. 300
Boulder, Colorado 80302

APPEARANCES CONTINUED

JACOB HORTON
BLANCHARD HORTON, PLLC
40 New York Ave, Ste. 300
Oak Ridge, Tennessee 37830

BRANDON MERRILL
EDWARD CHIN
MCKOOL SMITH, PC
300 Crescent Court, Suite 1500
Dallas, Texas 75201

ADAM FLOYD
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, Colorado 80202

CONOR CIVINS
BRACEWELL, LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701

JOHN POLASEK
THE POLASEK LAW FIRM, PLLC
2401 Fountain View Drive, Suite 316
Houston, Texas 77057

WESLEY WEEKS
COREY WEINSTEIN
WILEY REIN, LLP
2050 M. St. NW
Washington, DC 20036

PROCEEDINGS RECORDED USING VOICE WRITING METHODS;

TRANSCRIPT PRODUCED VIA COMPUTER-AIDED TRANSCRIPTION.

rifles," end quote. And that, quote, "it's a scaled-up version with larger cam surfaces, a thicker detent bar, and transfer lever," end quote. Plaintiffs' expert in the TRO track -- charted the ARC-Fire. He did not chart the ARHK. It's a different product on a different platform.

So we have to remember the Plaintiffs admit that they're showing rests on what Defendants have told the market, not just because they have an actual product, not because they took it apart, not because they removed all the parts. Before I have ever issued an infringement opinion or filed a complaint, what do I do? I think it's required by Rule 11. You buy the product. You don't rely on things that are on the internet. You buy the product, or you wait for it to get released and then you buy it yourself. Plaintiffs could have done a host of other things other than rush to a TRO.

So Plaintiffs say those -- whether there's a difference of matter is a merits question for the TRO motion. We agree it's a merits motion. That's exactly why it has to be pleaded. The merits of a TRO are the merits of a pleaded claim. So since there's no pleaded claim, no chart, no expert witness, no inspection, nothing of that, this should have been -- this should be stricken.

The September 17th orders; now, I know Your Honor may revisit those. I got it. I get that. But for the record, if they don't -- if Your Honor doesn't, then they are maintained.

product in a different housing program. I think they are replacing the housing that you see here in Slide 5. Instead of doing a modified lower, they are just selling the ARC-Fire cam lever and clutch mechanism inside of a different trigger housing that they are calling the ARHK. And there's a variety of reasons we know this is true.

THE COURT: So I guess, Counsel, is the ARHK -- is that identical?

MR. COLVIN: Your Honor --

THE COURT: I guess -- it's a different product. I understand they're combining things, but your complaint does not allege -- the word A -- let me make sure I get the acronym -- ARHK is not mentioned in the complaint.

MR. COLVIN: Correct.

THE COURT: I just looked to make sure it --

MR. COLVIN: That's correct, it is not.

THE COURT: Okay. I couldn't find it, at least my search did not.

MR. COLVIN: That's right.

THE COURT: So it's a new product. And just -- that's problematic, it seems to me. Even though it's an offshoot, it's a variation of something that is asserted. But I don't know if that's sufficient to say that product has been asserted in the complaint.

MR. COLVIN: Well, I think -- I've got several things

ARHK has not been charted on a claim-by-claim basis. The best we've heard is that it is built on the same technology, the ARC technology.

ARC, Active Recent Clutch is what the ARC stands for, is built on the same technology, not that it is literally the same ARC-Fire. There's no evidence, there's no proof of that. We don't see any patent claims. What we just saw this afternoon on a slide that's not in the briefing, it appears to be hearsay based on posts that were made by an unknown person. So we don't have any likelihood of success on the merits that are -- that has been established on a claim-by-claim basis comparing the actual product, which makes sense because Plaintiffs have not seen the physical -- have not handled the physical product.

And in our opposition, we said that if they are merely relying on the fact that the ARHK is just the ARC-Fire, then we likewise would rely on our oppositions to the PI motion on the ARC-Fire, which included expert testimony, going through all of the asserted patents, all the asserted claims on a claim-by-claim basis, showing where we do not infringe and showing why the asserted patents -- the claims of the asserted patents are invalid.

Moving on to the irreparable harm factor, first of all --

THE COURT: Do you want to unseal at this time?

Yes, you can do that. We've accused that. That's exactly one of the things that are pending in the larger PI motion against the ARC-Fire. What we're talking about here are the drop-in products where they have taken their ARC-Fire and put it inside of the trigger cassette housing.

And finally, Your Honor, on public interest, Mr. Vernyuk said that the public has an interest in lower prices, but that's not what the case law says. If we look at the Payless Shoesource versus Reebok case -- that's 998 F. 2d 985 et 991. It's a federal circuit case from 1993 -- it says that lower prices don't count for public interest because, quote, "most injunctions would be denied, because copiers universally price their products lower than innovators," end quote.

That is exactly what's happening here, Your Honor. If AS Designs is allowed to launch this ARHK, it will destroy Rare Breed's market position for these drop-in triggers. We ask for it to be -- our TRO to be granted and the launch to be delayed until the Court can rule on a PI.

THE COURT: Thank you very much. I will take the matter under advisement. I will try to expedite a decision since certainly -- well, it's not been introduced to the market yet, but clearly it's going to be at some point shortly.

So what -- yes.

MR. GETZOFF: Your Honor, may I just really quickly,

but you might want to just all visit with each other to see if one of those dates would work.

MR. CHIN: I do want to mention that for that hearing -- for that injunction hearing, Your Honor, has a discovery schedule, and we're proceeding through that schedule --

THE COURT: We really can't move it up till November is what you're telling me?

MR. CHIN: Yes.

THE COURT: Okay. So right now we'll leave it on the 11th unless -- if my trial goes away, we maybe can move it up the week before, but we will monitor that. We're back to where we were.

MR. CHIN: And we don't have the other co-defendants' blessing, if you will.

THE COURT: It sounds like that's not going to work because of the discovery schedule.

Okay. Well, thank you all very much for everything, and we'll be in recess.

(Court in recess.)

COURT REPORTER'S CERTIFICATION

I HEREBY CERTIFY THAT ON THIS DATE, OCTOBER 20TH, 2026, THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS.

_/S/______________________

LISA BANTA, CSR