# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Panel Litigation** | **4:26-md-03176**<br>**MDL 3176** |
| RARE BREED TRIGGERS, INC. et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>AS DESIGNS, LLC et al.,<br><br>*Defendants.* | Civil No. 4:26-cv-370 |

## ORDER

Pending before the Court is Defendants' Motion for Alternative Subpoena Service and For Extension of Time to File Sur-Reply (Dkt. #86). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED in part and GRANTED in part.**

On September 23, 2026, Defendants filed the present Motion asking the Court to order alternative subpoena service on Cameron Smith (Mr. Smith) and to extend the deadline for their sur-reply to Plaintiffs' Motion for Preliminary Injunction (the "PI Motion," Dkt. #28) until that discovery is obtained (Dkt. #86 at p. 1). Defendants also request that if the Court does not grant the requested extension of time until discovery can be obtained from Mr. Smith, for a seven-day extension of time from the denial of that request to enter their sur-reply to the PI Motion (Dkt. #86 at pp. 11-12).

On October 2, 2026, Plaintiffs filed their opposition arguing that discovery from Mr. Smith, a third-party, is not warranted under the Court's order granting expedited discovery in this case (Dkt. #94 at p. 10). Plaintiffs contend that should Defendants seek discovery from Mr. Smith, they

should appropriately wait for the commencement of fact discovery rather than delay briefing and ultimately resolution of the PI Motion (Dkt. #94 at pp. 10–11).

On October 13, 2026, Defendants replied (Dkt. #106). The commencement of fact discovery began on October 15, 2026, upon the occurrence of the Initial Management Conference in MDL 3176. On October 20, 2026, Plaintiffs filed a sur-reply (Dkt. #115).

Federal Rule of Civil Procedure 45 delineates between the court that issued the subpoena (the "Issuing Court")—always "the court where the action is pending"—and "the court for the district in which compliance with the subpoena is required" (the "Compliance Court"). FED. R. CIV. P. 45(a)(2), (d)(3), (f); *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 11117083, at *1 (E.D. Tex. Mar. 27, 2015) (citations omitted). Rule 45 of the Federal Rules of Civil Procedure provides that a subpoena to a third party for testimony or documents must issue from the court where the action is pending. FED. R. CIV. P. 45(a)(2); *Trover*, 2015 WL 11117083, at *1 (E.D. Tex. Mar. 27, 2015). Rule 45(b) requires "delivering a copy to the named person," which has long been interpreted as requiring personal service. FED. R. CIV. P. 45(b)(1); *see also Lexington Ins. Co. v. Harvia Oy*, No. 4:13-cv-713-O, 2013 WL 12330197, at *1 (N.D. Tex. Nov. 14, 2013). Although the Court is sympathetic to the difficulty in serving Mr. Smith, the fact that Mr. Smith has made the "required personal service 'difficult to accomplish' does not grant the district court the authority to waive the requirements of Rule 45(b)." *Lexington Ins. Co.*, 2013 WL 12330197 at *1. Therefore, Defendants must personally serve Mr. Smith pursuant to Rule 45(b)(1). Accordingly, the Court will deny Defendant's Motion on this ground.

The Court finds it appropriate to allow Defendants the chance to file a sur-reply in opposition to the PI Motion. Therefore, the Court will grant Defendant's request for a seven-day extension of time after the denial of the request for alternative subpoena service.

It is therefore **ORDERED** that Defendants' Motion for Alternative Subpoena Service and For Extension of Time to File Sur-Reply (Dkt. #86) is hereby **DENIED in part and GRANTED in part.**

The deadline for Defendants' Sur-Reply to Plaintiffs' Motion for Preliminary Injunction is hereby extended to 7 days after the entry of this Order.

**IT IS SO ORDERED.**

**SIGNED this 9th day of November, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE