**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AS DESIGNS, LLC, a North Carolina limited liability company, and MATTHEW S. KARLOVIC, an individual, and CALVIN OLSON, an individual, and JOHN DOE, an individual using the alias "s3igu2" and/or "Seagoo Threetwo,"<br><br>Defendants. | Civil Action No. 4:26-cv-00370-ALM |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE**
**<u>THEIR FOURTH AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

**Page**


BACKGROUND .......... 2

LEGAL STANDARD .......... 5

ARGUMENT .......... 6

A. The Court Should Join RBTM as a Plaintiff .......... 6

B. The Court Should Allow Plaintiffs to Name Ulrick as a Defendant .......... 7

C. The Court Should Grant Leave Under Rule 15(a)(2) .......... 8

D. The Proposed Amendments Are Not Futile .......... 9

1. The proposed pleading plausibly alleges that Ulrick is liable for infringement. .......... 9

2. The proposed pleading plausibly alleges trademark infringement, false designation of origin, and unfair competition. .......... 11

CONCLUSION .......... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....5, 9

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015)....9

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
888 F.3d 1256 (Fed. Cir. 2018)....10

*Foman v. Davis*,
371 U.S. 178 (1962)....5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)....9, 11

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
869 F.3d 1372 (Fed. Cir. 2017)....10

*Mayeaux v. La. Health Serv. & Indem. Co.*,
376 F.3d 420 (5th Cir. 2004)....8

*Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*,
806 F.2d 1565 (Fed. Cir. 1986)....10

*In re Rare Breed Triggers Pat. Litig.*,
829 F. Supp. 3d 1370 (J.P.M.L. 2026)....7

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*,
315 F.3d 533 (5th Cir. 2003)....6

*SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Eur. GmbH*,
839 F.3d 422 (5th Cir. 2016)....5

*Stripling v. Jordan Prod. Co.*,
234 F.3d 863 (5th Cir. 2000)....5, 9

*Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*,
609 F.3d 1308 (Fed. Cir. 2010)....10

**Statutes**

15 U.S.C. § 1114(1) ....................5, 6

15 U.S.C. § 1125(a) ....................5

28 U.S.C. § 1407(a) ....................7

35 U.S.C. § 271(b) ....................9, 11

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)....................5

Fed. R. Civ. P. 15 ....................6

Fed. R. Civ. P. 15(a)(2)....................5, 8

Fed. R. Civ. P. 16(b)(4)'s....................6

Fed. R. Civ. P. 20(a)(1)....................6

Fed. R. Civ. P. 20(a)(1)(B) ....................7

Fed. R. Civ. P. 20(a)(2)....................6, 7

Fed. R. Civ. P. 21 ....................6

This is a patent infringement case. Plaintiffs ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc. ("Rare Breed") (collectively, "Plaintiffs") accuse Defendants AS Designs, LLC ("AS Designs"), Matthew S. Karlovic ("Karlovic"), Calvin Olson ("Olson"), and John Doe, an individual using the alias "s3igu2" and/or "Seagoo Threetwo," of infringing Plaintiffs' patents through sales of the Super Safety and ARC-Fire families of products (the "Accused Products").

Plaintiffs move for further leave to file the proposed Fourth Amended Complaint to (1) identify the Doe defendant by name, Christopher Ulrick ("Ulrick"), and plead the facts showing that he designs, builds, tests, approves, and supports the Accused Products and induces their infringement; (2) add RBTM LLC ("RBTM") as a Plaintiff; and (3) add trademark, false designation of origin, and unfair competition claims against AS Designs for its use of RBTM's registered trademarks relating to the name "FRT" in connection with the goods in question.

While Plaintiffs could file another lawsuit asserting these claims, courts routinely grant leave to amend under these circumstances, particularly where, as here, the motion comes before the deadline to add parties, trial is not imminent, the orderly progression of the case will not be disrupted, and amendment promotes resolution of all related claims in a single action. That is all the more true in this MDL, where the same trademark claims are already pending in at least 49 other member actions.

On September 17, 2026, the Court denied leave to add RBTM and its trademark claims in five other member actions and, in a sixth, denied leave to add three parties alleged to stand behind the accused product. ABC and Rare Breed moved for reconsideration of those rulings, and the Court is holding that request in abeyance. (MDL Dkt. 92.) Plaintiffs file this motion now so that the request is before the Court by the deadline to add parties. The reasons given in the

reconsideration motion apply equally here, and Plaintiffs ask the Court to decide this motion together with it.

Pursuant to Local Rule CV-7, Plaintiffs submit a proposed order (Exhibit A) and the proposed Fourth Amended Complaint as a subsequent docket entry.

## BACKGROUND

***Procedural history.*** Plaintiffs filed this action against AS Designs, Karlovic, Olson, and John Doe in the Middle District of North Carolina on December 30, 2025, asserting U.S. Patent Nos. 12,038,247 (the "'247 patent") and 12,031,784 (the "'784 patent") against AS Designs' Super Safety. (M.D.N.C. No. 1:25-cv-1192.) Plaintiffs filed the First Amended Complaint the same day (Dkt. 4), and Defendants answered on February 26, 2026 (Dkt. 17). Plaintiffs moved on March 24, 2026, to add U.S. Patent Nos. 12,529,538 and 12,578,159 (Dkt. 20); after the Judicial Panel on Multidistrict Litigation transferred the action to this Court as part of MDL No. 3176 on April 13, 2026 (Dkt. 22), the transfer mooted that motion under Local Rule CV-7(j), and Plaintiffs re-urged it on April 24 (Dkt. 24). On May 26, 2026, the day U.S. Patent No. 12,636,403 issued, Plaintiffs moved to add it as well and submitted the Third Amended Complaint (Dkt. 39). The Court granted leave on September 17, 2026. (Dkt. 82.)

In the operative Third Amended Complaint, Plaintiffs assert U.S. Patent Nos. 12,038,247, 12,031,784, 12,529,538, 12,578,159, and 12,636,403 (the "Asserted Patents") against the Super Safety and ARC-Fire families of products. (Dkt. 39.) The Court has confirmed that the accused products in this case are not frozen at the first pleading. When AS Designs argued that a product not named in the complaint was outside the case, the Court held that Plaintiffs "should not be prevented from including" that product "as an accused product at this stage in this lawsuit," and found it "appropriate for Plaintiffs to continue to identify and accuse products from Defendants." (Dkt. 113, at 4 (Oct. 20, 2026).)

On October 27, 2026, the Court entered a Patent Scheduling Order for this MDL. (MDL Dkt. 84.) It set November 19, 2026, as the deadline to add parties and January 14, 2027, as the deadline for final amended pleadings. (MDL Dkt. 84, at 1–2.) Fact discovery closes July 9, 2027, and the claim construction hearing is set for May 24, 2027. (*Id.* at 2–3.)

Separately, on September 17, 2026, the Court denied leave to add RBTM and its trademark claims in five other member actions and, in a sixth, denied leave to add three parties alleged to stand behind the accused product. ABC and Rare Breed moved for reconsideration. (MDL Dkt. 81.) At the October 15 conference, the Court advised that a motion to reconsider was the way to raise the September 17 denials. (MDL Dkt. 63, at 3.) On November 6, 2026, the Court allowed the newly accused products addressed in that motion and held the remaining issues, including the trademark claims and the new defendants, in abeyance, to be addressed in due course. (MDL Dkt. 92, at 3.)

***Ulrick.*** The proposed pleading identifies the person who uses the alias "s3igu2" and/or "Seagoo Threetwo" as Christopher Ulrick. (Prop. Fourth Am. Cmplt. ¶ 7.) AS Designs has identified Ulrick as that person and has described him as its "Head Engineer." (*Id.*) AS Designs' website says that its MP5 Slip Trip V5 "was created by s3igu2 and his approval was given for our product," and it sends customers to Ulrick's own X account "for updates, other designs, and to support his work." (*Id.* ¶¶ 55, 59.) The proposed pleading alleges that Ulrick designed the ARHK, an ARC-Fire family product, and the MP5 parts AS Designs sells for use with the Super Safety and ARC-Fire (*id.* ¶ 61); that he personally built and test-fired the ARHK and reported its trigger pull and rate of fire from first-hand use (*id.* ¶ 61); that he directs AS Designs' product and business decisions, including by publicly overriding AS Designs' customer service on whether the ARHK works with non-ambidextrous lowers and by taking part in an internal discussion of how to price

the ARHK against Rare Breed's product (*id.* ¶ 62); and that, posting as "s3igu2" on Reddit, AR15.com, and HKPRO, he answers technical questions, tells customers how to install and use ARC-Fire family products, and steers buyers away from Rare Breed and toward AS Designs (*id.* ¶ 64).

The proposed pleading also alleges what Ulrick knew. He has known of this action, and of the products it accuses, since no later than January 1, 2026, when he acknowledged in a Reddit thread that Rare Breed was "alot more upeset about arc-fire and my mp5 stuff." (*Id.* ¶ 68.) On information and belief, he learned of the August 9, 2025, demand letter when it was delivered, and by February 2026 he knew that Rare Breed held patents directed to forced-reset triggers for the MP5 platform. (*Id.* ¶¶ 68–69.) He nonetheless continued to design, build, approve, price, promote, and support the Accused Products or, at a minimum, believed there was a high probability that Rare Breed's patents covered them and deliberately avoided confirming it. (*Id.* ¶ 69.)

***The FRT® marks.*** The proposed pleading alleges that RBTM owns the FRT family of trademarks—including the federally registered marks FRT, FRT-15, FRT-22, FRT-47, FRT-15L3, and FRT-15C3, pending applications for FRT-MR3 and FRT-RD3, and common-law rights dating to at least 2020 (together, the "FRT Marks")—all used in connection with firearm triggers, and that Rare Breed is the exclusive licensee of those marks. (*Id.* ¶¶ 3, 72–75.) The Patent and Trademark Office registered FRT-15 in 2023, and it registered FRT on March 24, 2026, FRT-15L3 on April 21, 2026, FRT-22 and FRT-47 on April 28, 2026, and FRT-15C3 on July 28, 2026. (*Id.* ¶ 73.) Plaintiffs allege that the marks are inherently distinctive and have acquired significant goodwill through Plaintiffs' continuous and substantially exclusive use. (*Id.* ¶¶ 75–77.) Plaintiffs further allege that AS Designs has, without authorization, used "FRT" as a source identifier to advertise and sell firearm trigger products that do not originate with Plaintiffs, including a "MAC

IX FRT Slip Trip & Shim Kit - ARC-Fire V2 Compatible" on its website and a social-media profile, @asdesignsfrts, whose bio claims it is "[l]eading the FRT industry." (*Id.* ¶ 79.) They allege that this use is likely to cause confusion as to origin, sponsorship, endorsement, or affiliation (*id.* ¶¶ 78, 81), and that AS Designs acts knowingly, willfully, and in bad faith to trade on Plaintiffs' goodwill (*id.* ¶ 82). Based on these allegations, the proposed pleading asserts three trademark-related causes of action against AS Designs: federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and common-law trademark infringement and unfair competition. (*Id.* ¶¶ 118–45.)

## LEGAL STANDARD

After the window to amend as of right closes, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When leave is required, courts "should freely give [it] when justice so requires." *Id.* A court "must possess a 'substantial reason' to deny a request" for leave, *SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Eur. GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)), such as undue delay, futility, bad faith, or undue prejudice, *Foman v. Davis*, 371 U.S. 178, 182 (1962).

An amendment is futile only if it would fail to state a claim under the Rule 12(b)(6) standard. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). The question is therefore whether the proposed pleading contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court takes the well-pleaded facts as true and does not decide the merits, and the

movant need not prove its case in the pleading. A party that opposes leave as futile must therefore show that the proposed claim fails as a matter of law on the facts alleged, not that it disputes them.

Rule 15's standard—not Rule 16(b)(4)'s stricter good-cause standard—applies here. Good cause is required only to amend "after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). This motion comes before both deadlines in the Court's Patent Scheduling Order. (MDL Dkt. 84, at 1–2.)

"Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). The same test governs joinder of defendants. Fed. R. Civ. P. 20(a)(2). The Court may add a party "at any time, on just terms." Fed. R. Civ. P. 21.

## ARGUMENT

### A. The Court Should Join RBTM as a Plaintiff

RBTM is the right party to assert these claims. The Lanham Act gives the claim for infringing a registered mark to the "registrant," 15 U.S.C. § 1114(1), a term that includes the registrant's "assigns," *id.* § 1127. RBTM is that assignee. ABC assigned the FRT registrations and applications to RBTM on May 26, 2026, and the Patent and Trademark Office recorded the assignment on June 11, 2026. (MDL Dkt. 81-1.) Rare Breed is the exclusive licensee.

RBTM's joinder also meets both requirements of Rule 20(a)(1). First, the trademark claims asserted by RBTM arise out of the same transactions and occurrences giving rise to the patent claims already at issue in this case. The proposed pleading pleads a single, integrated course of infringing conduct. The Accused Products embody the inventions of the Asserted Patents, and the proposed pleading alleges that AS Designs uses "FRT" to market its products without

authorization. AS Designs is alleged to do so on the same website it uses to sell the Accused Products. (Prop. Fourth Am. Cmplt. ¶ 79.)

Second, Rule 20(a)(1)(B) requires only that "any" common question arise. Many will: whether Defendants made, sold, offered for sale, or imported the Accused Products; the marketing channels used; the volume and revenue of Defendants' sales, which inform both patent damages and disgorgement of profits on the trademark counts; and the proper scope of injunctive relief.

Joining RBTM here also serves the purpose of this MDL. The same trademark claims are already pending in at least 49 other member actions, where RBTM and Rare Breed assert trademark infringement, false designation of origin, and unfair competition claims based on the use of "FRT." (MDL Dkt. 81, at 9; MDL Dkt. 81-2.) Those claims turn on the same questions in every action: whether RBTM holds valid rights in the FRT Marks, and whether selling competing products as "FRT" is likely to confuse buyers. If the claims cannot proceed here, Plaintiffs must bring them in a new action, likely in another district, and a second court would decide the same ownership, validity, and confusion questions that this Court will decide in the other member actions. Preventing inconsistent pretrial rulings is a central reason the Panel created this MDL. *In re Rare Breed Triggers Pat. Litig.*, 829 F. Supp. 3d 1370, 1372 (J.P.M.L. 2026). Nor do the trademark claims fall outside a patent MDL: Section 1407 transfers "civil actions," not individual claims, and it is the Panel that "may separate any claim" from a transferred action. 28 U.S.C. § 1407(a).

**B. The Court Should Allow Plaintiffs to Name Ulrick as a Defendant**

Plaintiffs sued the person behind the "s3igu2" and "Seagoo Threetwo" aliases as a John Doe defendant, and AS Designs has since identified him as Ulrick. (Prop. Fourth Am. Cmplt. ¶ 7.) Naming him changes no patent, product, or theory of the case. It substitutes a name for a placeholder. Ulrick's joinder also meets Rule 20(a)(2): the claims against him arise from the same

design, manufacture, testing, promotion, and sale of the Accused Products as the claims against AS Designs, Karlovic, and Olson, and every common question that applies to them—what the Accused Products do, what AS Designs sold, and what Defendants knew—applies to him. The alternative is a separate suit against Ulrick, which would repeat the same infringement, knowledge, and damages issues before another court.

### C. The Court Should Grant Leave Under Rule 15(a)(2)

Even without consent, leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). None of the reasons that can justify denying leave is present here.

***No undue delay.*** Plaintiffs bring this motion before the deadline the Court set for adding parties. (MDL Dkt. 84, at 1.) And delay alone does not justify denying leave: "[t]he delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). The timing here is also explained. The assignment of the FRT registrations to RBTM was executed on May 26, 2026, the same day Plaintiffs moved to add the '403 patent in this action, and it was recorded on June 11. (MDL Dkt. 81-1.) Four of the registrations issued between March 24 and April 28, 2026, and the last, FRT-15C3, issued on July 28, 2026, while the Third Amended Complaint was awaiting a ruling. (Prop. Fourth Am. Cmplt. ¶ 73.) Plaintiffs asked to add the same trademark claims in other member actions beginning on May 27, 2026, and they have pursued them since, including in their reconsideration motion. (MDL Dkt. 63, at 3; MDL Dkt. 92.)

***No bad faith.*** Plaintiffs seek to resolve in one action the claims that arise from the same products and the same conduct—not to delay or to gain a tactical advantage. Naming the Doe defendant is the step the Doe designation always anticipated, and Plaintiffs seek the trademark

claims here for the same reason they seek them in the other member actions: so that the same questions are decided once.

***No undue prejudice.*** The amendments rest on the same sales of the same Accused Products already at issue. The patents and products are unchanged, and the Court has already confirmed that Plaintiffs may "continue to identify and accuse products from Defendants." (Dkt. 113, at 4.) The trademark claims arise from AS Designs' own website and social-media statements, and Ulrick's role arises from the design, testing, and promotion of the same Accused Products that AS Designs must already produce documents about. AS Designs, Karlovic, and Olson answered the First Amended Complaint (Dkt. 17) and can respond to the Fourth Amended Complaint in the ordinary course; Ulrick has not yet appeared and will have the same opportunity. The case remains at an early stage: fact discovery does not close until July 9, 2027, and the claim construction hearing is set for May 24, 2027. (MDL Dkt. 84, at 2–3.) Any incremental discovery burden is minimal and manageable.

### D. The Proposed Amendments Are Not Futile

Defendants may dispute the allegations of the proposed pleading, but a merits dispute is not futility. The test is whether the proposed claims are plausible as pleaded. *Stripling*, 234 F.3d at 873; *Twombly*, 550 U.S. at 570. They are.

#### 1. The proposed pleading plausibly alleges that Ulrick is liable for infringement.

*The claim.* The proposed pleading asserts that Ulrick personally takes part in AS Designs' infringing acts and induces infringement by AS Designs and its customers. (Prop. Fourth Am. Cmplt. ¶¶ 49–50, 59–64.) Inducement under 35 U.S.C. § 271(b) requires a direct infringement, the inducer's knowledge of the patent and that the induced acts infringe it, and an intent that the infringement occur. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015); *Global-Tech*

*Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). A complaint states the claim when it pleads facts from which the Court can plausibly infer those elements. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018); *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017).

*Direct infringement.* The first element is met because the Third Amended Complaint pleads, and the Court allowed, direct infringement by AS Designs of each Asserted Patent through its making, selling, and offering for sale of the Accused Products, and by AS Designs' customers who install and use them. (Dkt. 39; Prop. Fourth Am. Cmplt. ¶¶ 51–57, 84–117.) Ulrick's role is pleaded in addition to that existing theory, not in place of it.

*Active steps and intent.* The proposed pleading does not rest on Ulrick's title. It alleges what he did. He designed the ARHK and the MP5 parts that have no use other than to install and use a Super Safety or ARC-Fire (¶ 60); he built, test-fired, and publicly reported on ARC-Fire family products from first-hand use (¶ 61); AS Designs sought and obtained "his approval" for the MP5 Slip Trip V5, and he overrode AS Designs' own customer service in public to tell buyers the ARHK works with any lower (¶ 62); and he tells customers how to install and use ARC-Fire family products and steers them from Rare Breed to AS Designs (¶ 64). Those allegations describe an individual who designs the infringing product, tells buyers how to use it, and works to sell it, which is precisely the "active" assistance that supports inducement. *See Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1578–79 (Fed. Cir. 1986) (corporate officer who actively assisted his company's infringement was personally liable for inducement). And because Ulrick's liability rests on his own acts, it does not depend on piercing any corporate veil or on how he is formally affiliated with AS Designs. *See Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010) (officers who "actively assist" in the company's

infringement are liable under § 271(b) without veil piercing). The proposed pleading says so expressly: whatever Ulrick's relationship with AS Designs is, "Ulrick acts both for AS Designs and in his own name." (¶ 59.)

*Knowledge.* The knowledge element is pleaded two ways. First, Ulrick has known of this action and the accused products since no later than January 1, 2026, when he told a Reddit thread that Rare Breed was "alot more upeset about arc-fire and my mp5 stuff"; he also learned of the August 9, 2025, demand letter, which accused the AR MP5-K Lower he is alleged to have designed; and by February 2026 he knew Rare Breed held MP5-platform patents. (¶¶ 65, 68–69.) The post-filing knowledge alone supports inducement for the conduct that continued after it. Second, and in the alternative, the proposed pleading alleges willful blindness: that Ulrick believed there was a high probability that Rare Breed's patents covered the Accused Products and deliberately avoided confirming it. (¶ 59.) That is the two-part showing the Supreme Court requires. *Global-Tech*, 563 U.S. at 769 (defendant must subjectively believe there is a high probability that a fact exists and take deliberate actions to avoid learning it). The allegations are specific, and several quote Ulrick's own public statements.

**2. The proposed pleading plausibly alleges trademark infringement, false designation of origin, and unfair competition.**

The trademark claims are also plausibly pleaded: the proposed pleading alleges RBTM's ownership of valid federal registrations and common-law rights in the FRT Marks, Rare Breed's exclusive licensee status, AS Designs' unauthorized use of "FRT" as a source identifier in U.S. commerce for competing firearm trigger products, and a likelihood of consumer confusion as to origin, sponsorship, or affiliation. (Prop. Fourth. Am. Cmplt. ¶¶ 75–85, 121–48.) Defendants may dispute these allegations, but a merits dispute is not a reason to deny leave.

## CONCLUSION

This motion comes before the Court's deadline to add parties, and the amendment it seeks keeps every claim about the Accused Products, and every person alleged to stand behind them, in one action. The Court should grant leave to file the proposed Fourth Amended Complaint, join RBTM LLC as a Plaintiff, allow Plaintiffs to name Christopher Ulrick as a Defendant, and grant any other relief the Court deems just and proper.

DATED: November 19, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
Bret T. Winterle
Texas Bar No. 24084249
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
winterle@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff (DC Bar No. 1025635)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Oliver J. Richards
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130
E-mail: ojr@fr.com
Tel: (858) 678-5070
Fax: (858) 678-5099

Glenn D. Bellamy (admitted *pro hac vice*)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

***Attorneys for Plaintiffs***
***ABC IP, LLC, Rare Breed Triggers, Inc., and RBTM LLC***

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), counsel for Plaintiffs, James Mullen, conferred with counsel for Defendants AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson, John Skeriotis, telephonically on November 17, 2026. The parties discussed their respective positions on the motion, but discussions ended at an impasse. Counsel for Defendants confirmed that they oppose this Motion.

*/s/ Matthew A. Colvin*
Matthew A. Colvin

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 19, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*
Matthew A. Colvin