[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AS DESIGNS, LLC, MATTHEW S. KARLOVIC, CALVIN OLSON and JOHN DOE, an individual using the alias "s3igu2" and/or "Seagoo Threetwo,"<br><br>Defendants. | Civil Action No. 4:26-cv-00370-ALM<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** |

**DECLARATION OF BRIAN LUETTKE IN SUPPORT OF**
**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY**
**INJUNCTION AGAINST THE ARHK**

[redacted]

I, Brian Luettke, declare and state as follows:

## I. Assignment

1. I am over eighteen years of age and am competent to make these statements. I have previously submitted four declarations addressing AS Designs' products in this litigation: (a) my declaration dated April 24, 2026, in support of Plaintiffs' Motion for Preliminary Injunction, Dkt. 29-21 ("Luettke I Decl."), which set forth my qualifications and experience, the materials I reviewed, my understanding of a person of ordinary skill in the art, and my opinions that the accused Super Safety and ARC-Fire products infringe the asserted claims of the '784, '247, '159, and '538 Patents; (b) my declaration dated May 28, 2026, in support of Plaintiffs' Consolidated Motion for Preliminary Injunction, *In re Rare Breed Triggers Patent Litigation*, No. 4:26-md-03176-ALM, Dkt. 8 ("Luettke II Decl."), which, among other things, set forth my opinions that the Super Safety and ARC-Fire infringe the asserted claims of the '403 Patent; (c) my reply declaration dated August 6, 2026, Dkt. 64-1 ("Luettke Reply Decl."), with Exhibits H, I, and J, Dkts. 64-2 to 64-4, which responded to Dr. Batzer's noninfringement positions as to the '784, '247, and '159 Patents; and (d) my declaration dated October 27, 2026, in support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction Against the ARHK, Dkt. 117-1 ("Luettke ARHK Decl."), which compared the ARHK to the ARC-Fire and to each asserted claim. I incorporate each of those declarations, and their exhibits, by reference.

2. I have reviewed Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction Against the ARHK, Dkt. 124, and the Declaration of Dr. Stephen A. Batzer submitted in support of it, Dkt. 124-1 ("Batzer ARHK Decl."), including the claim charts attached to that declaration as Exhibits 3, 4, 5, and 6, which set forth Dr. Batzer's noninfringement positions as to the ARHK for the '784, '247, '159, and '403 Patents, respectively. Dr. Batzer states that his prior declarations also apply to this motion and incorporates them by reference. Batzer

[redacted]

ARHK Decl. ¶ 4. I have therefore also reviewed AS Designs' Opposition to Plaintiffs' Motion for Preliminary Injunction, Dkt. 50, and Dr. Batzer's declaration submitted in support of it, Dkt. 51, including the claim charts attached to that declaration as Exhibits 3, 4, and 5, Dkts. 51-3 to 51-5, which set forth his noninfringement positions as to the Super Safety and the ARC-Fire for the '784, '247, and '159 Patents, respectively; and the opposition to Plaintiffs' Consolidated Motion for Preliminary Injunction filed in *ABC IP, LLC v. Z3 Prods.*, No. 4:26-cv-00367-ALM, Dkt. 71, and Dr. Batzer's declaration submitted in support of it, *id.*, Dkt. 72, including the claim chart attached to that declaration as Exhibit 6, *id.*, Dkt. 72-6, which sets forth his noninfringement positions as to the '403 Patent.

3. Counsel asked me to respond to those noninfringement positions. Attached to this declaration are five claim charts, each of which reproduces the asserted claim limitations, Dr. Batzer's stated position as to each limitation, and my reply. Exhibits A, B, C, and D respond to Dr. Batzer's ARHK charts for the '784, '247, '159, and '403 Patents, respectively. Batzer ARHK Decl. Exs. 3–6. Exhibit E responds to Dr. Batzer's '403 chart in the Z3 case as to the Super Safety and the ARC-Fire. My reply declaration (Luettke Reply Decl.) previously responded to Dr. Batzer's positions as to those products for the '784, '247, and '159 Patents in Exhibits H, I, and J.

4. The opinions expressed in this declaration and in Exhibits A through E are my own. They are based on my physical examination of the Super Safety and ARC-Fire components; my inspection of detailed photographs and video of the ARHK unit described in my ARHK declaration, Luettke ARHK Decl. ¶¶ 8–9; my review of AS Designs' publicly available product documentation and installation instructions; the Asserted Patents, including the Certificate of Correction for the '403 Patent signed August 18, 2026; Dr. Batzer's declarations and the exhibits to them; and

[redacted]

my training and experience with firearm trigger mechanisms. I incorporate Exhibits A through E as though fully set forth in this declaration.

5. Dr. Batzer now agrees that the ARHK is a complete trigger mechanism. He acknowledges that it [redacted], and that it is intended to be installed directly into the lower receiver of a compatible firearm. Batzer ARHK Decl. ¶¶ 24–28. His remaining positions as to the ARHK largely repeat the positions he took as to the ARC-Fire, which I addressed in Exhibits H, I, and J to my reply declaration and in Exhibit E to this declaration, and which I address as to the ARHK in Exhibits A through D. Where Dr. Batzer identifies differences between the ARHK and the ARC-Fire, principally that [redacted] I address those differences in Exhibits A through D. None of them changes my opinion that the ARHK meets every element of the asserted claims.

6. Nothing in Dr. Batzer's declarations has changed the opinions expressed in my prior declarations. It remains my opinion that, when assembled and used as intended and instructed, the Super Safety and the ARC-Fire infringe the asserted claims of the '784, '247, '159, and '403 Patents, and that the ARHK contains every element of the asserted claims of those patents.

7. I reserve the right to supplement, amend, or modify the opinions expressed in this declaration based on additional information, discovery, claim construction proceedings, testing, or analysis that may become available, including but not limited to additional documents, deposition testimony, expert reports, or court rulings.

Under penalty of perjury, I declare that the foregoing statements and facts stated herein are true and correct to the best of my knowledge and belief.

Date: November 8, 2026

Respectfully submitted,

Brian Luettke